James Davis Bennett/Pro Se
Reg#32589-112
FCI Safford
P.O. Box 9000
Safford, AZ 85548

**THE UNITED STATES DISTRICT COURT**
**FOR**
**THE NORTHERN DISTRICT OF CALIFORNIA**

James Davis Bennett,                     )  **CASE 07    5686**
                                         )
        Plaintiff,                       )  **Civil rights Complaint Pursuant**
                                         )  **to Bivens v. Six Unknown Agents-**
vs.                                      )  **403 U.S. 388(1971), 42 USC § 1983,**
                                         )  **Constitutional violations, and**
Peter L. Shaw, Phillip A. Trevino,       )  **28 USC § 1346.**
and DOES 1-100 inclusive,                )
                                         )
        Defendants.                      )
_____)

**JURISDICTION AND INTRODUCTION**

1. The Court's Jurisdiction is invoked under Constitutional

claims pursuant to Bivens, Title 42, United States Codes, Section

1983, and Title 28, United States Codes, Section 1346.

2. The Plaintiff was deprived legal rights under The United

States Constitutional guarantees through the Fifth Amendment's

Due Process clause and the Sixth Amendment's right to be informed

of the Nature and Cause of Accusations presented by an Authorized

Grand Jury and not Government Charged violations of law.

3. The subject of the complaint is the Plaintiff's Appeal of

his Sentence(see Exhibit A-Transcripts & Notice of Appeal) and the

unconstitutional deprivation of Due Process and the concealment

of the charges returned by an authorized Grand Jury at the hands

of Peter L. Shaw, Phillip A. Trevino, and DOE Defendants herein

yet to be determined.

4. After being refused his request for disclosure of jurisdictional

aspects related to the Grand Jury and what charges they ligitmately

returned(see Exhibit A) the Plaintiff appealed, received authorization

to proceed in Pro Se, submitted his opening brief and later had the

opening brief struck on recommendation of Peter L. Shaw. Thereafter

Mr. Shaw proceeds to take over Plaintiff's appeal, issue orders

regarding substantive motions, and appoints indigent counsel all

against Plaintiff's Objections.

### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

5. October 6, 2006, Plaintiff is sentenced on charges that the

Court refuses to identify or to substantiate their origination as

being from the Grand Jury, Government, or the Court. Thereafter the

Plaintiff files a Notice of Appeal the same day(see Exhibit A).

6. October 17, 2006 Ninth Circuit Court of Appeals issues their

Briefing Scheduling Order expressly recognizing and accepting

$-2-$

Plaintiff's Pro Se status and establishing the mandated Due Dates

of each Participant's respective briefs. See Exhibit B-Schedule

Order.

7. While on Appeal the Plaintiff files motions for Bill of

Particulars and Bail which the Ninth Circuit Justices expressly

accept Plaintiff's Pro Se Status and issues the subsequent Rulings

thereon. See Exhibit C-Bail & Bill of Particulars.

8. February 5, 2007 Plaintiff files Opening Brief alerting

the Circuit Justices of the need to examine Appellate Jurisdiction

because the Second Superseding Indictment used by the Government

was not returned by a duly authorized Grand Jury. See Exhibit D-

Appeal Jurisdictional Statement.

9. March 16, 2007 after reading Plaintiff's Jurisdictional

Statement and the Opening Brief and realizing it contained detailed

District Court documented evidence proving the Second Superseding

Indictment was not issued by any Grand Jury; the Government refuses

to file their brief as mandated by the Circuit Court thereby

defaulting. See Exhibit E-Government Default.

10. April 16, 2007 Government Attorney Lawrence A. Kole

-3-

sends a letter to Cathy Catterson Circuit Court Clerk requesting

confirmation that their March 9, 2007 motion requesting Plaintiff

and his brief be removed was to be heard. Thereafter, at a time yet

to be determined, Cathy Catterson presented the motion to Commissioner

Peter L. Shaw.

