**PHILLIP A. TREVIÑO** [SBN 121119]
Ptrevino@pacbell.net
137 N. Larchmont Blvd., #801
Los Angeles, California 90004

Telephone (213) 949-8000
Facsimile: (978) 383-7775

Defendant In Pro Se

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **JAMES DAVID BENNETT,** | ) | CV 07-5686-CRB |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **MOTION TO DISMISS; MEMORANDUM** |
| **PETER L. SHAW,** | ) | **OF POINTS AND AUTHORITIES;** |
| **PHILLIP A. TREVINO,** | ) | **EXHIBITS** |
| **and DOES 1-100, Inclusive** | ) | |
| | ) | |
| **Defendants.** | ) | Hearing Date: None requested |
| _____ | ) | |

   Phillip A. Treviño, Attorney-at-Law and a defendant herein, hereby respectfully moves this Honorable Court for an order dismissing the complaint under the screening provisions of 28 U.S.C. § 1915A, as well as under Fed. R. Civ. P. 12 (b) (2), and (6) for lack of jurisdiction and failure to state a claim upon which relief can be granted.  In support of this motion, the Court is respectfully referred to the accompanying memorandum of points and authorities.

                              Respectfully submitted,


DATED: December 31, 2007        _____
                                Phillip A. Treviño

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

Defendant Phillip A. Treviño hereby respectfully moves this Honorable Court for an order dismissing Plaintiff's complaint under the screening provisions of 28 U.S.C. § 1915A as well as under Fed. R. Civ. P. 12 (b)(2) and (6) for lack of jurisdiction and failure to state a claim upon which relief can be granted.

**I.
STATEMENT OF FACTS**

<u>The underlying criminal prosecution</u>

The background to this lawsuit is the federal criminal conviction Plaintiff sustained in the United States District Court for the Central District of California (Southern Division) and his subsequent incarceration. <u>United States v. Bennett</u>, CR 03-25-AHS (C.D. Cal.). Plaintiff is presently in federal custody executing the one hundred and twenty-one (121) months in prison that Chief District Judge Alicemarie Stotler imposed on him. (Exhibit A is the district court docket from Plaintiff's underlying criminal judgment.)[1]  His direct appeal from that conviction is pending before the Ninth Circuit.

In the criminal matter Plaintiff (there Defendant) Bennett stood trial and was convicted of multiple counts of bank and wire fraud in violation of 18 U.S.C. §§ 1343, 1344, 2(b).   Plaintiff-

---

[1] As with all exhibits appended hereto, the exhibit is a judicial record and the Court is respectfully asked to take judicial notice of its contents pursuant to Rule 201 of the Federal Rules of Evidence and related authorities.  In ruling on a motion to dismiss this Court may properly take judicial notice of and consider facts on the public record. <u>United States v. Richie</u>, 342 F.3d 903 (9th Cir. 2003); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668 (9th Cir. 2001) (records of another court are a proper subject for judicial notice.)

1  Defendant filed a notice of appeal, and as noted that direct appeal
2  from the criminal judgment is currently pending before the Ninth
3  Circuit.  Defendant herein is Plaintiff's attorney of record in
4  that matter by appointment of the Ninth Circuit.

The pending appellate proceedings in the Ninth Circuit[2]

Plaintiff-Defendant, <u>inter alia</u>, alleges that his perceived[3] right to proceed pro se on his direct appeal was violated when co-Defendant herein, Peter L. Shaw, Appellate Commissioner for the U.S. Court of Appeals for the Ninth Circuit, issued a report and recommendation wherein Commissioner Shaw recommended the Circuit deny Plaintiff-Defendant's request to proceed pro se in his appeal. Commissioner Shaw's recommendation was subsequently adopted by order of a two-judge panel of the Ninth Circuit.  This order has left Plaintiff unhappy and litigious and, when all is said, it is both the genesis and the crux of Plaintiff's discontent here.

Circuit records disclose that pursuant to the court's General Order 6.3(e) Appellate Commissioner Shaw was requested to evaluate

---

[2] The undersigned counsel is currently Plaintiff's appellate counsel by appointment of the Ninth Circuit.  Counsel had no knowledge of or familiarity with Plaintiff-Defendant Bennett or his matter until counsel was appointed by the Ninth Circuit to represent Plaintiff-Defendant Bennett on or about September 7, 2007.  The factual statements made herein which almost all concern events that predate counsel's involvement in this matter are based on review of the circuit and related proceedings.

