

FILED

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| UNITED STATES OF AMERICA, | No. 06-50580 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-25-AHS |
| v. | Central California |
| | (Santa Ana) |
| JAMES DAVIS BENNETT, | |
| | REPORT AND |
| Defendant - Appellant. | RECOMMENDATION |

Before: Peter L. Shaw, Appellate Commissioner

I
Background

Appellant James Davis Bennett was convicted after a sixteen-day jury trial of four counts of wire fraud and six counts of bank fraud in connection with his participation in a real estate investment and mortgage loan enterprise. Bennett was sentenced to 121 months in prison and ordered to pay restitution in the amount of $751,050. In the district court, Bennett was represented by appointed counsel through trial. The district court then relieved appointed counsel and permitted Bennett to represent himself for sentencing and filing of the notice of appeal. During the district court proceedings, Bennett filed at least two pro se interlocutory appeals that were dismissed by this court for lack of jurisdiction, five

No. 06-50580

pro se petitions for writs of mandamus that were denied by this court, and one pro se petition for a writ of certiorari that was denied by the United States Supreme Court. Bennett also submitted a number of unwarranted or unsuccessful pro se letters and motions to the district court, including repetitive motions for discovery and release on bail.

During this appeal, Bennett has submitted two pro se motions for bail that were denied because they had not been presented to the district court in the first instance, another pro se motion for bail that was denied on its merits, and unsuccessful motions for a bill of particulars and judicial notice. Bennett also submitted a pro se opening brief. Bennett never formally requested leave of this court to represent himself on appeal and the court never addressed the issue on its own motion. Before filing its answering brief, the government appropriately requested that the court determine whether Bennett's self-representation should be permitted. In response, Bennett submitted a pro se reply brief, although no answering brief had been filed.

The government's request for a determination regarding Bennett's self-representation was referred to the Appellate Commissioner, pursuant to Ninth Circuit General Order 6.3(e), which authorizes the Appellate Commissioner to

No. 06-50580

confirm that appellant's intention to proceed pro se and waiver of his right to counsel are knowing, intelligent, and unequivocal. *See Hendricks v. Zenon*, 993 F.2d 664, 669 (9th Cir. 1993).

## II
## Analysis

Although the district court granted appellant's request to represent himself for sentencing and filing of the notice of appeal, the court of appeals makes an independent determination whether an appellant in a criminal appeal will be permitted to represent himself on appeal. *See* 9th Cir. R. 4-1(d). There is no constitutional right to self-representation in a criminal appeal, but the court may, in its discretion, allow self-representation in appropriate cases. *See Martinez v. Court of Appeal*, 528 U.S. 152, 163 (2000). The court may permit a defendant to proceed pro se if: (1) the defendant's request to proceed pro se and the waiver of the right to counsel are knowing, intelligent, and unequivocal; (2) the defendant is apprised of the dangers and disadvantages of self-representation on appeal; and (3) self-representation would not undermine a just and orderly resolution of the appeal. *See* 9th Cir. R. 4-1(d).

In determining whether a defendant should be permitted to proceed pro se, the court considers: (1) whether the issues on appeal are so complex that a lay

No. 06-50580

person would require substantial assistance of counsel to aid the court in deciding the case; (2) whether appellant's self-representation would unduly burden the court or other parties; and (3) whether self-representation would undermine the integrity of the outcome. *See Martinez*, 528 U.S. at 162-63.

A review of submissions by Bennett to the district court and to this court, in particular his pro se opening brief, shows that the court would benefit from having counsel present this issues in this criminal appeal, especially the significant sentence imposed. For example, Bennett writes in the pro se opening brief:

> Welcome to STOTLER-KING (Burger King); the fast food of criminal justice processing where Justice is Injustice. Todays [sic] Briefing Menu includes:
> - SEARCH WARRANTS where the affiant can select from the following - 1) The true lender or any other investor purchasing loans whichever satisfies his jurisdictional hurdles, 2) Statements from a multitude of imaginary former employees of the Defendant or a Brother-in-law who's statements can be modified to satisfy your non-existant [sic] Probable Cause needs.
> - INDICTMENTS where undefined generic counts can be modified with Courts Instructions from which the Jury may select from the following to Convict in each count- 1) Bank Fraud, 2) Mail Fraud, 3) Wire Fraud, 4) Mail Fraud Affecting A Financial Institution, or 5) Wire Fraud Affecting A Financial Institution.
> - PANEL ATTORNIES [sic] where the Court can select an Attorney who will ignore the following Constitutional Violations perpetrated by the Judge and Prosecutor- 1) Fifth Amendment Grand Jury Right, 2) Fifth Amendment Due Process and Equal Protection Right, 3) Sixth Amendment Unanimous Verdict Right,

No. 06-50580

> 4) Sixth Amendment Right to be informed of the Nature and Cause of Charges and Sixth Amendment Right to Counsel.
> All of the above Menu items are processed with the Highest Degree of Ethical Professionalism where the Main Basic Ingrediant [sic] is Fraud!
> FRAUD-"Deceit Trickery; Specif: Intentional perversion of truth in order to induce another to part with something of value or surrender a legal right [Constitutionally Guaranteed Rights?]." Websters [sic] Collegiate Dictionary 10th Edition.
> Society typically associates Fraud, Shams, and Scams with Criminals and Criminal behavior. Society does not typically associate Fraud as being a part of the Judicial, Prosecutorial, or Investigatorial [sic] functions.

It is evident that the court -- and Bennett -- would benefit from having experienced appointed counsel review the lengthy trial record and identify and brief the issues on appeal.

Moreover, Bennett's repetitive filing of appeals and motions lacking in jurisdiction, service of his opening brief on the United States Supreme Court, failure to request leave of court to represent himself, and submission of a reply brief when the government had not yet submitted an answering brief, reveal that Bennett lacks sufficient familiarity with appellate procedure and that his self-representation could burden the court's judicial and administrative resources.

For the foregoing reasons, a significant risk is present that Bennett's self-representation would undermine the integrity of the outcome of the appeal. This is

5

No. 06-50580

not an appropriate case in which to exercise the court's discretion to allow self-representation. *See Martinez*, 528 U.S. at 162-63. In this case, the court's interest in the fair and efficient administration of justice outweighs appellant's interest in self-representation. *Id.*

### III
### Recommendation

The court should deny permission to Bennett to represent himself and should appoint new counsel to represent Bennett on appeal. The court should ask the Clerk to strike Bennett's pro se opening brief filed February 5, 2007 and Bennett's pro se reply brief received March 28, 2007. The court should set a new briefing schedule for Bennett's appeal.

*[signature]*
Gen. Order 6.3(e)