FILED
SEP 2 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES DAVIS BENNETT, PRO SE
SANTA ANA JAIL/BK. NO. 06-00190
P.O. BOX 22003
SANTA ANA, CA  92701

UNITED STATES DICTRICT COURT FOR THE DICTRICT OF COLUMBIA

JAMES DAVIS BENNETT,          ) CASE No. _____
                              )
        Plaintiff,            ) Civil Rights Complaint against
                              ) Government officials in their
   vs.                        ) individual capacities Pursuant
                              ) to Biven v. Six Unknown Agents
ALICEMARIE STOTLER, BRETT A.  ) 403 U.S. 388(1971)
SAGEL, DAVID HOFFER, MICHAEL  )
RAWLINS, JAMES SENEBRENNER AND) CASE NUMBER   1:06CV01635
ALBERTO GONZALEZ and Does 1-10)
        Defendants            ) JUDGE: John D. Bates
                              )
                              ) DECK TYPE: Pro se General Civil
                              )                  2/
                              ) DATE STAMP: 09/█/2006

**JURISDICTIONAL ISSUES RELATIVE TO PERSONAL LIABILTIY OF ALL**

**DEFENDANT ACTS DONE IN "CLEAR ABSENCE OF ALL JURISDICTION" AND**

**FORBIDDEN BY THE CONSTITUTION. IF WE ALLOW JUDGES AND**

**PROSECUTORS TO AMEND THE CONSTITUTION TO FIT THEIR PERSONAL**

**DESIRES IT WILL NO LONGER BE THE UNITED STATES CONSTITUTION BUT**

**IT WILL THEN BECOME THE DISTRICT COURT'S CONSTITUTION**


    "No person shall be held to answer for a capital, or
otherwise infamous crime unless on a presentment or indictment
of a Grand Jury", The Fifth Amendment of the United States
Constitution.
    " No person shall be......deprived of life, liberty , or
property without due process of law….", The Fifth Amendment of
The United States Constitution.

1  "…..An offense(other than criminal contempt) must be
2  prosecuted by an indictment if it is punishable: B) by
3  imprisonment for more than one year", Rule 7(a)(1) Federal Rules
4  of Criminal Procedure for the United States District Courts.
5     "Arraignment shall be conducted in open court and shall
6  consist of reading the indictment or information to the
7  defendant or stating to the defendant the substance of the
8  charge and calling on the defendant to plead thereto. The
9  defendant shall be given a copy of the indictment or information
10 before being called upon to plead", Rule 10 Federal Rules of
11 Criminal Procedures for the United States District Courts.
12    After the evidence presented to the jury did not support
13 convictions on the charges returned by a duly sworn Grand Jury
14 within the indictment as returned therein, Chief District Judge
15 Alicemarie Stotler and or others changed the indicted charges
16 through issuing court instructions #1, 2, 5, 7, 24, and 26, see
17 exhibit I-indictment and court instruction.
18    The indictment charged 12 counts. Count 11 was dismissed by
19 the prosecution during trial with prejudice. In Court
20 instruction # 1 chief judge Stotler begins to change the Grand
21 Jury charges by stating to the jury; "it is your duty to find
22 the facts from all the evidence in the case. To those facts you
23 will **apply the law as I give it to you. You must follow the law**
24 **as I give it to you whether you agree with it or not."** The judge
25 goes on to suggest to the jury that the defendant has pleaded
26 not guilty to the charges within the indictment **only and not the**
27 **charges she is about to instruct** by stating in court instruction
28 #2; "The Defendant has pleaded not guilty to the charges

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS - 2

contained in the *indictment.*" She does not mention that the defendant was unaware of the charges changed by the judge and or others and was not given an opportunity to enter a plea to them.

The violations as alleged by the Grand Jury in counts 1-4 are wire fraud ***and causing an act to be done***. The violations as alleged by the Grand Jury in counts 5-10 are bank fraud ***and causing an act to be done***. The violations returned by the Grand Jury in counts 1-4 were changed by judge Stotler and or others with her instructions# 5 and 24 to wire fraud ***or aiding and abetting wire fraud***. The violations returned by the Grand Jury in counts 5-10 were changed by judge Stotler and or others with her instructions # 7 and 24 to bank fraud ***or aiding and abetting bank fraud***.

