FILED
JUL 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JAMES DAVIS BENNETT, PRO SE
FCI SAFFORD/REG# 32589-112
P.O. BOX 9000
SAFFORD, AZ 85548

## THE UNITED STATES DICTRICT COURT
## FOR
## THE DICTRICT OF COLUMBIA

| | |
|---|---|
| James Davis Bennett,<br><br>    Plaintiff,<br><br>vs.<br><br>James M. Crawford, Sean Kennedy,<br>The State Bar of California,<br>The United States of America<br>and DOES 1-35 inclusive,<br><br>    Defendants. | CASE No._____<br><br>Civil Rights and Abuse of Process Complaint against Private Individuals, The State Bar of California and the United States of America Pursuant to Bivens vs Six Unknown Agents, The United States Constitution, and Title 28, United States Codes, Section 1346<br><br>Case: 1:07-cv-01321<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 7/24/2007<br>Description: TRO/PI |

### INTRODUCTION

1. The Plaintiff made a Proffer to the United States Court of Appeals for the Ninth Circuit. He offered to dismiss his appeal if the Court would order The United States Government to reveal the violations it alleged against the 25 un-charged, un-indicted, and un-arraigned counts that the Government presented to the Jury. The Government would also have to reveal all verdict forms associated with the 25 counts in addition to revealing all of the verdict forms which match the Court Instructions as well as the Indictment that the Government used in the Plaintiff's trial.

2. The reason for the Proffer above is The Government used fraud to obtain the Search Warrant, used fraud to obtain the Indictment, used fraud to appoint an attorney for Plaintiff, used the appointed attorney to help conceal the changes made to the charges within the Indictment, refused to disclose the charges and their changes prior to Sentencing, refused to disclose the charges supporting the Prison term during sentencing(Exhibit A), refused to reveal the charges during appeal; then retroactively struck Plaintiff's opening brief and appointed an attorney who would submit a brief that did not include the 25 un-charged Counts.

-1-

## GENERAL ALLEGATIONS COMMON TO EACH CAUSE OF ACTION

3. March 21, 2002 Michael Rawlins, Special Agent with the Federal Bureau of Investigation, obtains the following statement from Gregory Bales; a cooperating witness, in response to his inquiry regarding three loan files which were the subject of his investigation; "Bennett keeps his business records(eg. Loan Files, Appraisal, etc.) at his office in Anaheim Hills and at his home in Yorba Linda....".

4. Knowing that he needed probable cause to search the two locations mentioned in the above Paragraph and also knowing he had no such probable cause or justification to obtain a search warrant, agent Rawlins committed perjury in his sworn affidavit for search warrant by swearing to the following; "Bales further advised that the business record related to the fraudulent appraisals and the corresponding property flips are stored at Bennett's West Belle office.... and at his personal residence....".

5. Knowing that it was not enough to have lied to create the facade of probable cause agent Rawlins knew he needed to establish Federal **JURISDICTION** in order to receive the warrant. He then commits perjury again in his sworn affidavit by representing in paragraphs a-1, b-1, and c-1 on pages 4, 6 and 7 respectively that Flagstar Bank was the lender on the three properties he was investigating stating; "On April 5, 2002 I called Flagstar Bank and was informed that the deposits of Flagstar are insured by the Federal Deposit Insurance Corporation.

6. Agent Rawlins knew Flagstar Bank was not the Lender or Institution instead it was another non-Federally insured institution as demonstrated by the Deeds of Trusts and the signed "Payment Letter to Borrower" he had in his possession.

7. After obtaining the search warrant through perjury designed to created probable cause and perjury designed to create federal **JURISDICTION**, on April 9, 2002 agent Rawlins and or others executed the illegal search of the plaintiff's home and office and illegally seized all documents at both locations in violation of Plaintiff's fourth amendment right to privacy and right to be secur  1 his person

-2-

and effects.        Exhibit I to Defendant's Motion to Dismiss

8. On January 29, 2003 Plaintiff was falsely arrested as a result of the fraudulent activities of Special Agent Michael Rawlins and assistant United States Attorney David Hoffer and or others.

9. As a result of the false arrest indicated above in or about February 2004 judge Alicemarie Stotler selected and placed in charge of Plaintiff's defense a panel attorney to which Plaintiff neither requested nor wanted. The panel attorney was selected by the Judge because the Federal Public Defender had a conflict of interest.

10. On August 13, 2004 panel attorney filed motion to suppress the documents obtained from the illegal search of Plaintiff's home and office.

11. On December 6, 2004 judge Alicemarie Stotler denies the motion to suppress although she and Assistant United States Attorney Lawrence E. Kole admit that the Lender used for Federal Jurisdiction in the search warrant was not federally insured and the true lender in the Indictments Bank Fraud charges counts 5-7 was not either.