11. April 27, 2007, acting in a complete absence of jurisdiction

and completely without Constitutional, Congressional, or Judicial

Order; Commissioner Peter L. Shaw takes Jurisdiction over Plaintiff's

Appeal, cures the Government's Default, removes Plaintiff's Pro Se

status, strikes his brief, refuses to file his Objections, appoints

unwanted indigent counsel, removes indigent counsel to replace him

with other indigent counsel and conspires with Circuit Court Clerk

Cathy Catterson to prevent any additional filing regarding Jurisdiction

by Plaintiff.

> **FIRST CAUSE OF ACTION AGAINST PETER L. SHAW, CATHY
> CATTERSON, AND DOES 1-100 FOR VIOLATING PLAINTIFF'S
> FIFTH AMENDMENT RIGHT TO DUE PROCESS AND EQUAL
> PROTECTION OF THE LAW.**

12. The Plaintiff incorporates by reference as though fully

set forth herein and realleges the Jurisdiction and Introduction

-4-

plus paragraphs 5 through 11 above and further alleges that all

allegations herein alleged occured in the processing of Ninth Circuit

Court of Appeals Case Number 06-50580 and affirmatively alleges the

following.

13. There are other Defendants who's identification is at this

time unknown to the Plaintiff and who are sued simply as John DOE

Defendants and Plaintiff will supplement by amendment these yet

to be determined Defendants when their names become known to the

Plaintiff.

14. After the Government read the Plaintiff's Opening Brief

and learned that he revealed that there was never charges brought by

a duly authorized Grand Jury they defaulted by refusing to file

their response brief and instead filed a motion to remove the

Plaintiff from Pro Se participation and to remove his brief from the

record.

15. When the Government's Motion was received by Ninth Circuit

Clerk Cathy Catterson, she; without Constitutional, Congressional,

or Judicial Authority, forwarded it to Ninth Circuit Commissioner

Peter L. Shaw for Disposition.

16. Commissioner Shaw then proceeds to remove Plaintiff from

Pro Se participation, strike his brief, conceal his objections from

the Circuit Justices, mis-characterize and deny his Habeas Corpus

filing, deny his motion for reconsideration, order indigent counsel

removed, and order new indigent counsel. All of Shaw's actions were

against the wishes of the Plaintiff.

17. From the time that the Clerk forwarded the Plaintiff's Appeal

to Commission Shaw for special handling all of Plaintiff's letters

to the court and his attempted filings were refused court filing and

court consideration by the Circuit Justices. This included a Habeas

Corpus attempted filing designed to notify the Circuit Justices that

the charges Plaintiff was tried on were charged by the Government and

never returned by a duly authorized Grand Jury. See Exhibit F-Government

admits uncharged counts.

18. The above allegations outlining the actions of Commissioner

Shaw, Court Clerk Cathy Catterson and or others yet to be determined

deprived the Plaintiff of is right to access to the Court, his

right to have his appeal heard in a timely manner, his right to bring

to the attention of the circuit Justices the lack of a Grand Jury

Indictment, his right to have his motions, objections, and issues

addressed by an Article III Judge duly appointed and confirmed as

required by the Constitution and most importantly the right to

Habeas Corpus relief guaranteed by the Constitution. These deprivations

form the basis of the Plaintiff's violations of Due Process of Law.

> **SECOND CAUSE OF ACTION AGAINST PETER L. SHAW AND PHILLIP A. TREVINO AND DOES 1-100 FOR VIOLATION OF PLAINTIFF'S SIXTH AMENDMENT RIGHT TO BE INFORMED OF THE NATURE AND CAUSE OF ACCUSATIONS AGAINST HIM.**

19. The Plaintiff incorporates by reference as though fully

set forth herein and realleges the Jurisdiction and Introduction

plus paragraphs 5 through 18 above and further alleges that the

actions and behavoirs of Peter L. Shaw, Cathy Catterson, and DOES

1-100 as specified herein were designed to not only keep the

Circuit Justices ignorant to the Nature, Type, and Origin of the

charges which are the subject of the Appeal but were also designed

to deprive the Plaintiff of his right to be informed of the Nature,

Type, and Origin of the Charges. The continuation of concealing the

charges amounts to a Deprivation of the Plaintiff's right to Appeal.