[3] While federal district courts grapple with <u>Faretta v. California</u>, 422 U.S. 806 (1975), appellate courts - at both the federal and state levels - are governed by <u>Martinez v. Court of Appeal</u>, 528 U.S. 152 (2000), in which the Supreme Court distinguished <u>Faretta</u> and found there is no constitutional right to self-representation in appellate proceedings.

Page 3

whether Plaintiff was judicially authorized to proceed pro se before the Circuit.[4] On April 27, 2007, Commissioner Shaw filed a Report and Recommendation addressing the question. (Exhibit B) In that Report Commissioner Shaw found and recommended that it was appropriate for the Ninth Circuit to exercise the discretion accorded to it under <u>Martinez v. Court of Appeal</u>, 528 U.S. 152 (2000), and to deny Plaintiff-Defendant's request for self-representation on appeal. Commissioner Shaw wrote:

> During the district court proceedings, Bennett filed at least two pro se interlocutory appeals that were dismissed by this court for lack of jurisdiction, five pro se petitions for writs of mandamus that were denied by this court, and one pro se petition for a writ of certiorari that was denied by the U.S. Supreme Court. Bennett also submitted a number of unwarranted or unsuccessful pro se letters and motions to the district court, including repetitive motions for discovery and release on bail.
>    During this appeal, Bennett has submitted two pro se motions for bail that were denied because they had not been presented to the district court in the first instance, another pro se motion for bail that was denied on its merits, and unsuccessful motions for a bill of particulars and judicial notice. Bennett also presented

---

[4] Plaintiff avers that he was granted leave to proceed in pro se. He is mistaken. There was no judicial ruling ever conferring that status upon him. At best, due to clerical oversight within the Ninth Circuit, his attempt to invoke the status was simply overlooked. His contrary <u>ipse dixit</u> does not change this. Moreover, as shown herein, a contrary finding of fact is set forth in Commissioner Shaw's Report and Recommendation, which is now res judicata not properly addressed by any lower court. That finding has renewed vigor with the Ninth Circuit's order of December 24, 2007, attached as Exhibit J hereto. There the Ninth Circuit, by Judges Reinhardt and W. Fletcher, denied Plaintiff's request to have Commissioner Shaw removed from further participation in this matter and ordered his various pro se submissions denied in toto. The Court further ordered the Clerk of the Court not to receive or file any further submissions from Defendant-Plaintiff Bennett if he attempted to submit them in pro se. In sum, by this order coupled with the additional order discussed below, four Article Three Circuit judges have now all confirmed Plaintiff-Defendant Bennett does not enjoy pro se status before the Circuit.

> a pro se opening brief.  Bennett never formally requested leave of this court to represent himself on appeal and the court never addressed the issue on its own motion.  Before filing its answering brief, the government appropriately requested that the court determine whether Bennett's self-representation should be permitted.

(Exhibit B)

After recitals that demonstrate Commissioner Shaw's detailed review of and clear familiarity with Plaintiff-Defendant Bennett's extensive and ongoing conduct before the federal courts, Commissioner Shaw concluded as follows:

> It is evident that the court - and Bennett - - would benefit from having experienced appointed counsel review the lengthy trial record and identify and brief the issues on appeal.
>     Moreover, Bennett's repetitive filing of appeals and motions lacking in jurisdiction, service of his opening brief on the United States Supreme Court, failure to request leave of court to represent himself, and submission of a reply brief when the government had not yet submitted an answering brief, reveal that Bennett lacks sufficient familiarity with appellate procedure and that his self-representation could burden the court's judicial and administrative resources.
>     For the foregoing reasons, a significant risk is present that Bennett's self-representation would undermine the integrity of the outcome of the appeal.  This is not an appropriate case in which to exercise the court's discretion to allow self-representation.  See Martinez, 528 U.S. at 162-63.  In this case, the court's interest in the fair and efficient administration of justice outweighs appellant's interest in self-representation.  Id.