The violation as alleged by the Grand Jury in count 12 was a Continuing Financial Crimes Enterprise violation. Paragraph 14 of the indictment identifies "….a series of violations under title 18, United States Code, Sections 1341, 1343, and 1344…" as the financial crimes enterprise without reference to the specific crimes within the series. The section 1341 and 1343 violations returned by the Grand Jury in paragraph 14 of the indictment were changed to section 1341 "***affecting a financial institution***" and section 1343 "***affecting a financial institution***" by judge Stotler and or others in her instruction #26. In an effort to satisfy the various requirements related to gross receipts and affecting financial institutions, judge Stotler and or others further changed the indictment by allowing ***15 new counts*** not seen or returned by the Grand Jury thus supplementing the 10 counts she and or others had already

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS - 3

1  changed through court instructions # 5, 7, 24 and 26. In an
2  effort to make the conviction she and or others alleged sections
3  1341 and 1343; both alleging to have affected financial
4  institutions, and section 1344 against all 25 counts; 10 of
5  which were the changed Grand Jury counts 1-10 mentioned above.
6       The Grand Jury "came to be regarded as an the institution
7  by which the subject was rendered secured against oppression
8  from unfounded prosecution....", Ex Parte Bain, 7S.ct 781.
9       "Purpose of requirement that a man be indicted by Grand
10 Jury is to limit his jeopardy to offenses charged by a group of
11 his fellow citizens acting independently of either prosecuting
12 attorney or judge", Stirone v U.S., 80 S.ct 270.
13      The indictment "being the findings of a jury upon oath, the
14 court cannot amend without the concurrence of the Grand Jury by
15 whom the Bill is founded", Ex Parte Bain 7 S.ct 781.
16      The "court cannot permit a defendant to be tried on charges
17 that are not made in the indictment against him", Stirone v.
18 U.S., 80 S.ct 270.
19      "After the indictment has been returned and criminal
20 proceedings are underway the indictment's charge may not be
21 broaden by amendment either literal or constructive, except by
22 the Grand Jury itself", U.S. v Adamson 291 F.3d 606.
23      "After indictment has been returned its charges may not be
24 broadened through amendment whether it be by physical
25 alteration, jury instructions or bill of particulars, except by
26 the Grand Jury", U.S. v Pazsint, 703 F.2d 420.
27      Ex Parte Bain held " that after the indictment was changed
28 it was no longer the indictment of the Grand Jury who presented

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS - 4

it. Any other *doctrine* would place the rights of the citizen which were intended to be protected by the Constitution provision at the *mercy or control of the court or the prosecuting attorney*; for if it be **once held** that charges can be made by **consent or order of the court** in the body of the indictment as presented by the Grand Jury, and the prisoner can be called upon to answer to the indictment as thus changed, the **restriction which the constitution places upon the power of the court** in regard to the prerequisite of an indictment in reality no longer exists. It is of no avail, under such circumstances to say the court still has *jurisdiction* of the person and of the crime.....".

While judges enjoy absolute immunity from liability in damages for their judicial or adjudicatory acts, judges are not absolutely immune from liability and damages for administrative, legislative, or executive functions that judges may occasionally be assigned...., Forrester v White 108 S.ct 538, held state court judge did not have absolute immunity from damages suit under section 1983 for his decision to demote and dismiss probation officer. Judge Stotler and or others were acting in a legislative capacity in a "clear absence of such Jurisdiction" when they modified the Fifth Amendment for the purpose of making charges against the Plaintiff.

Generally, judges are immune from suit for judicial acts within or in excess of their *jurisdiction* even if those acts have been done maliciously or corruptly; the only exception to the sweeping cloak of immunity being for acts done in the "

Clear Absence of all *Jurisdiction*", Gregory v Thompson 500 F. 2d 59.

In Gregory the justice of the peace was performing an act that was done in the "clear absence of all jurisdiction" when he evicted an elderly man from his courtroom and assaulted him in the process. The ninth circuit court of appeals held "…..that the justice had no absolute immunity from liability but could claim qualified immunity..." if it was found he acted in good faith, Gregory v Thompson 5000 F.2d 59.