12. On December 18, 2004 Plaintiff attempted to get the panel attorney to appeal based on prosecutorial and investigatory fraud and misconduct, he refused.

13. On December 20, 2004 Plaintiff filed notice of appeal on his own behalf and judge Alicemarie Stotler located the notice and prevented it from being filed.

14. On April 28, 2005 and August 10, 2005 panel attorney filed motion for basic defense tools; cost for copies and investigator.

15. On April 28 and August 10, 2005 Judge Alicemarie Stotler denied the request leaving the Plaintiff with an Attorney he did not request and further frustrating the situation by refusing to pay him for basic defense tools.

16. On October 27, 2005 Plaintiff motioned Judge Stotler to allow Plaintiff to either represent himself or be allowed to hire effective counsel at Plaintiff's expense. She refused but was generous enough to allow Plaintiff to bring in counsel to watch panel attorney but forced attorney to conduct Plaintiff's trial against Plaintiff's requests.

17. On November 8, 2005 trial started with new assistant United States Attorney Brett A. Sagel, who was unlicensed and who started his opening arguments by showing the jury a handwritten loan application and telling the jury that Plaintiff filled it out and sent it to a lender.

18. Knowing the above was untrue Plaintiff motions to bring in a handwriting expert to examine the document. Chief Judge Alicemarie Stotler denies.

19. During trial chief Judge Alicemarie Stotler, and the unlicensed Assistant United States Attorney and or others changed the Indictment by adding 15 additional counts used to increase the probability of convictions.

20. During trial chief judge Alicemarie Stotler and or others changed indicted counts 1-10 and 12 with court instruction 1, 2, 5, 7, 24 and 26.

21. During trial the Prosecution subornated Perjury from witnesses Mindi Perry from Flagstar Bank and Amy Pfiefer a Special agent with the FBI. Together they falsely testified that the lender in counts 5-7 was Flagstar Bank. It was actually a non-federally insured institution named Long Beach City Mortgage.

22. January 10, 2006 the jury returned convictions on the charges changed by Judge Stotler, US attorney Brett A. Sagel and or others. Plaintiff was then illegally seized and taken into federal custody in violation of his fourth amendment right to be secure in his person

from unreasonable seizure. Plaintiff was charged and tried on charges issued by judge Stotler, he was never given the opportunity to be arraigned or prepare a defense on those charges.

23. After the convictions in the un-charged counts were returned the panel attorney filed a motion for acquittal under federal rules of criminal procedures rule 29.

24. On March 14, 2006 Plaintiff moved the court to remove panel attorney and to supplement panel attorney's motion for acquittal. Now that judge Stotler had the illegal convictions she allowed Plaintiff to represent himself.

25. In an effort to cover up all the changes she made to the charges especially the 15 additional counts she allowed to be charged during trial judge Stotler grants acquittal on count 12 the Continuing Financial Crimes Enterprise charge but refused to address Plaintiff's filing regarding her changing the charges in the Indictment with court instructions to the jury.

26. Plaintiff made several motions for bill of particulars requesting the court enumerate what it had done by changing the charges but Judge stotler continues to obstruct justice by denying the motions.

27. On October 6, 2006 Judge Stotler planned to sentence the Plaintiff to 121 months in prison. The Plaintiff requested that she identify the counts, violations of law, and reveal the verdict forms which formed the foundation for the prison sentence. Judge Stotler refused and sentenced the Plaintiff then abruptly walks out of the court room leaving everyone dismayed(Exhibit A).

28. On October 6, 2006 Plaintiff filed a Notice of Appeal. He thereafter requested the Ninth Circuit Court of Appeals order the Government to reveal the counts, violations of law, and the supporting verdict forms. The Circuit denied the Motion for Bill of Particulars thereby continuing to keep the secret as to the actual information the prison sentence is predicated on.

29. On October 16, 2006 the Ninth Circuit filed its' order for time schedule related to the Plaintiff's Notice of Appeal. The order contained the Circuit's express approved acknowledgment of their consent to Plaintiff to proceed in Pro Se. Included therein was the Ninth Circuit's express mandate for the submission of briefs. Plaintiff's opening brief was due not later than February 14, 2007; Government's opposition brief was due not later than March 16, 2007; and Plaintiff's reply brief was due not later than March 30, 2007.

30. The Plaintiff timely submitted his opening brief. The Government took the opportunity to read the brief and realized that the Plaintiff not only included the details related to the Governments introduction of 25 un-charged counts alleging 5 violations of law but also requested the determination of which of the un-charged, un-indicted, and un-arraigned counts formed the foundation for the 121 month sentence. They then refused to timely submit their opposition brief and instead filed a motion to have Plaintiff's Pro Se status revoked and his briefs removed from the record. This was done even though the Plaintiff had filed a number of Writs, Motions, and Appeals which to that point the Government had participated and saw no problem with the Plaintiff's Pro Se status.