The logic being; it is impossible to Appeal uncertain charges from

undisclosed sources.

-7-

20. In an effort to keep the Plaintiff ignorant to the Nature,
Type, and Origin of the charges on Appeals Commissioner Shaw appointed
indigent attorney Phillip A. Trevino who refuses to inform Plaintiff
of the Nature, Type, and Orgin of the charges, refuses to notify the
Circuit Justices of the total absence of an authorized Grand Jury
Indictment and further refuses to remove himself when requested by
the Plaintiff. In his letter refusing to remove himself from the case
Mr. Trevino demonstrates his alliance to Mr. Shaw by informing the
Plaintiff that his obligation is to the Circuit Court and not the
Plaintiff.

21.   The actions and behavoirs of the Defendants have clearly
caused the Plaintiff substantial danger, physical harm after being
attacked in a prison riot, substantial monetary damage and damage
to relationships with family and friends.

22. In addition, the Plaintiff further alleges that the
Commissioner's position which Mr. Shaw holds is an illegal position
not sanctioned in any manner by any process known to or contemplated
by the Federal Constitution or The United States Congress or Senate.
It is therfore a position who's creation lack authority, credibility,

-8-

and the binding effects afforded Judicial proceedings. Also, the

manner in which Mrs. Catterson and Mr. Shaw uses this unauthorized

authority creates confusion, trama, delays, and immeasurable harm

to anyone unfortunate enough to fall prey to their conspiracy.

Any and all appeals that Mr. Shaw has participated in are forever

tainted and subject to reversal based on a lack of Due Process.

## PRAYER FOR RELIEF

23. The Plaintiff Prays for relief against the Defendants as

follows:

- a. Monetary damages in the amount of One Hundred Twenty Five
  Million Dollars ($125,000,000.00) jointly and severally and

- b. Any Equitable relief consistent with fairness that the
  Plaintiff may request left to his discretion.

Dated this 28th Day of October 2007,

By: _____

James Davis Bennett/#32589-112
FCI Safford
P.O. Box 9000
Safford, AZ 85548

**EXHIBIT A**

1   that you allowed the government to bring in during trial --
2   if that never occurred, I don't think we would have a
3   problem either, but you did.  You allowed 25 counts to come
4   in to this court, 25 counts.  We only started off with 12
5   counts in the Indictment.  Count 11 was dismissed.  That
6   left us with Counts 1 through 10 and Count 12.  I don't know
7   where the 25 counts came from.

8           I also do not know -- Jury Instruction or Court
9   Instruction No. 26, what are the properties and lenders that
10  Court instruction applies to.

11          So if you can answer those questions for me, and I
12  realize that you decline to provide me the verdict form on
13  all the charges.  I would once again request the verdict
14  form just so we know exactly what we are doing here and just
15  so that I know exactly what happened.

16          THE COURT:  Is there anything else?

17          MR. BENNETT:  If you could tell me exactly what
18  the convictions were?  The Court instructions were not --
19  did not match the Indictment, so I am trying to find out if
20  -- I just read your tentative on the sentencing.  I am
21  trying to find out what are the charges you plan to sentence
22  me on?  Is it going to be the indicted charges, or is it
23  going to be the charges that you told -- you gave
24  instructions to the jury on?

25          THE COURT:  Let me advise you that you are

1   entitled to take an appeal of the Court's judgment by filing
2   a Notice of Appeal within ten days from today's date, and if
3   you fail to file a Notice of Appeal within that time, there
4   will be no review of the Court's judgment.

5           Do you have questions about your right to appeal?
6           MR. BENNETT:    I think at this point I need an
7   attorney.   I am requesting assistance of a Court-appointed
8   attorney because you refuse to explain to me on the record
9   what the convictions are and what the violations are.   I
10  don't think I need to leave here without knowing that.