(Exhibit B)

On June 8, 2007, the Ninth Circuit, by a two-judge panel consisting of Leavy and T.J. Nelson, JJ., issued an order that adopted Commissioner Shaw's Report and Recommendation and exercised the court's discretion under Martinez to deny Plaintiff-Defendant Bennett self-representation on appeal. (Exhibit C)

The appointment of appellate counsel

Pursuant to that two-judge order of June 8, 2007, Sean Kennedy, the Federal Public Defender for the Central District of California, located and appointed attorney James Crawford to act as counsel to represent Plaintiff-Defendant in his appeal. Plaintiff-Defendant thereupon initiated a civil lawsuit in the District of Columbia in which he named as defendants his recently appointed counsel Crawford, as well as Federal Public Defender Sean Kennedy, the State Bar of California, the United States of America, and Does 1 through 35. (Exhibit I)

Counsel Crawford immediately perceived a conflict of interest and moved the Ninth Circuit for an order relieving him as counsel.[5]

---

[5] Without making any judgment concerning predecessor counsel Crawford's decision to withdraw, the undersigned notes that courts faced with defendants who assault or otherwise attack appointed counsel in an effort to thwart the judicial proceedings at hand are not without recourse to protect the integrity of the proceedings without counsel necessarily having to withdraw. Counsel have a professional and ethical duty themselves not to create a conflict with their clients, but abusive defendants who take it upon themselves to deliberately create conflicts with their counsel present a different situation. This most frequently arises in the trial court context, in which courts face defendants determined to delay or thwart the proceedings "[J]udges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case." Illinois v. Allen, 397 U.S. 337, 343 (1970). In summarizing the issue, Justice Brennan observed, "The Constitution would protect none of us if it prevented the courts from acting to preserve the very processes that the Constitution itself prescribes." Illinois v. Allen, 397 U.S. 337, at 350 (1970). Thus a client who repeatedly creates the appearance of a conflict in order to secure new counsel (and thereby thwarts or threatens to thwart the course of the proceedings underway) suffers only self-inflicted harm which courts have found he may properly be required to bear. See e.g., Taylor v. United States, 414 U.S. 17 (1973), Mathews v. Eldridge, 424 U.S. 319 (1976), United States v. Goldberg, 67 F.3d 1092 (3d Cir. 1995), United States v. McLeod, 53 F.3d 322 (11th Cir. 1995), United States v. Leggett, 162 F.3d 237 (3d Cir. 1998), Gilchrist v. O'Keefe, 260 F.3d 87 (2d Cir. 2001).

The Ninth Circuit granted Crawford's motion and relieved him. The Circuit then requested the Office of the Federal Public Defender again locate appellate counsel for Plaintiff-Defendant. The undersigned counsel was thereupon appointed and to date remains counsel of record to Plaintiff-Defendant before the Ninth Circuit.[6]

## II.
## ANCILLARY PROCEEDINGS

A listing of all of the actions Plaintiff has initiated is beyond the scope of the present motion. However, certain of the civil actions Plaintiff has initiated pro se relative to his criminal conviction do seem pertinent here. They are the following.

In <u>Bennett v. Stotler</u>, CV 06-897, Plaintiff sued Chief Judge Alicemarie H. Stotler, AUSA Brett Sagel, now Superior Court Judge David Hoffer, Special Agent with the Federal Bureau of Investigations Michael Rawlins, U.S. Representative James Sensenbrenner, and Attorney General Alberto Gonzalez. This lawsuit was filed in the U.S. District Court for the Central District of California. The matter was subsequently dismissed by that court "pursuant to an untitled document from Plaintiff, the gist of which is that Plaintiff seeks to withdraw his previously submitted complaint." (Exhibit D)

In <u>Bennett v. Parker</u>, CV 07-2302-JSL, another matter in the

---

[6]   To the extent the complaint avers Plaintiff's desire for a change in counsel, his remedy lies not before this Honorable Court. The request must be addressed to the Ninth Circuit which is the court that ordered the appointment of counsel. Plaintiff has not, and cannot, allege that he has not been informed concerning this available potential remedy and the steps he should take to seek it.