Federal official enjoys immunity only in those instances where he was acting within the outer perimeter of official duties and was performing discretionary, as opposed to ministerial acts, Ophelia Green v. William H. James, 473 F.2d 600.

Federal official "acting under color of federal authority" are personally liable for acts that violated the constitution, Webster Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 91 S.ct 1999.

Chief United States District judge Alicemarie Stotler, Assistant United States Attorney Brett A. Sagel changed, to suit their individual and personal requirements, the charges in Plaintiff's indictment which was returned by a duly sworn Grand Jury thereby performing acts that are specifically forbidden by the constitution, statutes, and common laws of the United States. They did so knowingly and not only in a "clear absence of all *jurisdiction*" conferred upon them by the nature of the official offices that they hold but also knowing that their

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS - 6

1  actions were forbidden by the very constitution they swore to
2  uphold when taking office.
3     In addition, Alberto Gonzalez the attorney General of the
4  United States and James Senebrenner U.S. House Judiciary
5  Committee Chairman was personally involved by providing personal
6  oversight to the individuals through their formulation of
7  policies, review of performances, providing performance
8  incentives, setting training and qualification standards,
9  engaging in periodic on sight audits and did permit to continue
10 the policy or practice pursuant to which the violations occurred
11 and or acted recklessly in managing these subordinates who are
12 directly responsible for the deprivation of Plaintiff's
13 constitutional rights.

                              **INTRODUCTION**

15    A "shadow Judiciary" is an illegal system of jurisprudence
16 consisting of an "Illegal crime conviction ring" hiding behind a
17 legitimate system of jurisprudence and undectable by the lay
18 person because of the subtle unlawful tactics being deployed
19 therein. " An illegal crime conviction ring" is a group of
20 vigilantes consisting of an unscrupulous judge, errant
21 prosecutor, a mischievous investigator, and a court appointed
22 panel attorney willing to surrender his morals and the rights of
23 the defendant in hopes of more assignments from the unscrupulous
24 judge. We have all of these elements being deployed in the court
25 room of Chief United States District Federal Judge Alicemarie
26 Stotler. If you are unfortunate enough to be a member of a
27 minority (Black) group and happen to find yourself looking for
28 justice within the venue just mentioned do not be surprised if,

as indicted by the allegations below, you find instead a tall tree with a short rope hanging therefrom awaiting your arrival.

### GENERAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

1. March 21, 2002 Michael Rawlins, Special Agent with the Federal Bureau of Investigation, obtains the following statement from Gregory Bales; a cooperating witness, in response to his inquiry regarding three loan files which were the subject of his investigation; "Bennett keeps his business records(eg. Loan Files, Appraisal, etc.) at his office in Anaheim Hills and at his home in Yorba Linda…", see exhibit A-Bales 302 page 3 last paragraph.

2. Knowing that he needed probable cause to search the two locations mentioned in the above paragraph and also knowing he had no such probable cause or justification to obtain a search warrant, agent Rawlins committed perjury in his sworn affidavit for search warrant by swearing to the following; " Bales further advised that the business record related to the fraudulent appraisals and the corresponding property flips are stored at Bennett's West Belle office ….. and at his personal residence…..", see exhibit B- Affidavit page 9 last three sentences.

3. Knowing that it was not enough to have lied to create the façade of probable cause agent Rawlins knew he needed to establish Federal *Jurisdiction* in order to receive the warrant. He then commits perjury again in his sworn affidavit by representing in paragraphs a-1, b-1, and c-1 on pages 4, 6 and 7 respectively that Flagstar Bank was the lender on the three

properties he was investigating stating; " On April 5, 2002 I called Flagstar Bank and was informed that the deposits of Flagstar are insured by the Federal Deposit Insurance Corporation, see exhibit B-Affidavit page 10 paragraph 9.

4. Agent Rawlins knew Flagstar Bank was not the lender but instead it was another non-Federally insured institution as demonstrated by the Deeds of Trusts and the signed "Payment Letter to Borrower" he had in his possession, see exhibit c- Deeds of Trust and payment letters.

5. After obtaining the search warrant through perjury designed to created probable cause and perjury designed to create federal *jurisdiction*, on April 9, 2002 agent Rawlins and or others executed the illegal search of the plaintiff's home and office and illegally seized all documents at both locations in violation of Plaintiff's fourth amendment right to privacy and right to be secure in his person and effects.