31. On June 8, 2007 the Ninth Circuit filed an order removing Plaintiff's Pro Se status, striking his briefs from the record but not his many other filings, and requested appointment of another attorney similar to the one the District Appointed who assisted the Government in presenting the 25 un-charged, un-indicted, and un-arraigned counts to the jury during trial. In addition the Ninth Circuit abused the process of determining the Plaintiff's status by allowing the Government to default in their briefing, by applying their decision selectively retroactive by striking the Plaintiff's opening brief, and by refusing to file and consider the Plaintiff's Objection to the Commissioner's Recommendation to revoke Pro Se status and strike Plaintiff's briefs. All of the above actions by the Government & the Ninth Circuit were against the wishes of the Plaintiff.

**FIRST CAUSE OF ACTION AGAINST THE UNITED STATES AND DOES 1-10 FOR VIOLATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHT TO BE SECURE IN HIS HOME AND OFFICE AGAINST UNREASONABLE SEARCHES AND SEIZURES.**

32. The Plaintiff incorporates by reference as though fully set fourth herein The General Allegations Common to each Cause of Action and realleges paragraphs 3-31 above and further alleges that The United States Government employed Michael E. Rawlins(FBI Agent), David Hoffer(Assistant US Attorney), Lawrence E. Kole(Assistant US Attorney), Brett A. Sagel(Unlicensed Assistant US Attorney), Alicemarie H. Stotler(Chief Federal District Court Judge) and Michael S. Meza(Panel Attorney appointed under 18 USC 3006A). That on or about April 5, 2002 Michael E. Rawlins submitted a signed sworn search warrant affidavit which included statements known to Rawlins to be false. He created the impression that he had Federal Authority to investigate Bank Fraud by making Flagstar Bank; a Federally Insured Depository, the lender for the purchase of the properties he wanted to investigate when in fact the true lender was Long Beach City Mortgage; a non-Federally Insured Depository.

33. In addition to the above United States employee Michael E. Rawlins knowing he was unaware of and lacking any probable cause to to search the Plaintiff's home and office did fabricate and falsify the statements made by Gregory Bales by saying Bales identified the Plaintiff's home and office as the location of documents related to the lender which was falsified in paragraph 32 above. Bales true statement made no reference to him having any knowledge of the lender, properties, or documents related to Rawlins investigation. Rawlins obtained the search warrant, executed the search, and manipulated the evidence against the Plaintiff with the help and assistance of the United States Government through the assistance of the parties mentioned in paragraph 32 above. Therefore the United States, its' agents, and its' employees deprived the Plaintiff of his Fourth Amendment right to be free from unreasonable searches and seizures.

**SECOND CAUSE OF ACTION AGAINST THE UNITED STATES AND DOES 1 -20 FOR VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT TO BE TRIED ON CHARGES ISSUED BY A DULY SWORN GRAND JURY.**

34. The Plaintiff incorporates by reference as though fully set forth herein the Introduction and the General Allegations common to each cause of Action and realleges paragraphs 1-31 above and further alleges that from September 2005 thru October 6, 2006 The United States through its' employees Chief Judge Alicemarie H. Stotler, Assistant US Attorney Lawrence E. Kole, Unlicensed Assistant US Attorney Brett A. Sagel, and FBI Agent Michael E. Rawlins did deprive Plaintiff James Davis Bennett of his Fifth Amendment right to be charged, arraigned, and tried on an Indictment issued by a duly sworn Grand Jury by creating the Indictment without Grand Jury authority as indicated by the lack of concurrance of the Grand Jury as demonstrated by the absence of a Grand Jury Foreperson's signature on the document. Said parties then took the un-authorized Indictment and amended it during trial with Jury Instructions 1, 5, 7, 24 and 26. And to insure that convictions were returned in the un-charged, un-indicted, and un-arraigned counts the United States through its' employees included the following statement in Instruction 24 lines 19-21 "The government is not required to prove whether defendant [Plaintiff] actually committed the crime or aided and abetted in its commission"; thereby removing the Government's burden of proof.

**THIRD CAUSE OF ACTION AGAINST THE UNITED STATES AND DOES 1-30 FOR VIOLATION OF PLAINTIFF'S FIFTH AMENDMENT RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW AND FOURTH AMENDMENT RIGHT TO BE SECURE IN HIS PERSON FROM UNREASONABLE SEIZURE.**

35. The Plaintiff incorporates by reference as though fully set forth herein the Introduction, The General Allegations Common to each Cause of Action and realleges paragraphs 1-35 above and further alleges that the United States through its' employees mentioned in paragraph 34 above and other employees to be determined at a later

date did deprive Plaintiff his Fifth Amendment right to Due Process and equal protection of law and his fourth amendment right to be secure in his person from unreasonable seizure when on January 10, 2006 they illegally ordered and commanded the United States Marshalls to take Plaintiff into custody on un-indicted and un-arraigned charges where The United States refuses to reveal or support any of the charges or convictions by providing the verdict forms that match the indictment or the Jury Instructions. It has also refused to support the un-signed Indictment with any filed ballots from the Grand Jury or to produce any verifiable documents that would support a inference that the Indictment was authentic.