11          If you are going to give me a sentence to prison,
12  I think you have an obligation not only to this court but to
13  this government to tell me before I leave out of here.   The
14  Fifth Amendment demands that you tell me exactly what you
15  plan to sentence me on since you changed the charges from
16  what was indicted.

17          So I don't think it's something that you can tell
18  me that I need to finish and shut up and get moving.   I
19  think you need to do that, Your Honor, and I think that
20  justice demands it.

21          THE COURT:    Do you have any questions about your
22  right of appeal?

23          MR. BENNETT:    I am requesting at this point
24  Court-appointed counsel to complete this sentencing.

25          THE COURT:    Do you have any questions about your

DISTRICT
1  UNITED STATE~~S~~ COURT ~~OF APPEALS FOR THE NINTH CIRCUIT~~    *een*
   CENTRAL DISTRICT OF CALIFORNIA
2
                              ) Case No.: SA CR 03-25 *(B)* AHS
3  James Davis Bennett,       )
                              ) Notice of Appeal of Conviction
4        Appellant,           ) and Sentencing in the above
                              ) Case
5    vs.          Bill Waived

6  United States of America, Fees Pd
                    Frms Gvn
7        Appellee      CAD
                       TDO
8                 Ntc/Dkt Mld
                  FP Frms Gvn
9

10     This is a notice of appeal of the Convictions and the

11  Sentencing in the above case.

12

13

14
                              Dated this 8th day of September,
15                            2006

16                            *James Davis Bennett*
                              SANTA ANA JAIL
17                            BK. NO. 06-00190-B3-
                              22
18                            P.O. BOX 22003
   I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY    SANTA ANA, CA.
   FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
19 (OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF    92701
   RECORD, IN THIS ACTION, ON THIS DATE.
                                              James Davis Bennett,
   OCT 16 2002                                In Pro Se
20 DATED:

21 DEPUTY CLERK

22

23

FILED
CLERK, U.S. DISTRICT COURT

OCT - 6 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

24                    DOCKETED ON CM

25                      OCT 16 2006

                    BY            181    319

   NOTICE OF CONVICITONS & SENTENCING - 1

**EXHIBIT B**

FILED
CLERK, U.S. DISTRICT COURT

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

OCT 18 2006

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPU

| | |
|---|---|
| UNITED STATES OF AMERICA, | U.S. COURT OF APPEALS CASE NUMBER: |
| Plaintiff(s)/Appelle(s) | U.S. DISTRICT COURT CASE NUMBER: |
| | SA CR 03-25-AHS |
| v. | DISTRICT OF:   CENTRAL CALIFORNIA |
| | NOTICE OF APPEAL FILED: 10/06/06 |
| JAMES DAVIS BENNETT, | ☐ CJA OF F.P.                      ☐ PAID APPEAL |
| | ☐ APPOINTED COUNSEL        ☐ FED. PUBLIC DEFENDER |
| | ☐ RETAINED COUNSEL          ☐ ADV. COUNSEL |
| | ☐ ON BAIL                          ☐ IN CUSTODY |
| | ☒ Pro-se |
| Defendant(s)/Appellant | **ORDER FOR TIME SCHEDULE** |

The parties, counsel and court personnel in the processing of this appeal, will comply with the following time schedule:

| | | |
|---|---|---|
| 1. | If not exempt, the docket fee will be transmitted to the Clerk of the District Court: | **IMMEDIATELY** |
| 2. | Date transcript(s) will be ordered from the court reporter:<br>If this case is under CJA, give the date that the order is to be given to the court reporter. | 11/6/06 |
| 3. | The court reporter's transcript(s) will be filed in the District Court:<br>Certificate of Record will be submitted to the Court of Appeals by the Clerk of the District Court immediately upon the filing of the transcript. The Certificate of Record indicates that the complete trial court record, including designated transcripts, is available for use of the parties. | 1/5/07 |
| 4. | Appellant's opening brief and excerpts of record will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: | 2/14/07 |
| 5. | The appellee's brief will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: | 3/16/07 |
| 6. | The appellant's [optional] reply brief will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: | 3/30/07 |

By direction of the Judicial Conference of the United States, this Court must expedite criminal appeals. This time schedule must be adhered to without exception. This appeal will be deemed ready for calendaring on the first available calendar after the appellee's brief is filed.