1  U.S. District Court for the Central District of California,
2  Plaintiff has sued official court reporter Deborah Parker in a
3  <u>Bivens</u> action.  (Exhibit E)
4      In <u>Bennett v. Stotler, et al.</u>, Civ. No. 06-1635 (JDB), aff'd
5  2007 WL 964624 (C.A.D.C.), Plaintiff again named as defendants
6  Chief Judge Alicemarie H. Stotler of the Central District of
7  California, AUSA Brett Sagel, Superior Court Judge David Hoffer,
8  Special Agent with the Federal Bureau of Investigations Michael
9  Rawlins, U.S. Representative James Sensenbrenner, and Attorney
10 General Alberto Gonzalez and this time Does 1 through 10. (Exhibit
11 F)  The district court immediately dismissed the action with
12 prejudice.  (Exhibit G)  The Court of Appeals for the District of
13 Columbia affirmed the district court.  (Exhibit H)
14     In <u>Bennett v. Crawford</u>, CV 07-1321-CKK, briefly noted above,
15 Plaintiff sued not only his first court-appointed appellate
16 counsel, he also named as defendants Federal Public Defender Sean
17 Kennedy, the State Bar of California, the United States of America,
18 and Does 1 through 35.  (Exhibit I)

**III.
THE RELEVANT LAW**

23    Defendant moves this Court for an order dismissing this matter
24 on two grounds: (1) there is no personal jurisdiction over the
25 undersigned, and (2) Plaintiff has failed to state a claim against
26 Defendant and Plaintiff cannot state a claim against Defendant.
27     As a threshold matter, Defendant respectfully draws to the

Court's attention that the Prison Litigation Reform Act calls upon this Court to dismiss this matter forthwith.  This Act and its application herein is addressed first.

The Prison Litigation Reform Act of 1995 (PLRA) directs all district courts to screen all civil cases brought by prisoners. 28 U.S.C. § 1915A.[7] See also McGore v. Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997).  If a complaint fails to pass muster under 28 U.S.C. § 1915A, the "district court should sua sponte dismiss the complaint." Id. at 612.

It appears the clerk of this Court may have failed to screen this matter simply because Plaintiff paid the filing fee at the time he presented his complaint.  However, the provisions of § 1915A apply to prisoner complaints regardless of their fee status.  Rowe v. Shake, 196 F.3d 778, 781 (7th Cir. 1999); Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (section 1915A's screening procedure applies to all civil complaints filed by prisoners, regardless of payment of filing fee); McGore v.

---

[7] 28 U.S.C. § 1915A provides in relevant part:
(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   (2) seeks monetary relief from a defendant who is immune from such relief.
(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Wrigglesworth, 114 F.3d 601, 608 (6th Cir. 1997)(same).

In applying 28 U.S.C. § 1915A a district court must sua sponte dismiss a complaint in a civil action where a prisoner seeks redress and the case is frivolous, malicious, or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A. McLittle v. O'Brien, 974 F.Supp. 635, 636 (E.D. Mich. 1997). The screening provisions of the PLRA are applicable to Bivens actions brought by federal inmates. See e.g., Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000); see also Diaz v. Van Norman, 351 F.Supp.2d 679, 680-81 (E.D. Mich. 2005).

Dismissal is appropriate here because the case is frivolous and fails to state a claim. Public defenders and other attorneys appointed to represent defendants in federal proceedings are not federal officials for purposes of Bivens or under 42 U.S.C. § 1983.[8] Under both Supreme Court and Circuit precedent, it has long been clear that an attorney is not transformed into a federal official for purposes of a Bivens action merely because he is appointed by a federal court to represent a federal appellant pursuant to federal law. Polk County v. Dodson, 454 U.S. 312, 319-28 (1981) (holding that appointed counsel are not state actors for purposes of

---

[8] An action under Bivens is identical to an action under 42 U.S.C. § 1983, except that the former is maintained against federal officials while the latter is brought against state officials. See Carlson v. Green, 446 U.S. 14, 24-25, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980). (Since there are no allegations whatsoever of state conduct, Plaintiff's inclusion of an action under § 1983 is at most an enigma.) A court-appointed attorney is not liable for alleged deprivations of constitutional rights under 42 U.S.C. § 1983 as well for the same reason: counsel does not act under color of law. See Polk County v. Dodson, 454 U.S. 312, 319-28 (1981)(holding that public defenders are not state actors for purposes of § 1983).