6. In or about January 2003 agent Rawlins and assistant United States Attorney David Hoffer used the illegally obtained documents from the search of plaintff's home and office to subornated perjury from Bernardo Fernandez against the plaintiff. They fraudulently charged him with bank fraud against two lenders which they had no federal *jurisdiction* and then cohearsted him to take a plea agreement for leniency in exchange for his false testimony against the plaintiff. The plea agreement charged bank fraud against Flagstar and Indymac Bank. These were not the lenders. The true lenders were Long Beach City Mortgage and investments and Y.E.S. Capital Inc. as

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS - 9

indicated on the deeds of trust, see exhibit D-plea agreement & Deeds of Trust.

7. On January 29, 2003 plaintiff was falsely arrested as a result of the fraudulent activities of special agent Michael Rawlins and assistant United States Attorney David Hoffer and or others.

8. As a result of the false arrest indicted above, in or about February 2004 judge Alicemarie Stotler selected and placed in charge of Plaintiff's defense a panel attorney to which plaintiff neither requested nor wanted.

9. On August 13, 2004 panel attorney filed motion to suppress the documents obtained from the illegal search of plaintiff's home and office.

10. On December 6, 2004 judge Alicemarie Stotler denied the motion to suppress.

11. On December 18, 2004 Plaintiff attempted to get panel attorney to appeal based on prosecutorial and investigatory fraud and misconduct, he refused.

12. On December 20, 2004 plaintiff filed notice of appeal on his own behalf and judge Alicemarie Stotler located the notice and prevented it from being filed, see exhibiti e-intercepted appeal.

13. On April 28, 2005 and August 10, 2005 panel attorney filed motion for basic defense tools; cost for copies and investigator.

14. On April 28 and August 10, 2005 Judge Alicemarie Stotler denied the request leaving the plaintiff with an

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS - 10

1  attorney he did not request and further frustrating the
2  situation by refusing to pay him for basic defense tools.
3      15. On October 27, 2005 plaintiff motioned judge Stotler to
4  allow plaintiff to either represent himself or be allowed to
5  hire effective counsel at plaintiff's expense. She refused but
6  was generous enough to allow plaintiff to bring in counsel to
7  watch panel attorney but forced panel attorney to conduct
8  plaintiff's trial against plaintiff's requests.
9      16. On November 8, 2005 trial started with new assistant
10 United States attorney Brett A. Sagel, who was unlicensed, see
11 exhibit F-License of Brett A. Sagel, and who started his opening
12 arguments by showing the jury a handwritten loan application and
13 telling the jury that plaintiff filled it out and sent it to a
14 lender.
15     17. Knowing the above was untrue plaintiff motions to bring
16 in a handwriting expert to examine the document. Chief Judge
17 Alicemarie Stotler denies.
18     18. During trial chief judge Alicemarie Stotler, and the
19 unlicensed Assistant United States Attorney and or others
20 changed the Grand Jury Indictment by **_adding 15 additional counts_**
21 used to increase the probability of **_convictions_**, see exhibit G-
22 25 counts.
23     19. During trial chief judge Alicemarie Stotler and or
24 others changed indicted counts 1-10 and 12 with court
25 instruction 1, 2, 5, 7, 24 and 26.
26     20. After the Prosecution rested panel attorney filed
27 motion for acquittal under federal rules of criminal procedure
28 rule 29. Judge Stotler denied it.

21. January 10, 2006 the jury returned convictions on the **charges changed by judge Stotler**, US attorney Brett A. Sagel and or others. Plaintiff was then illegally seized and taken into federal custody in violation of his fourth amendment right to be secure in his person from unreasonable seizure. Plaintiff was charged and tried on **charges issued by judge Stotler**, he was never given the opportunity to be arraigned or prepared a defense on those charges.

22. On March 14, 2006 Plaintiff moved the court to remove panel attorney and to supplement panel attorney's motion for acquittal. Now that judge Stotler had the illegal convictions she allowed plaintiff to represent himself.

23. In an effort to cover up all the changes she made to the charges especially the **15 additional counts** she allowed to be charged during trial judge Stotler grants acquittal on count 12 the Continuing Financial Crimes Enterprise charge but refused to address plaintiff's filing regarding her changing the Grand Jury indictment with court instructions to the jury.