### FOURTH CAUSE OF ACTION AGAINST THE UNITED STATES & DOES 1-35 FOR VIOLATION OF PLAINTFF'S 6TH AMENDMENT RIGHT TO COUNSEL.

36. The Plaintiff incorporates by reference as though fully set forth herein the General Allegations Common to each Cause of Action and realleges paragraphs 3-35 above and further alleges that the United States through its' employees Chief Judge Alicemarie H. Stotler, Peter Lind Shaw(Ninth Circuit Commissioner), Sean Kennedy(Federal Public Defender), James Crawford(Appointed Panel Attorney) and others to be determined at a later date did deprive Plaintiff his Sixth Amendment right to counsel and counsel of his choice when in their efforts to cover up the 25 un-charged, un-indicted, and un-arraigned counts they presented to the jury to obtain convictions they forced the services of Michael S. Meza and James Crawford on the Plaintiff for the sole purpose of having counsel ignore Plaintiff and to work exclusively for the Government. The Government intentionally prevented the Plaintiff from bringing in counsel of his choice.

### FIFTH CAUSE OF ACTION AGAINST THE UNITED STATES, JAMES M. CRAWFORD, SEAN KENNEDY, THE STATE BAR OF CALIFORNIA & DOES 1-35 FOR ABUSE OF PROCESS RESULTING IN FRAUDULENT AND FALSE IMPRISONMENT.

37. The Plaintiff incorporates by reference as though full set forth herein the Introduction, The General Allegations Common to

each Cause of Action and realleges paragraphs 1-36 above and further alleges that the United States, James M. Crawford, Sean Kennedy and the State Bar of California abused their process of Appointing, supervising, and administering discipline to unethtical licensed and un-licensed Attornies. More specificly the United States hired and used two attornies who were not active members of the California State Bar; Brett A. Sagel(Un-licensed US Attorney) and Peter L. Shaw(a non-active member of the California State Bar working for the Ninth Circuit Court of Appeals as a Commissioner). Brett A. Sagel presented the fraudulent evidence and Un-charged, un-indicted, and un-arraigned counts in Plaintiff's trial. Peter Shaw put together the recommendation on behalf of the Ninth Circuit Court of Appeals to retroactively strike the Plaintiff's opening brief and to revoke his Pro Se status after finding out the Plaintiff included information on the 25 un-indicted counts presented to the jury. James M. Crawford disregarded the Plaintiff's explicit request that he not represent the Plaintiff after he was appointed by Sean Kennedy of the Federal Defenders office. The State Bar of California refuses to supervise or to discipline any attorney working for the Government to include those who are used through appointment to Defendants in Criminal cases. All of the above parties and those to be identified at a date in the future have abused various processes they use for the sole purpose of fraudulently and falsely imprisoning the Plaintiff.

**PRAYER FOR RELIEF**

38. The Plaintiff is under immanent and continuing harm and danger as a result of the behavoir of the parties mentioned above. He prays for relief in the following particulars:
    a. injuntive relief to stop and prevent further representation on behalf of James M. Crawford,
    b. compensatory monetary damages against James M. Crawford for violation of the Sixth Amendment,

c. compensatory monetary damages against Sean Kennedy for violation of the Sixth Amendment,
d. injunctive relief against The State Bar of California to stop the practice of law by Peter Shaw and Brett A. Sagel who violated the Sixth & Fifth Amendment,
e. injunctive relief against the United States of America to prevent its' continued violations of the Sixth & Fifth Amendments and
f. declaratory relief against the United States to identify the violations for which Chief Judge Alicemarie Stotler sentenced Plaintiff to 121 months in prison.

39. The actions, behaviors, and damages all occurred in Federal District Court Case Number SA CR 03-0025(B)AHS and United States Court of Appeals for the Ninth Circuit Case Number 06-50580.

Dated this 13th Day of July 2007,

Signed: _____
James Davis Bennett, Pro Se
FCI Safford/Reg#32589-112
P.O. Box 9000
Safford, AZ 85548

**VERIFICATION**

40. I James Davis Bennett, Plaintiff, verify that the facts presented herein are true and correct to the best of my knowledge.

Dated this 13th Day of July 2007,

Signed: _____
James Davis Bennett
Plaintiff