For the Court:
CATHY A. CATTERSON, Clerk
U.S. Court of Appeals

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL
(OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF
RECORD, IN THIS ACTION, ON THIS DATE.
DATED: _____
DEPUTY CLERK

By: _____  C. REYES

Deputy Clerk,
United States District Court
Central District of California

Circuit Rule 42-1 requires that this appeal may be dismissed if appellant's brief is not timely

OCT 16 2006

**EXHIBIT C**

**F I L E D**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**DEC 1 1 2006**

CATHY A. CATTERSON
CLERK, U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-50580 |
| Plaintiff - Appellee, | D.C. No. CR-03-00025-AHS<br>Central District of California, |
| v. | Santa Ana |
| JAMES DAVIS BENNETT, | ORDER |
| Defendant - Appellant. | |

Before: GOODWIN and McKEOWN, Circuit Judges.

Appellant's motion for bail pending appeal is denied without prejudice to

renewal, if necessary, following presentation of the motion to the district court.

*See* Fed. R. App. P. 9(b); 9th Cir. R. 9-1.2(a).

Appellant's "motion for a bill of particulars" is denied.

Appellant's "motion to take judicial notice" is denied.

The court reporter's motion to file the transcript late is granted. The Clerk

shall file the transcript received on November 21, 2006, and shall notify the court

reporter of appellant's new address and instruct her to send appellant a copy of the

transcript at his new address.

The briefing schedule established previously shall remain in effect.

S:\MOATT\Panelord\12.06\pe\06-50580.wpd

**EXHIBIT** D

## JURISDICTIONAL STATEMENTS

Jurisdiction executed by the UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION IN SANTA ANA was predicated on TITLE 18, Sections 1343, 1344, 2(b) and 225 of the UNITED STATES Criminal Codes which are Wire Fraud, Bank Fraud, Causing an Act  to Be Done and Continuing Financial Crimes Enterprise Respectively. The District Court has Jurisdiction over all offenses against the laws of the UNITED STATES pursuant to 18 U.S.C. 3231.

The Final Judgment against Appellant was entered October 6, 2006. Excerpt A. The Notice of Appeal of that Judgment was timely filed on October 6, 2006. Excerpt A. This is an appeal as of right pursuant to Federal Rules of Appellate Procedures, Rule 4 (b). Jurisdiction of the UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT is pursuant to 28 U.S.C. 1291.

This Appeal is from a final Judgment that disposes of all parties Claims.

Although Jurisdiction may have been predicated as indicated above The Government has failed to produce a legitimate signed indictment by a duly sworn Foreperson. This in addition to the other misrepresentations by the Government which are presented herein makes the Jurisdictional statements appearing above questionable. In addition The Government used an un-licensed Assistant Attorney to present their case to both the Grand Jury and the Petit Jury thus raising ethnical Concerns.

v

COPY

FILED
CLERK, U.S. DISTRICT COURT

SEP - 7 2005

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2004 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. SA CR 03-25(B)-AHS |
| Plaintiff, | ) S E C O N D |
| | ) S U P E R S E D I N G |
| v. | ) I N D I C T M E N T |
| JAMES DAVIS BENNETT, | ) [18 U.S.C. § 1343: Wire Fraud; |
| | ) 18 U.S.C. § 1344: Bank Fraud; |
| Defendant. | ) 18 U.S.C. § 225: Continuing |
| | ) Financial Crimes Enterprise; 18 |
| | ) U.S.C. § 2(b): Aiding and |
| | ) Abetting] |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. §§ 1343 and 2(b)]

INTRODUCTION

At all times relevant to this indictment:

1.    Defendant JAMES DAVIS BENNETT ("BENNETT") was the owner of West Belle Realty, a company in the business of representing buyers and sellers in real estate transactions, West Belle Mortgage, a company in the business of originating mortgage loans

//

//

BAS:bas
BAS

1  for real estate transactions, and West Belle Mortgage Escrow, a
2  company in the business of providing escrow services for real
3  estate transactions (collectively "West Belle").