§ 1983); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (applying same analysis to both Bivens and § 1983 actions).

Action under color of law is a jurisdictional requisite to both a Bivens claim and an action under § 1983. Polk County and Ninth Circuit case law clearly compel the conclusion that Plaintiff's complaint suffers from a fatal jurisdictional defect which requires dismissal. Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982).

Even if the undersigned Defendant were considered a federal official, Plaintiff cannot maintain a Bivens civil rights action where the resolution of the claims could imply the invalidity of his federal conviction, until and unless he first seeks and obtains relief from his conviction under 28 U.S.C. § 2255. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). In Heck the Supreme Court held that an individual seeking damages for an allegedly unconstitutional conviction under 42 U.S.C. § 1983 must first show that his conviction has been invalidated or otherwise set aside. Although Heck addressed an action brought under 42 U.S.C. § 1983, the Court's rationale did not rest on any consideration unique to section 1983, and Bivens is "the federal law analogous to § 1983." Vennes v. An Unknown Number of Unidentified Agents, 26 F.3d 1448, 1452 (8th Cir. 1994), cert. denied, 115 S.Ct. 721 (1995). See also Martin v. Sias, 88 F.3d 774, 774 (9th Cir. 1996) (collecting cases applying Heck to Bivens actions). Plaintiff has not shown that his conviction has been set aside, and accordingly Heck mandates dismissal of this action.

In addition, the complaint is frivolous since there is no

federal constitutional right to proceed pro se on direct appeal. Martinez v. Court of Appeal, 528 U.S. 152, 159, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000); United States v. Gamboa, 439 F.3d 796, 818 (8th Cir. 2006); United States v. Gillis, 773 F.2d 549, 560 (4th Cir. 1985); United States v. Morris, 204 F.3d 776, 779 (7th Cir. 2000); McMeans v. Brigano, 228 F.3d 674, 684 (6th Cir. 2000). Plaintiff's perceived right to represent himself on appeal could not have been violated because under controlling U.S. Supreme Court precedent he has no such right.

A suit may be dismissed as frivolous when the plaintiff fails to present any claim with an arguable or rational basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir. 1990). The standard for sua sponte dismissal under § 1915A for a failure to state a claim is the same as the standard under Rule 12(b)(6). Dismissal of the case against the undersigned counsel is appropriate pursuant both to this Court's screening obligation under § 1915A and the authority of Rule 12(b)(6).[9]

---

[9] To the extent that Plaintiff challenges the validity of his criminal conviction, he may not pursue such a remedy in this District. The proper respondent in a habeas action is Plaintiff's warden. Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." Stokes v. United States Parole Comm'n, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Plaintiff, according to the complaint, is currently incarcerated in the Federal Correctional Institution in Safford, Arizona, and can only obtain such relief in a habeas corpus petition brought in the district where his immediate custodian is located. Bourke v. Hawk-Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001), citing, Razzoli v. Federal Bureau of Prisons, 230 F.3d 371 and Chatman-Bey v. Thornburgh, 864 F.2d at 808-10.

## **Conclusion**

For each and all of the above reasons, Plaintiff's complaint in this matter should be dismissed.

                                      Respectfully submitted,

Dated: December 31, 2007           _____
                                          Phillip A. Treviño

**PROOF OF SERVICE**

I, the undersigned, declare that I am a citizen of the United States; that my business address is 137 N. Larchmont Blvd., #801, Los Angeles, California 90004; that I am over the age of eighteen years; that I am not a party to the above-entitled action; that I am a member of the Bar of this Court, and that on today's date, I placed in a stamped addressed envelope bearing proper first-class postage:

JAMES DAVIS BENNETT
Reg. No. 32589-112
FCI Safford
P.O. BOX 9000
SAFFORD, AZ 85548

a full and correct copy of the following pleading:

MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBITS

This certificate of service is executed under penalty of perjury under the laws of California this date.

Dated: December 31, 2007    _____
                             Phillip A. Treviño

*J:\APPEALS\Bennett\Civil.07-5686\07 LA_Case\Dismiss.Mtn.PT.wpd*