24. Plaintiff made several motions for bill of particulars requesting the court enumerated what it had done by changing the charges but judge Stotler continues to obstruct justice by denying the motions, see exhibit H-bill of particulars.

**FIRST CAUSE OF ACTION AGAINST ALICEMARIE STOTLER AND BRETT A. SAGEL FOR VIOLATION OF PLAINTIFF'S FIFTH AMENDEMT RIGHT GUARANTEEING TRIAL ONLY ON CHARGES ISSUED BY A DULY SWORN GRAND JURY**

25. The plaintiff incorporates by reference as though fully set forth herein the "Jurisdictional Issues", the "Introduction and realleges paragraphs 1-24 and further alleges that from November 2005 thru August 2006 Chief District Judge Alicemarie Stotler and assistant United States attorney Brett A. Sagel while acting unconstitutionally in the name of the United States and under the color of authority of the office of Chief United States District judge of the Central District of the State of California located within the county of orange and assistant United States Attorney did pretend to but actually were not within the outer boundaries of their official authority clearly absent of all <u>jurisdiction</u> and did deprive James Davis Bennett, plaintiff of his Fifth amendment right to be charge, arraigned, and tried only on an indictment issued by a duly sworn Grand Jury by changing the charges within the indictment thru commands to the jury and then commanding the jury in court instruction number 24 lines 19-21 that government was not required to prove plaintiff's guilt of the charges they changed stating " The government is not required to prove whether defendant actually committed the crime or aided and abetted in its commission." Plaintiff further alleges that the actions of Stotler, Sagel and or others caused him loss of freedom, loss of income, shame and embarrassment, loss of business opportunities and contracts as well as personal relationships with family members.

**SECOND CAUSE OF ACTION AGAINST ALICEMARIE STOTLER AND BRETT A. SAGEL FOR VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE**

**PROCESS AND EQUAL PROTECTION OF THE LAW AND FOURTH AMENDMENT RIGHT TO BE SECURE IN HIS PERSON FROM UNREASONABLE SEIZURE**

26. The Plaintiff incorporates by reference as though fully set fourth herein and realleges paragraph 25 of this complaint and further alleges that between January 2003 thru August 2006 that defendants Stotler and Sagel while acting unconstitutionally in the name of the United States and under the color of authority of their respective official duties but actually acting outside the outer boundaries of those official duties clearly absent of all *jurisdiction* did deprive plaintiff his Fifth Amendment right to Due process and equal protection of law and his fourth amendment right to be secure in his person from unreasonable seizure when on January 10, 2006 they illegally ordered and commanded the United States Marshalls to take plaintiff into custody absent of all *jurisdiction* and based on convictions engineered with the violations of law indicated in paragraph 25.

**THIRD CAUSE OF ACTIONS AGAINST ALICEMARIE STOTLER, BRETT A. SAGEL AND MICHAEL RAWLINS FOR VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHT TO BE SECURE IN HIS HOME AND OFFICE AGAINST UNREASONABLE SEARCHES AND SEIZURES**

27. The Plaintiff incorporates by reference as though fully set fourth herein the introduction and realleges paragraphs 1-24 and further alleges that defendants Alicemarie Stotle, Brett A. Sagel, and Michael Rawlins while acting unconstitutionally in the name of the United States and under the color of authority of their respective offices with Michael Rawlins acting as a special agent with the United States Federal

Bureau of Investigations did pretend to but was not actually abiding within the outer boundaries of their official authority clearly absent all *jurisdiction* did deprive plaintiff of his constitutionally guaranteed right to be secured in his home and office from unreasonable searches and seizures when on or about April 9, 2002 Michael Rawlins searched and seized documents and other items from plaintiff's home and office using a search warrant clearly absent all *jurisdiction* and probable cause. Said search warrant was secured by perjury committed by special agent Rawlins by falsifying *jurisdiction* as well as falsifying probable cause. After the illegal evidence was obtained assistant US Attornes Brett A. Sagel and David Hoffer secured indictments against plaintiff and judge Alicemarie Stotler allowed the evidence to be used during trial knowing full well the illegal activities used to obtain it.