4      2.    Steven Brian Rogers ("Rogers") was a realtor and loan
5  agent at West Belle.

6      3.    Donna M. Simon ("Simon") was a loan agent at Long Beach
7  City Mortgage, a company in the business of originating mortgage
8  loans for real estate transactions.

9      4.    Benny Ibarra ("Ibarra") and Ricardo Omar Garcia
10  ("Garcia") were employees of West Belle.

11  THE FRAUDULENT SCHEME

12      5.    Beginning on a date unknown and continuing through in
13  or about January 2002, in Los Angeles and Orange Counties, within
14  the Central District of California, and elsewhere, Defendant
15  BENNETT, Rogers, Simon, Ibarra, Garcia and others knowingly
16  devised, participated in, and executed a scheme to defraud
17  mortgage lenders and to obtain money and property by means of
18  materially false and fraudulent pretenses, representations and
19  promises.

20      6.    In carrying out this scheme, Defendant BENNETT, Rogers,
21  Simon, Ibarra, Garcia and others engaged in and caused others to
22  engage in the following fraudulent and deceptive acts, practices
23  and devices, among others:

24          a.    Defendant BENNETT, Rogers, Simon, Ibarra, and
25  other co-schemers would identify residential real estate (the
26  "properties") for sale.

27  //

28                                  2

1          b.    Defendant BENNETT, Rogers, Simon, Ibarra, and
2   other co-schemers would recruit relatives and associates (the
3   "intermediaries") to enter into escrows to purchase the
4   properties at or near fair market value.

5          c.    Defendant BENNETT, Rogers, Simon, Ibarra, and
6   other co-schemers would recruit other relatives and associates
7   (the "straw buyers") to enter into other escrows to purchase the
8   properties from the intermediaries at inflated prices.

9          d.    To obtain mortgage loans for the straw buyers,
10  Defendant BENNETT, Rogers, Simon, Ibarra, and Garcia prepared and
11  caused others to prepare fraudulent loan packages concealing the
12  double escrows and falsely representing that the straw buyers
13  were purchasing the properties directly from the original sellers
14  at the inflated prices and that the straw buyers were
15  creditworthy.  To support these fraudulent loan packages,
16  Defendant BENNETT, Rogers, Simon, Ibarra, and Garcia prepared and
17  caused others to prepare false and fabricated documentation,
18  including false settlement statements, grant deeds, title
19  reports, down payment checks, pay stubs, W-2 statements, and bank
20  statements.

21         e.    Defendant BENNETT, Rogers, Simon, Ibarra, and
22  other co-schemers submitted and caused others to submit these
23  fraudulent loan packages to mortgage lenders in Orange and Los
24  Angeles Counties.

25     7.    Based on the fraudulent acts, practices and devices,
26  the mortgage lenders funded the loans.  At the close of escrow,
27  Defendant BENNETT, Rogers, Simon, Ibarra, Garcia and other co-

28                                3

1 | schemers received fees, commissions and profits.

2 | 8. Within months of the resale of the residential
3 | properties, the straw buyers typically defaulted on the loan
4 | payments, leaving mortgage lenders with losses in excess of
5 | $1,000,000.