**FORTH CAUSE OF ACTION AGAINST ALICEMARIE STOTLER FOR VIOLATION OF PLAINTIFF'S SIXTH AMENDMENT RIGHT TO COUNSEL**

28. The plaintiff incorporates by reference as though full set forth herein the introduction and realleges paragraphs 1-24 and further alleges that defendant Alicemarie Stotler while acting unconstitutionally in the name of the United States and under the color of authority of her office did pretend to but was not actually abiding within the outer boundaries of her official authority clearly absent all *jurisdiction* did deprive the plaintiff of his constitutionally guaranteed right to counsel when on or about February 2004 she appointed panel attorney against the wishes of the plaintiff then constructively denying plaintiff counsel by refusing to pay panel attorney for

needed services and further denied plaintiff counsel in an additional violation of plaintiff's sixth amendment right to counsel by refusing to allow plaintiff to hire counsel or represent himself thereby leaving plaintiff with essentially no counsel because defendant Stotler chosen counsel was not able to effectively move forward without the payments denied by defendant Stotler.

**FIFTH CAUSE OF ACTION AGAINST JAMES SENEBRENNER, ALBERTO GONZALEZ FOR VIOLATING PLAINTIFF'S FIFTH, FOURTH AND SIXTH AMENDMENT RIGHTS AS OUTLINDED IN THE FIRST, SECOND, THIRD AND FOURTH CAUSES OF ACTION**

29. The plaintiff incorporates by reference as though fully set forth herein the jurisdictional issues, the introduction and realleges the first, second, third and fourth causes of actions and further alleges that James Senebrenner the head of the United States House Judiciary Committee and Alberto Gonzalez the United States Attorney General created and or permitted to continue the policies and or the practices pursuant to which the violations mentioned above occurred or acted recklessly in managing their subordinates who caused the unlawful activities that has caused the plaintiff's damages.

**PRAYER FOR RELIEF**

30. The plaintiff prays for relief against the following defendants as specified below:

a. James Senebrenner-Head of the House judiciary committee:
   (i) the initiation of investigative proceedings against chief judge Alicemarie Stotler for possible filing of

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS - 16

1  impeachment resolution for high crimes and misdemeanors and
2  proof of same and
3          b. Albert Gonzalez-United States Attorney General
4            (i) initiate investigation of Chief judge Alicemarie
5  Stotler, David Hoffer, Brett A. Sagel and Michael Rawlins for
6  the constitutional violations mentioned herein, for obstruction
7  of justice, perjury, subornation of perjury and other crimes
8  against minorities and others.
9            (ii) Assist the plaintiff in obtaining an injuction
10 designed to prevent Chief Judge Alicemarie Stotler's continued
11 unconstitutional detention of the plaintiff and prevent her from
12 using her secret Shadow Judiciary against others the plaintiff
13 has documented evidence as being victims.
14         c. Alicemarie Stotler
15            (i) Compensatory monetary damages related to plaintiff's
16 loss of income and business opportunities which are directly
17 related to his unconstitutional detention the final amount is
18 not determinable until plaintiff's release.
19            (ii) Immediate injunction enjoining Alicemarie Stotler
20 from further detention of plaintiff.
21            (iii) Punitive monetary damages to be determined relative
22 to the compensatory damages which are to be determined when
23 detention of plaintiff ceases.
24         d. Brett A. Sagel
25            (i) Monetary compensatory and punitive damages as indicted
26 in ci and ciii above.
27
28

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS - 17

1      e. Michael Rawlins

2         (i) Monetary compensatory and punitive damages as

3  indicated in ci and ciii above.

4      f. David Hoffer

5         (i) Monetary compensatory and punitive damages as indicted

6  in ci and ciii above.

7      g. All damages awards are requested to be made jointly and

8  severely against all defendants where monetary awards are

9  requested.

10     31. The district Court and or others changed the United

11 States Constitution to thereby allow their changing the Grand

12 Jury Indictment all were done in a "clear and absolute absence

13 of all jurisdiction and consequently causing severe and

14 unconstitutional damage to the Plaintiff and Plaintiff prays for

15 relief as indicted above.

Dated this 16th day of September, 2006

JAMES DAVIS BENNETT, PRO SE
P.O. BOX 22003
SANTA ANA, CA   #06-50190
92701
JAMES DAVIS BENNETT

COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS - 18