6 | THE WIRINGS

7 | 9. On or about the dates set forth below, in the Central
8 | District of California and elsewhere, for the purpose of
9 | executing the above-described scheme to defraud and attempting to
10 | do so, Defendant BENNETT, Rogers, Simon, Ibarra, Garcia, and
11 | others caused to be transmitted in interstate commerce by wire
12 | communications the following wire transfers from mortgage
13 | lenders' accounts outside California to title insurance company
14 | and escrow accounts in California.

| Count | Date | Funds Wired |
|-------|------|-------------|
| One | 7/27/99 | The CIT Group's $270,000 mortgage loan for the purchase of 2612 Griffith Avenue, Los Angeles, California |
| Two | 10/14/99 | Mortgage Portfolio Services' $233,750 mortgage loan for the purchase of 760 East 43rd Place, Los Angeles, California |
| Three | 3/1/00 | Greenpoint Mortgage Funding, Inc.'s $225,250 mortgage loan for the purchase of 615 West Imperial Highway, Los Angeles, California |
| Four | 2/27/01 | Laguna Capital Mortgage Corporation's $248,000 mortgage loan for the purchase of 860 Cerritos Avenue, Long Beach, California |

4

COUNTS FIVE THROUGH ELEVEN

[18 U.S.C. §§ 1344 and 2(b)]

10.  The Grand Jury hereby incorporates by reference and realleges each and every allegation of paragraphs one through eight of this indictment.

11.  Flagstar Bank, Equicredit Corporation, and First Union Mortgage Corporation were financial institutions and wholly owned subsidiaries of financial institutions the deposits of which were insured by the Federal Deposit Insurance Corporation.

12.  On or about the dates set forth below, within the Central District of California, Defendant BENNETT, Rogers, Simon, Garcia, and others, for the purpose of executing the above-described scheme to defraud the following financial institutions and to obtain monies and funds owned by and in the custody and control of these financial institutions by means of materially false and fraudulent pretenses, representations and promises, caused these financial institutions to disburse loan proceeds in the amounts listed below for the purchase of the properties listed below:

| Count | Date | Financial Institution, Loan Amount, Property |
|---|---|---|
| Five | 8/6/99 | Flagstar Bank's $256,000 mortgage loan for the purchase of 245 West 56th Street, Los Angeles, California |
| Six | 8/16/99 | Flagstar Bank's $252,000 mortgage loan for the purchase of 1412 West 94th Place, Los Angeles, California |

5

1   Seven      9/17/99    Flagstar Bank's $247,500 mortgage loan for
2                         the purchase of 768 East 43rd Place, Los
3                         Angeles, California
4   Eight      11/22/00   Equicredit Corporation's $200,000 mortgage
5                         loan for the purchase of 1495 Alamitos
6                         Avenue, Long Beach, California
7   Nine       11/28/00   Equicredit Corporation's $232,000 mortgage
8                         loan for the purchase of 1105 Ohio Avenue,
9                         Long Beach, California
10  Ten        3/2/01     Equicredit Corporation's $248,000 mortgage
11                        loan for the purchase of 1304-1306 Junipero
12                        Avenue, Long Beach, California
13  Eleven     1/8/02     First Union Mortgage Corporation's $227,500
14                        mortgage loan for the purchase of 1052 North
15                        Loma Vista Drive, Long Beach, California
16
17
18
19
20
21
22
23
24
25
26
27
28                                        6

COUNT TWELVE

[18 U.S.C. § 225]

13.   The Grand Jury hereby incorporates by reference and realleges each and every allegation of paragraphs one through twelve of this indictment.

14.   Beginning on a date unknown and continuing through in or about January 2002, in Los Angeles and Orange Counties, within the Central District of California, Defendant BENNETT knowingly conducted a continuing financial crimes enterprise, in that Defendant BENNETT committed a series of violations under Title 18, United States Code, Sections 1341, 1343, and 1344, which violations were undertaken by Defendant BENNETT, in concert with at least three other persons whom Defendant BENNETT organized, managed, and supervised, and from which continuing series of violations Defendant BENNETT received in excess of $5,000,000 in gross receipts from on or about April 2, 1999, and ending on or about March 2, 2001.

A TRUE BILL

_____
Foreperson

DEBRA W. YANG
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

KENNETH B. JULIAN
Assistant United States Attorney
Acting Chief, Santa Ana Branch Office

7

**EXHIBIT E**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

**MAR 3 0 2007**

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

March 30, 2007

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 06-50580 |
| Plaintiff - Appellee, | D.C. No. CR-03-00025-AHS |
| v. | |
| JAMES DAVIS BENNETT, | **DEFAULT NOTICE** |
| Defendant - Appellant. | |

Court records do not reflect receipt of the answering brief or a letter stating that no brief will be filed. Within 14 days from the date of this notice, appellee shall submit the brief and a motion for relief from default or inform the court in writing that no answering brief will be filed. In the absence of a timely response to this order, the case will be calendared on the basis of the opening brief alone and appellee will be barred from participating in any scheduled oral argument. Fed. R. App. P. 31(c); 9th Cir. R. 31-2.3.

FOR THE COURT:

Cathy A. Catterson
Clerk of Court

*Gail Nelson-Ho*

By: Gail Nelson-Hom
Deputy Clerk

**EXHIBIT F**

k

TRANSCRIPTS

DATE 12/15/05 UNLICENSED TUSA SAGEL SPEAKS TO "TRIAL"53

US ATTY
BRETT A. SAGEL

JUDGE STOIE

```
 1   THEM IN A SIMPLISTIC FORM AS MAIL FRAUD.
 2          WITH REGARDS TO THE OTHER -- WITH REGARDS TO ALL
     25 PROPERTIES OR THE 15 THAT ARE NOT CHARGED, MORE OR LESS,
 4   THE GOVERNMENT WILL BASICALLY BE RELYING ON MAIL FRAUD.  I
 5   DON'T THINK IT'S EITHER LEGALLY REQUIRED OF THE GOVERNMENT
 6   OR THERE IS ANY BASIS TO TELL THE GOVERNMENT OR TO TELL THE
 7   JURY HOW TO CONFINE THE GOVERNMENT.  THE GOVERNMENT CHARGED
 8   THIS -- THE GRAND JURY CHARGED THIS CASE AFTER HEARING THE
 9   EVIDENCE, UNDER ONE OF THREE, BANK FRAUD, WIRE FRAUD, OR
10   MAIL FRAUD, OR THE LATTER TWO AFFECTING A FINANCIAL
11   INSTITUTION.  I DON'T KNOW ANY BASIS IN WHICH DEFENDANT
12   COULD LIMIT WHAT THE GOVERNMENT COULD ARGUE IF THE FACTS
13   PRESENTED, FOR EXAMPLE, TWO OF THE UNCHARGED COUNTS ARE
14   FUNDED BY EQUICREDIT.  I DON'T SEE -- IF WE WANTED TO, WE
15   ARE GETTING TO THE SAME PLACE, WHETHER WE USE MAIL FRAUD
16   AFFECTING A FINANCIAL INSTITUTION.  WE WOULD HAVE TO USE THE
17   SAME EVIDENCE FROM THE BANK FRAUD STATUTES OF EQUICREDIT,
18   BASICALLY, THAT IT'S FDIC CHARTERED OR A WHOLLY OWNED
19   SUBSIDIARY.  BUT I'M NOT SURE THAT THERE IS ANY BASIS IN
20   WHICH THE GOVERNMENT CAN BE CONFINED TO ONLY ONE OUT OF
21   THREE THEORIES WHEN THEY ARE ALL CHARGED IN THE INDICTMENT
22   AND THERE IS EVIDENCE TO SUPPORT ANY ONE OF THOSE THREE.
23          THE COURT:  THE DEFENDANT IS GOING BY WHAT COUNSEL
24   SAID AND THAT'S THE SAME THING I HEARD GOVERNMENT COUNSEL TO
25   SAY, WHICH WAS SUPPOSEDLY THAT WAS THE SIMPLE APPROACH TO
```