1      b.    Defendant BENNETT, Rogers, Simon, Ibarra, and
2   other co-schemers would recruit relatives and associates (the
3   "intermediaries") to enter into escrows to purchase the
4   properties at or near fair market value.

5          c.    Defendant BENNETT, Rogers, Simon, Ibarra, and
6   other co-schemers would recruit other relatives and associates
7   (the "straw buyers") to enter into other escrows to purchase the
8   properties from the intermediaries at inflated prices.

9          d.    To obtain mortgage loans for the straw buyers,
10  Defendant BENNETT, Rogers, Simon, Ibarra, and Garcia prepared and
11  caused others to prepare fraudulent loan packages concealing the
12  double escrows and falsely representing that the straw buyers
13  were purchasing the properties directly from the original sellers
14  at the inflated prices and that the straw buyers were
15  creditworthy.  To support these fraudulent loan packages,
16  Defendant BENNETT, Rogers, Simon, Ibarra, and Garcia prepared and
17  caused others to prepare false and fabricated documentation,
18  including false settlement statements, grant deeds, title
19  reports, down payment checks, pay stubs, W-2 statements, and bank
20  statements.

21         e.    Defendant BENNETT, Rogers, Simon, Ibarra, and
22  other co-schemers submitted and caused others to submit these
23  fraudulent loan packages to mortgage lenders in Orange and Los
24  Angeles Counties.

25     7.    Based on the fraudulent acts, practices and devices,
26  the mortgage lenders funded the loans.  At the close of escrow,
27  Defendant BENNETT, Rogers, Simon, Ibarra, Garcia and other co-

28                                3

1 │ schemers received fees, commissions and profits.

2 │  8.  Within months of the resale of the residential

3 │ properties, the straw buyers typically defaulted on the loan

4 │ payments, leaving mortgage lenders with losses in excess of

5 │ $1,000,000.

6 │ THE WIRINGS

7 │  9.  On or about the dates set forth below, in the Central

8 │ District of California and elsewhere, for the purpose of

9 │ executing the above-described scheme to defraud and attempting to

10 │ do so, Defendant BENNETT, Rogers, Simon, Ibarra, Garcia, and

11 │ others caused to be transmitted in interstate commerce by wire

12 │ communications the following wire transfers from mortgage

13 │ lenders' accounts outside California to title insurance company

14 │ and escrow accounts in California.

| Count | Date | Funds Wired |
|-------|------|-------------|
| One | 7/27/99 | The CIT Group's $270,000 mortgage loan for the purchase of 2612 Griffith Avenue, Los Angeles, California |
| Two | 10/14/99 | Mortgage Portfolio Services' $233,750 mortgage loan for the purchase of 760 East 43rd Place, Los Angeles, California |
| Three | 3/1/00 | Greenpoint Mortgage Funding, Inc.'s $225,250 mortgage loan for the purchase of 615 West Imperial Highway, Los Angeles, California |
| Four | 2/27/01 | Laguna Capital Mortgage Corporation's $248,000 mortgage loan for the purchase of 860 Cerritos Avenue, Long Beach, California |

4

1
2

### COUNTS FIVE THROUGH ELEVEN

[18 U.S.C. §§ 1344 and 2(b)]

3    10.   The Grand Jury hereby incorporates by reference and
4  realleges each and every allegation of paragraphs one through
5  eight of this indictment.

6    11.   Flagstar Bank, Equicredit Corporation, and First Union
7  Mortgage Corporation were financial institutions and wholly owned
8  subsidiaries of financial institutions the deposits of which were
9  insured by the Federal Deposit Insurance Corporation.

10    12.   On or about the dates set forth below, within the
11  Central District of California, Defendant BENNETT, Rogers, Simon,
12  Garcia, and others, for the purpose of executing the above-
13  described scheme to defraud the following financial institutions
14  and to obtain monies and funds owned by and in the custody and
15  control of these financial institutions by means of materially
16  false and fraudulent pretenses, representations and promises,
17  caused these financial institutions to disburse loan proceeds in
18  the amounts listed below for the purchase of the properties
19  listed below:

| Count | Date | Financial Institution, Loan Amount, Property |
|-------|------|----------------------------------------------|
| 20 Five | 8/6/99 | Flagstar Bank's $256,000 mortgage loan for |
| 22 | | the purchase of 245 West 56th Street, Los |
| 23 | | Angeles, California |
| 24 Six | 8/16/99 | Flagstar Bank's $252,000 mortgage loan for |
| 25 | | the purchase of 1412 West 94th Place, Los |
| 26 | | Angeles, California |

27
28

5

| | | |
|---|---|---|
| Seven | 9/17/99 | Flagstar Bank's $247,500 mortgage loan for the purchase of 768 East 43rd Place, Los Angeles, California |
| Eight | 11/22/00 | Equicredit Corporation's $200,000 mortgage loan for the purchase of 1495 Alamitos Avenue, Long Beach, California |
| Nine | 11/28/00 | Equicredit Corporation's $232,000 mortgage loan for the purchase of 1105 Ohio Avenue, Long Beach, California |
| Ten | 3/2/01 | Equicredit Corporation's $248,000 mortgage loan for the purchase of 1304-1306 Junipero Avenue, Long Beach, California |
| Eleven | 1/8/02 | First Union Mortgage Corporation's $227,500 mortgage loan for the purchase of 1052 North Loma Vista Drive, Long Beach, California |

6

## COUNT TWELVE

[18 U.S.C. § 225]

13.   The Grand Jury hereby incorporates by reference and realleges each and every allegation of paragraphs one through twelve of this indictment.

14.   Beginning on a date unknown and continuing through in or about January 2002, in Los Angeles and Orange Counties, within the Central District of California, Defendant BENNETT knowingly conducted a continuing financial crimes enterprise, in that Defendant BENNETT committed a series of violations under Title 18, United States Code, Sections 1341, 1343, and 1344, which violations were undertaken by Defendant BENNETT, in concert with at least three other persons whom Defendant BENNETT organized, managed, and supervised, and from which continuing series of violations Defendant BENNETT received in excess of $5,000,000 in gross receipts from on or about April 2, 1999, and ending on or about March 2, 2001.

A TRUE BILL

_____
Foreperson

DEBRA W. YANG
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

KENNETH B. JULIAN
Assistant United States Attorney
Acting Chief, Santa Ana Branch Office

7

**EXHIBIT C**

**Contents:**

-Excerpts from the October 31, 2005(9 days before trial)
transcripts showing on page 11 and 12 of the transcripts
that Bennett warns Chief Judge Stotler about Government
falsifying Jurisdiction by misrepresenting who the true
lenders were and bringing charges not presented to a Grand
Jury.

1    TELL US WHAT HE MAY KNOW, IF ANYTHING, AS TO SOME OF THESE

2    ITEMS THAT YOU HAVE MENTIONED.

3              WAS THERE ANYTHING ELSE YOU WANTED TO ADD,

4    MR. BENNETT?

5              DEFENDANT BENNETT:  IN REGARDS TO THE FACTS THAT I

6    HAVE UNCOVERED?  IS THAT WHAT WE ARE SPEAKING OF AT THIS

7    POINT?

8              THE COURT:  NO, THIS IS YOUR MOTION.  I JUST WANT

9    TO MAKE SURE THAT YOU HAVE SET FORTH YOUR MOTION FULLY AND

10   COMPLETELY.

11             DEFENDANT BENNETT:  WELL, FIRST OF ALL, I GUESS

12   WHAT I WANT TO SAY IS THAT I HAVE BEEN GATHERING FACTS THAT

13   I HAVE NOT BEEN ABLE TO PRESENT TO THE COURT.  AND I TRIED

14   TO TELL MY COUNSEL WHAT IT IS THAT I HAVE, AND I STILL

15   DON'T --

16             I HAVE IN FRONT OF ME A PLEA AGREEMENT FOR

17   MR. FERNANDEZ THAT WAS SENT TO ME, OR GIVEN TO ME AS AN

18   EXHIBIT IN AN ACCUSATION DEPARTMENT OF -- CALIFORNIA

19   DEPARTMENT OF REAL ESTATE ACCUSATION AGAINST MY LICENSE.  IN

20   THAT PLEA AGREEMENT ON PAGE 5, IT HAS MR. FERNANDEZ PLEADING

21   GUILTY TO DEFRAUDING INDIE MAC BANG ON A PROPERTY AT

22   958 EAST SIGNAL HILL -- 958 EAST 25TH STREET, IN SIGNAL

23   HILL.  ON THAT SAME PARTICULAR PROPERTY, I JUST WENT THROUGH

24   A HEARING A WEEK AGO WHEN I GOT THIS DOCUMENT AND THE

25   CALIFORNIA DEPARTMENT OF REAL ESTATE HAS BEEN -- THEY HAVE

```
 1   ME ACCUSED OF DEFRAUDING THIS SAME -- NOT THIS LENDER BUT
 2   ANOTHER LENDER FOR THE SAME AMOUNT OF MONEY.  THEY HAD THE
 3   CEO THERE THAT INDICATED THAT THEY LOST THE MONEY, AND HERE
 4   WE HAVE MR. FERNANDEZ PLEADING GUILTY TO BANK FRAUD OF FUNDS
 5   THAT WEREN'T -- THAT DIDN'T COME FROM THE BANK THAT THE
 6   GOVERNMENT IS SAYING THAT THEY DID COME FROM.  THIS HAS BEEN
 7   THE WHOLE ISSUE.  THE GOVERNMENT HAS BEEN CONCEALING THE
 8   JURISDICTION TO GET THESE CHARGES IN FRONT OF THE GRAND JURY
 9   AND THE CHARGES IN FRONT OF THE COURT HERE.  AND I DON'T
10   HAVE AN OPPORTUNITY TO SHOW WHAT I HAVE AND TO SHOW WHAT I
11   FOUND OUT OVER THE COURSE OF THE TIME THAT WE HAVE BEEN
12   INVOLVED IN THIS.
13            THE COURT:  ARE YOU TALKING ABOUT THINGS THAT YOU
14   WANT TO BE EXHIBITS IN FRONT OF THE JURY?
15            DEFENDANT BENNETT:  I'M TALKING ABOUT -- I'M
16   TALKING ABOUT THE INABILITY TO BRING FORTH MOTIONS THAT ARE
17   RELEVANT TO THESE EXHIBITS, YOUR HONOR.  I CAN'T EXPRESS --
18            TAKE, FOR INSTANCE, THE MOTION TO QUASH AND
19   TRAVERSE THE SEARCH WARRANT THAT WAS FILED LAST AUGUST,
20   AUGUST OF 2004.  THE MOTION DID NOT GO TO THE ACTUAL HEART
21   OF WHAT WAS -- THE FACTUAL HEART OF WHAT WAS GOING ON.  WHAT
22   WAS ACTUALLY HAPPENING WAS THAT SPECIAL AGENT RAWLINS WAS --
23   IN HIS AFFIDAVIT TO THE COURT TO GET THE SEARCH WARRANT OF
24   MY OFFICE AND MY HOME, HE NEGLECTED TO TELL THE COURT THAT
25   THE FLAGSTAR BANK WAS NOT THE FUNDING INSTITUTION AND THAT
```

```
 1   FLAGSTAR BANK WASN'T THE LENDING INSTITUTION.  AND I THINK
 2   IN YOUR HONOR'S -- WHEN YOU GAVE YOUR OPINION, I THINK THAT
 3   WHAT YOU SAID IN THERE WAS THAT IS THAT YOU FOUND THAT TO BE
 4   DISTURBING.  YOUR HONOR, IT'S MATERIAL TO THE ELEMENT OF THE
 5   CRIME AND ITS MORE THAN DISTURBING.  IT'S PERJURY, AND IT'S
 6   OBSTRUCTION OF JUSTICE.

 7            THE COURT:  ALL RIGHT.  ANYTHING ELSE YOU WANT TO
 8   TELL US ABOUT YOUR MOTION?

 9            DEFENDANT BENNETT:  NOTHING OTHER THAN I WOULD
10   LIKE THE OPPORTUNITY TO AT LEAST PRESENT MY CASE AND AT
11   LEAST FILE MOTIONS THAT I BELIEVE ARE PERTINENT TO MY
12   DEFENSE.  VERY PERTINENT TO MY DEFENSE.

13            THE COURT:  ALL RIGHT.  WHY DON'T YOU TAKE A SEAT,
14   MR. BENNETT.  AND MR. SAGEL CAN SET THE RECORD STRAIGHT, IF
15   THERE IS ANYTHING CHRONOLOGICALLY MISSED OR OTHERWISE AND
16   THEN WE CAN COME BACK TO YOU.

17            MR. SAGEL:  THANK YOU, YOUR HONOR.

18            FIRST AND FOREMOST -- AND I DON'T KNOW IF THIS
19   REQUIRES ASKING MR. BENNETT A FOLLOW-UP QUESTION -- BUT I
20   GUESS I'M STILL UNCERTAIN OF, IF YOUR HONOR AND THIS COURT
21   IS NOT GOING TO GIVE HIM NEW COUNSEL, WHICH THE GOVERNMENT
22   DOES NOT BELIEVE HE'S ENTITLED TO, IS NOT APPROPRIATE IN
23   THIS CASE, IS HE -- HIS MOTION SEEMS TO SAY THEN HE WANTS TO
24   REPRESENT HIMSELF.  I'M NOT SURE IF THAT IS STILL THE
25   POSITION HE IS TAKING.  THAT'S A QUESTION THE GOVERNMENT
```

**EXHIBIT D**

**Contents:**

-CJA attorney Michael S. Meza's; forced upon Plaintiff for
trial, submits verdict form increasing counts and violations
per count in order to assist Government is obtaining conviction
in 18 USC § 225(requiring $5,000,000 worth of predicate counts)

-Court instruction number 26 used to conceal the changes to
the unauthorized indictment and to add two additional charges
to each of the already increased charges.

-Excerpts from the December 15, 2005 trial transcripts where
un-licensed US Attorney Brett A. Sagel, Chief Judge Alicemarie
H. Stotler, and CJA Attorney Michael S. Meza together discuss 25
un-charged, un-indicted, and un-arraigned counts they were
falsifying and intending to submit to the Petit Jury(also see
above).

FILED SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

NOV 2 3 2005

CENTRAL DISTRICT OF CAL.
BY

1 | MICHAEL S. MEZA
Attorney at Law
2 | 333 City Blvd. West 17th Floor
Orange, California 92868
3 |
Telephone (714) 564-2501
4 |
Attorney Bar No. 068366
5 |
Attorney for Defendant
6 |

7 |

8 |               UNITED STATES DISTRICT COURT

9 |               CENTRAL DISTRICT OF CALIFORNIA

10 |

11 | UNITED STATES OF AMERICA,    )    No.  SA CR 03-25-AHS
                                )
12 |                  Plaintiff,)  DEFENDANT'S POSITION RE:
                                )  VERDICT FORM FOR COUNT 12
13 |       vs.                   )
                                )
14 | JAMES DAVIS BENNETT, ET AL., )
                                )  DATE:
15 |                  Defendant.)  TIME:
                                )  CTRM: JUDGE STOTLER
16 | ————————————————————————————

17 |     Defendant, JAMES DAVIS BENNETT, hereby objects to the

18 | form of government's proposed verdict for Count Twelve on

19 | the grounds that there is a genuine possibility of jury

20 | confusion, the evidence is factually complex, and the

21 | indictment is broad and ambiguous.  Defendant further

22 | requests that the jury be provided a special verdict form on

23 | the grounds that it will eliminate the possibility of jury

24 | confusion.

25 |

26 |

27 |                                                    COPY

28 |

1                   POINTS AND AUTHORITIES

2      The usual form of verdict in a criminal case is guilty

3 or not guilty as to each count submitted to the jury,

4 otherwise known as a general verdict. A special verdict

5 reports the jury's specific findings on each issue of fact.

6 While special verdicts are expressly allowed under the

7 Federal Rules of Civil Procedure, Rule 49, no comparable

8 rule provides for special verdicts in criminal cases.[1]

9      Special verdicts are disfavored in criminal cases, but

10 there is no rule actually precluding them.  See United

11 States v. Aguilar, 883 F.2d 662, 690-691 (9th Cir. 1989)[2].

12      Defendant propose a special verdict to be given in

13 conjunction with a specific jury unanimity instruction

14 within the meaning of Richardson v. United States, 526 U.S.

15 813, 143 L.Ed.2d 978, 119 S.Ct. 1707 (1999).  Richardson

16 held, at 119 S.Ct. 1709, that a conviction under 21 U.S.C.

17 848, Continuing Criminal Enterprise ("CCE") required that a

18 jury must unanimously agree that defendant not only

19 committed some "continuing series of violations" but also

20 must unanimously agree on which specific violations

21 constitute the "continuing series", and, be so instructed.

22      In this case, defendant is charged in Count Twelve with

23

24     [1]Although Federal Rules of Criminal Procedure, Rule 23(c)
does authorize a party to request specific findings of fact in
25 a case tried without a jury

26     [2]  However, special verdicts came into vogue in the post
Blakely era.)
27

28                   2

1  a violation of 18 U.S.C. 225, Continuing Financial Crimes

2  Enterprise ("CFCE").

3      18 U.S.C. 225 provides:

4          "(**a**) Whoever –

5          (1) organizes, manages, or supervises a continuing

6          financial enterprise; and

7          (2) receives $5,000,000 or more in gross receipts

8          from such enterprise during any 24-month period,

9          shall (penalties set forth) . . .

10         (**b**) For purposes of subsection (a), the term

11         "continuing financial crimes enterprise" means a

12         series of violations under . . . 1344 of this

13         title, or section 1341 or 1343 affecting a

14         financial institution, committed by at least 4

15         persons acting in concert."

16     In it's opening statement the government stated that it

17 would be relying upon 25 properties to establish the

18 elements of Count Twelve.  Of these 25 properties the

19 government will rely, in part, upon the 10 properties

20 already named in Counts One through Ten, alleging violations

21 of section 1343 (wire fraud) and 1344 (bank fraud).[3]  In

22 order to meet the $5 million element the government will be

23 relying upon 16 other properties not otherwise identified or 

24

25  _____

26      [3]Because it falls outside the 2 year limitation of
    section 225, the government will not be relying upon 1052 N.
    Loma Vista Dr., Long Beach, CA (Count Eleven).

27                          3

28

1  charged in the indictment, much less Count Twelve. ℞

2  Moreover, in order to meet it's burden, the government will

3  be relying upon section 1341 (mail fraud).  This mixing and,

4  matching of properties and theories is ripe for confusion.

5              "Whenever specific jury unanimity is a concern,

6              the judge could consider using a special verdict

7              form.  A Special verdict will remove any doubt as

8              to the facts found by the jury, and could save a

9              verdict from reversal when confusing facts are in

10             evidence or when multiple fact scenarios are

11             charged in support of a single charge."  Federal

12             Jury and Practice Instructions, (5th Ed.) 13.07

13             [Unanimity Explained], **Notes**, *Ninth Circuit*.

14       Therefore, defendant proposes a special verdict,

15  attached as Exhibit "A",  which would eliminate any

16  confusion between properties and varied legal theories,

17  promote and insure the unanimity required by Richardson,

18  and, clarify the broad language of Count Twelve.

19

20  DATED: November 14, 2005

21

22                                    Michael S. Meza
                                      Attorney for Defendant
23                                    BENNETT

24

25

26

27

28                                    4

1                          PROOF OF SERVICE

2    STATE OF CALIFORNIA )
                          )
3    COUNTY OF ORANGE     )

4           I, MICHAEL S. MEZA, am employed in the aforesaid
     County, State of California; I am over the age of 18 years and
5    not a party to the within action.  My business address is 333
     City Blvd. West, 17th Floor, Orange, California 92868.
6
            On November 15, 2005, I served the foregoing
7    DEFENDANT'S POSITION RE: VERDICT FORM FOR COUNT TWELVE on the
     following persons in this action by
8
     [ ]  Placed in a sealed envelope and mailed via United States
9         Mail, addressed as follows:
     [x]  By hand delivery addressed as follows:
10   [ ]  By facsimile as follows:
     [ ]  By messenger as follows:
11

12                United States Attorney
                  Central District of California
13                Room 8000
                  411 W. Fourth Street
14                Santa Ana, California 92701

15                Attn: Brett Sagel, A.U.S.A.

16          I am readily familiar with the business' practice for
     the collection and processing of correspondence for mailing
17   with the United States Postal Service and the fact that the
     correspondence would be deposited with the United States
18   Postal Service that same day in the ordinary course of
     business.
19
            I declare under penalty of perjury under the laws
20   of the State of California that the foregoing is true and
     correct.
21
            Executed on November 15, 2005 at Orange,
22   California.

23

24                              Michael S. Meza

25

26

27

28

3

4        We, the jury, in the above-entitled action, hereby

5  unanimously FIND the following:

6        **PROPERTY**                **FRAUD**      **IDENTITY**   **MONEY**
7                                     **(MAIL)**     **Of**        **DEFENDANT**
                                      **(WIRE)**     **3 PERSONS** **RECEIVED**
8                                     **(BANK)**

9  1.    2616 Griffith Ave.,

10        Los Angeles, CA            _____     _____   _____

11                                               _____

12 2.    760 E. 43rd Pl.,                        _____

13        Los Angeles, CA           _____     _____   _____

14

15                                               _____

16                                               _____

17 3.    615 W. Imperial Hwy.,

18        Los Angeles, CA           _____     _____   _____

19                                               _____

20                                               _____

21 4.    860 Cerritos Ave.,

22        Long Beach, CA            _____     _____   _____

23                                               _____

24                                               _____

25

26

27                              1

28                    EXHIBIT **A**

5.    245 W. 56th St.,
      Los Angeles, CA

6.    1412 W. 94th Pl.,
      Los Angeles, CA

7.    768 E. 43rd. Pl.,
      Los Angeles, CA

8.    1495 Alamitos Ave.,
      Long Beach, CA

9.    1105 Ohio Ave.,
      Long Beach, CA

10.  1304-1306 Junipero Ave.,
     Long Beach, CA

2

1  11. 9501 S. Western Ave.,

2       Los Angeles, CA                _____   _____        _____

3                                                  _____

4                                                  _____

5  12. 1519 W. 29th St.,

6       Los Angeles, CA               _____   _____        _____

7                                                  _____

8                                                  _____

9  13. 1177 W. 38th St.,

10      Los Angeles, CA               _____   _____        _____

11                                                 _____

12                                                 _____

13  14. 928 W. 78th St.,

14      Los Angeles, CA               _____   _____        _____

15                                                 _____

16                                                 _____

17  15. 456 E. 40th Pl.,

18      Los Angeles, CA               _____   _____        _____

19                                                 _____

20                                                 _____

21  16. 2253 Linden Ave.,

22      Long Beach, CA                _____   _____        _____

23                                                 _____

24                                                 _____

25

26

27

28

3

1   17. 1485-1489 Molino Ave.,

2       Long Beach, CA

3

4

5   18. 1104-1106 ½ W. 87th St.,

6       Los Angeles, CA

7

8

9   19. 1017 Raymond Ave.,

10      Long Beach, CA

11

12

13  20. 930 E. 11th ST.,

14      Long Beach, CA

15

16

17  21. 428 W. 5th St.,

18      Long Beach, CA

19

20

21  22. 520 Chestnut Ave.,

22      Long Beach, CA

23

24

25

26

27

28

4

23. 7819 S. Hoover St.

    Los Angeles, CA     \_\_\_\_\_   _____   \_\_\_\_

                                          _____

                                          _____

24. 1495 Alamitos Ave.,

    Long Beach, CA     \_\_\_\_\_   _____   \_\_\_\_

                                          _____

                                          _____

25. 2121 Atlantic Ave.,

    Long Beach, CA     \_\_\_\_\_   _____   \_\_\_\_

                                          _____

                                          _____

_____

Foreperson

Date:  _____

1

COURT'S INSTRUCTION NO. 26

2    Defendant has been charged in Count Twelve with a continuing
3  financial crimes enterprise, in violation of Section 225 of Title
4  18 of the United States Code.

5    In order for defendant to be found guilty of that crime, the
6  government must prove each of the following elements beyond a
7  reasonable doubt, with all of you agreeing unanimously to each
8  element:

9    First, defendant organized, managed, or supervised a
10 continuing financial crimes enterprise;

11    Second, defendant received $5,000,000 or more in gross
12 receipts from the continuing financial crimes enterprise in a
13 twenty-four-month period; and

14    Third, defendant acted in concert with at least three other
15 persons in executing the crimes.

16    "In concert" means a mutual agreement in a common plan or
17 enterprise.

18    The phrase "continuing financial crimes enterprise" means a
19 series of three (3) or more violations of the bank fraud statute,
20 wire fraud statute, or mail fraud statute, the latter two
21 violations affecting financial institutions, which are in some
22 way related to one another, with all of you agreeing unanimously
23 on which three or more violations the defendant committed.

24    Any testimony or evidence pertaining to the 1052 North Loma
25 Vista Dr. property transaction in 2002 cannot be considered in
26 connection with Count Twelve.

27

28

28

DATE 12/15/05  UNLICENSED PUSA SAGEL SPEAKS TO STORES[53]

US ATTY
BRETT A. SAGEL

JUDGE STORE

```
 1   THEM IN A SIMPLISTIC FORM AS MAIL FRAUD.

 2          WITH REGARDS TO THE OTHER -- WITH REGARDS TO ALL

 3   25 PROPERTIES OR THE 15 THAT ARE NOT CHARGED, MORE OR LESS,

 4   THE GOVERNMENT WILL BASICALLY BE RELYING ON MAIL FRAUD.  I

 5   DON'T THINK IT'S EITHER LEGALLY REQUIRED OF THE GOVERNMENT

 6   OR THERE IS ANY BASIS TO TELL THE GOVERNMENT OR TO TELL THE

 7   JURY HOW TO CONFINE THE GOVERNMENT.  THE GOVERNMENT CHARGED

 8   THIS -- THE GRAND JURY CHARGED THIS CASE AFTER HEARING THE

 9   EVIDENCE, UNDER ONE OF THREE, BANK FRAUD, WIRE FRAUD, OR

10   MAIL FRAUD, OR THE LATTER TWO AFFECTING A FINANCIAL

11   INSTITUTION.  I DON'T KNOW ANY BASIS IN WHICH DEFENDANT

12   COULD LIMIT WHAT THE GOVERNMENT COULD ARGUE IF THE FACTS

13   PRESENTED, FOR EXAMPLE, TWO OF THE UNCHARGED COUNTS ARE

14   FUNDED BY EQUICREDIT.  I DON'T SEE -- IF WE WANTED TO, WE

15   ARE GETTING TO THE SAME PLACE, WHETHER WE USE MAIL FRAUD

16   AFFECTING A FINANCIAL INSTITUTION.  WE WOULD HAVE TO USE THE

17   SAME EVIDENCE FROM THE BANK FRAUD STATUTES OF EQUICREDIT,

18   BASICALLY, THAT IT'S FDIC CHARTERED OR A WHOLLY OWNED

19   SUBSIDIARY.  BUT I'M NOT SURE THAT THERE IS ANY BASIS IN

20   WHICH THE GOVERNMENT CAN BE CONFINED TO ONLY ONE OUT OF

21   THREE THEORIES WHEN THEY ARE ALL CHARGED IN THE INDICTMENT

22   AND THERE IS EVIDENCE TO SUPPORT ANY ONE OF THOSE THREE.

23          THE COURT:  THE DEFENDANT IS GOING BY WHAT COUNSEL

24   SAID AND THAT'S THE SAME THING I HEARD GOVERNMENT COUNSEL TO

25   SAY, WHICH WAS SUPPOSEDLY THAT WAS THE SIMPLE APPROACH TO
```

**Contents:**

-Chief Judge Alicemarie H. Stotler's FRCRP Rule 29 Acquittal of count 12(18 USC 225) for lack of Federal Jurisdiction in the predicate violations "Affecting Financial Institutions" related to 18 USC § 20's definition of institutions qualifying for Bank Fraud related charges(see page 3 lines 13-16). Note the two charts identification of "Total Gross Receipts-Sum from Nonfinancial institutions". Included in this sum are the amounts from the indictment's counts 5, 6, 7, 8, 9, 10 the Flagstar and EquiCredit Bank Fraud counts thus indicating Judge Stotler issued acquittals in these counts but sentenced Bennett on them anyway(see Exhibit F).

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | SA CR 03-25(B) AHS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING IN PART AND |
| | ) | GRANTING IN PART |
| v. | ) | DEFENDANT'S MOTION FOR |
| | ) | JUDGMENT OF ACQUITTAL |
| JAMES DAVIS BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

## I.

### **INTRODUCTION**

On February 6, 2006, defendant filed a Motion for Judgment of Acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure ("Rule 29 Motion"). The government filed opposition on February 17, 2006. On March 24, 2006, the Court held a hearing on the Rule 29 Motion. Before the Court ruled on the motion, however, defendant asked the Court to hear his request to relieve counsel. The Court granted the motion to relieve defense counsel and allowed defendant to proceed in pro se. The hearing was continued to May 19, 2006, so that the new counsel could consider

DOCKETED ON CM
MAY 25 2006

1  defendant's pro se filings and the government's response thereto.

2  On March 14, 2006, defendant filed an Ex Parte Motion to

3  Relieve Counsel, Supplement to Rule 29 Motion and/or Petition for

4  Writ of Certiorari. On March 24, 2006, a duplicate copy of this

5  document was filed. On April 7, 2006, the government filed

6  opposition to defendant's Supplement to Rule 29 Motion. On April

7  20, 2006, defendant filed a reply thereto. On May 4, 2006,

8  defendant filed a Discovery Supplement to Reply. On May 19, 2006,

9  the Court held a hearing on the matter and granted defendant's Rule

10  29 Motion as to Count 12 of the Second Superseding Indictment only.

11  **II.**

12  **DISCUSSION**

13  **A.    A Rational Trier of Fact Could Not Have Found the**

14  **Essential Elements of the Crime Charged in Count 12**

15  "On a motion for judgment of acquittal, a court should

16  set aside the jury's verdict only if, viewing the evidence in the

17  light most favorable to the government, any rational trier of fact

18  could not have found the essential elements of the crime beyond a

19  reasonable doubt." United States v. Johnson, 804 F.2d 1078, 1083

20  (9th Cir. 1986). In reviewing a motion for judgment of acquittal,

21  the government is entitled to all reasonable inferences that might

22  be drawn from the evidence. Id.

23  Count 12 charged defendant with a continuing financial

24  crimes enterprise. This crime is defined as (1) organizing,

25  managing, or supervising a continuing financial crimes enterprise

26  and (2) receiving $5 million or more in gross receipts from such

27  enterprise in any 24-month period. 18 U.S.C. § 225(a); see United

28  States v. Harris, 79 F.3d 223, 229 (2d Cir. 1996). The term

2

 1  "continuing financial crimes enterprise" ("CFCE") means four or
 2  more people acting in concert to commit a series of violations[1]
 3  under either the bank fraud statute, the wire fraud statute, or the
 4  mail fraud statute, among other possible violations.  18 U.S.C. §
 5  225(b); see Harris, 79 F.3d at 229.  The latter two types of
 6  violations must affect a financial institution for purposes of the
 7  CFCE statute.[2]  18 U.S.C. § 225(b); Harris, 79 F.3d at 229.  Among
 8  other things, a "financial institution" is a bank or savings
 9  association the deposits of which are insured by the FDIC.  18
10  U.S.C. § 20(1); 12 U.S.C. § 1813(c)(2).

11              1.    **The Evidence Demonstrates That Receipts from the**
12                    **CFCE Do Not Total $5 Million**

13          In this case, the Court grants the Rule 29 Motion as to
14  Count 12 because the government fails to show that the entire $5
15  million in gross receipts attach to violations affecting financial
16  institutions.  As shown in the charts below, when one subtracts the
17  receipts from transactions with nonfinancial institutions, the
18  total gross receipts total well under $5 million.  The first chart
19  uses the information from defendant's summary Exhibit 524, while
20  the second chart uses the information from the government's summary
21  Exhibit 258.  The exhibits differed for purposes of this

22

23
     [1] A "series" of violations is three or more violations.  See
24  Harris, 79 F.3d at 229.

25          [2] The bank fraud statute, 18 U.S.C. § 1344, builds in the
     requirement that bank fraud affect a financial institution.  Bank
26  fraud is defined as "a scheme or artifice -- (1) to defraud a
     financial institution; or (2) to obtain any of the moneys, funds,
27  credits, assets, securities, or other property owned by, or under
     the custody or control of, a financial institution."  18 U.S.C. §
28  1344 (emphases added).

3

1 | calculation only as to the receipts attributable to two properties,

2 | 760 East 43rd Street and 520 Chestnut.  Using either party's

3 | information, the receipts total under $5 million.

4 | **CALCULATION UNDER DEFENDANT'S EXHIBIT 524**

| Property | Lender | Exhibit verifying lender | Receipt |
|---|---|---|---|
| 9501 S. Western | Mortgage Portfolio Services | Deft.'s Ex. 516 | $250,698.37 |
| 1177 W. 38th St. | Chadwick Mortgage, Inc. | Govt.'s Ex. 135 | $255,529.32 |
| 760 E. 43rd St. | Mortgage Portfolio Services | Deft.'s Ex. 515 | $116,073.57 |
| 456 E. 40th St | Home Loan Mortgage Co. | Deft.'s Ex. 512 | $211,914.43 |
| 615 W. Imperial | Greenpoint Mortgage Funding, Inc. | Deft.'s Ex. 513 | $223,439.99 |
| 1485 Molino | Mortgage Capital Acceptance | Govt.'s Ex. 158 | $186,365.68 |
| 1017 Raymond Ave. | Home Mortgage America/ Greenpoint Mortgage | Govt.'s Ex. 174 | $237,640.56 |
| 930 E. 11th St. | Home Mortgage America/ Greenpoint Mortgage | Deft.'s Ex. 519 | $244,807.78 |
| 428 W. 5th St. | New Freedom Mortgage Co. | Deft.'s Ex. 517 | $251,593.11 |
| 520 Chestnut | First National Home Finance | Deft.'s Ex. 518 | $183,729.82 |
| 549 E. 17th St. | First Union Mortgage Co. | Govt.'s Ex. 225 | $252,838.38 |
| 2121 Atlantic | BNC Mortgage Inc. | Govt.'s Ex. 234 | $251,407.38 |
| 860 Cerritos | Laguna Capital Mortgage | Deft.'s Ex. 514 | $241,443.84 |

4

| | | | |
|---|---|---|---|
| TOTAL from Nonfinancial institutions | | | $2,907,482.23 |
| TOTAL Gross Receipts in Deft.'s Ex. 524 | | | $5,532,021.21 |
| TOTAL Gross Receipts - Sum from Nonfinancial institutions | | | $2,624,538.98 ¢ |

## CALCULATION UNDER GOVERNMENT'S EXHIBIT 258

| Property | Lender | Exhibit verifying lender | Receipt |
|---|---|---|---|
| 9501 S. Western | Mortgage Portfolio Services | Deft.'s Ex. 516 | $250,698.37 |
| 1177 W. 38th St. | Chadwick Mortgage, Inc. | Govt.'s Ex. 135 | $255,529.32 |
| 760 E. 43rd St. | Mortgage Portfolio Services | Deft.'s Ex. 515 | $232,688.84 |
| 456 E. 40th St | Home Loan Mortgage Co. | Deft.'s Ex. 512 | $211,914.43 |
| 615 W. Imperial | Greenpoint Mortgage Funding, Inc. | Deft.'s Ex. 513 | $223,439.99 |
| 1485 Molino | Mortgage Capital Acceptance | Govt.'s Ex. 158 | $186,365.68 |
| 1017 Raymond Ave. | Home Mortgage America/ Greenpoint Mortgage | Govt.'s Ex. 174 | $237,640.56 |
| 930 E. 11th St. | Home Mortgage America/ Greenpoint Mortgage | Deft.'s Ex. 519 | $244,807.78 |
| 428 W. 5th St. | New Freedom Mortgage Co. | Deft.'s Ex. 517 | $251,593.11 |

5

| | | | |
|---|---|---|---|
| 520 Chestnut | First National Home Finance | Deft.'s Ex. 518 | $252,390.01 |
| 549 E. 17th St. | First Union Mortgage Co. | Govt.'s Ex. 225 | $252,838.38 |
| 2121 Atlantic | BNC Mortgage Inc. | Govt.'s Ex. 234 | $251,407.38 |
| 860 Cerritos | Laguna Capital Mortgage | Deft.'s Ex. 514 | $241,443.84 |
| TOTAL from Nonfinancial institutions | | | $3,092,757.69 |
| TOTAL Gross Receipts in Govt.'s Ex. 258 | | | $5,869,334.13 |
| **TOTAL Gross Receipts - Sum from Nonfinancial institutions** | | | $2,776,576.44 |

## 2. The Government's Argument That the Receipts Need Not Come from Violations Affecting Financial Institutions is Unpersuasive

The government argues that the $5 million in gross receipts need not all "come from" financial institutions, relying on United States v. Lefkowitz, 125 F.3d 608 (8th Cir. 1997), and United State v. Gallant, No. CRIM.03-CR-00232-RPM, 2006 WL 278554 (D. Colo. Feb. 3, 2006). In Lefkowitz, the defendant induced financial institutions to invest $1,120,000 in his fraudulent scheme, which investments allowed the defendant's company to make offerings grossing over $5 million within a 24-month period. The court concluded that these facts, together with facts demonstrating the other elements of § 225 had been met, were sufficient to support a jury's finding that the defendant violated § 225. In Gallant, the district court instructed the jury that the

6

1 government must prove the defendants "received more than $5,000,000

2 in gross receipts, from such enterprise during a 24-month period."

3 Gallant, 2006 WL 278554 at *2. In addition, the "continuing

4 financial crimes enterprise [must have] affected a financial

5 institution." Id. The Gallant court held that the defendants'

6 argument that "gross receipts must be shown to have been received

7 from the offenses constituting the 'continuing financial crimes

8 enterprise' specifically charged" took too narrow a view of § 225.

9 Id. at *3. The purpose of § 225 was to increase the penalty for

10 violations that "were a part of repeated and continuing criminal

11 conduct affecting the health of a financial institution." Id.

12 Thus, the CFCE count required only evidence "that the defendants

13 were responsible for a recurring pattern of fraud to obtain funds

14 from [a financial institution] unlawfully." Id.

15          The Court finds the Second Circuit's opinion in Harris

16 more persuasive on this issue. In that case, the court explained

17 that the $5 million element of the offense was "tied to the series

18 of violations," i.e., the $5 million or more in receipts should

19 come "from the series of violations during any 24-month period."

20 Harris, 79 F.3d at 230. According to the express language of

21 § 225(b) and 18 U.S.C. 1344 (bank fraud statute), the mail fraud,

22 wire fraud, and bank fraud violations in the series must affect a

23 financial institution. With only those violations that affect

24 financial institutions comprising the series, and thus, the

25 enterprise, as detailed in the chart above, the total gross

26 receipts from the enterprise would be less than $5 million.

27 //

28 //

7

# III.

## CONCLUSION

For the foregoing reasons, the Court denies in part and grants in part defendant's Rule 29 Motion. The Court grants the motion as to Count 12 only.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on counsel and defendant at his last known place of incarceration.

DATED: May 24, 2006.

ALICEMARIE H. STOTLER
CHIEF U.S. DISTRICT JUDGE

Contents:

    -Excerpts from the October 6, 2006 sentencing transcripts
     showing Bennett requesting all convictions, verdict forms,
     and the determination of all un-charge, un-indicted, and
     un-arraigned counts. Stotler refuses and leaves it up to
     the Appeals court.

1    that you allowed the government to bring in during trial --

2    if that never occurred, I don't think we would have a

3    problem either, but you did.  You allowed 25 counts to come

4    in to this court, 25 counts.  We only started off with 12

5    counts in the Indictment.  Count 11 was dismissed.  That

6    left us with Counts 1 through 10 and Count 12.  I don't know

7    where the 25 counts came from.

8          I also do not know -- Jury Instruction or Court

9    Instruction No. 26, what are the properties and lenders that

10   Court instruction applies to.

11         So if you can answer those questions for me, and I

12   realize that you decline to provide me the verdict form on

13   all the charges.  I would once again request the verdict

14   form just so we know exactly what we are doing here and just

15   so that I know exactly what happened.

16         THE COURT:  Is there anything else?

17         MR. BENNETT:  If you could tell me exactly what

18   the convictions were?  The Court instructions were not --

19   did not match the Indictment, so I am trying to find out if

20   -- I just read your tentative on the sentencing.  I am

21   trying to find out what are the charges you plan to sentence

22   me on?  Is it going to be the indicted charges, or is it

23   going to be the charges that you told -- you gave

24   instructions to the jury on?

25         THE COURT:  Let me advise you that you are

*SHARON SEFFENS, U.S. COURT REPORTER*

1    entitled to take an appeal of the Court's judgment by filing

2    a Notice of Appeal within ten days from today's date, and if

3    you fail to file a Notice of Appeal within that time, there

4    will be no review of the Court's judgment.

5              Do you have questions about your right to appeal?

6              MR. BENNETT:   I think at this point I need an

7    attorney.   I am requesting assistance of a Court-appointed

8    attorney because you refuse to explain to me on the record

9    what the convictions are and what the violations are.   I

10   don't think I need to leave here without knowing that.

11             If you are going to give me a sentence to prison,

12   I think you have an obligation not only to this court but to

13   this government to tell me before I leave out of here.   The

14   Fifth Amendment demands that you tell me exactly what you

15   plan to sentence me on since you changed the charges from

16   what was indicted.

17             So I don't think it's something that you can tell

18   me that I need to finish and shut up and get moving.   I

19   think you need to do that, Your Honor, and I think that

20   justice demands it.

21             THE COURT:   Do you have any questions about your

22   right of appeal?

23             MR. BENNETT:   I am requesting at this point

24   Court-appointed counsel to complete this sentencing.

25             THE COURT:   Do you have any questions about your

*SHARON SEFFENS, U.S. COURT REPORTER*

**EXHIBIT G**

Contents:

-Ninth Circuit docket showing Commissioner Shaw deprived
 Bennett of due process by concealing(striking) the opening
 brief with the Jurisdictional Statement, hid Bennett's
 objection to his recommendations to strike the opening
 brief, and made un-Constitutional Judicial orders denying
 motion for re-hearing, denying habeas corpus relief(28 USC 2241),
 and ordering replacement CJA counsel.

-Ninth Circuit "Order for Time Schedule" showing their approval of
 Bennett's Pro Se Status.

-Default Notice issued to Government after they learned
 of the Jurisdictional Statements within the brief.

|          |                                                                                                         |
|----------|---------------------------------------------------------------------------------------------------------|
|          | of 12/11/06  responds to all pending motions in question) (ca) [06-50580]                               |
| 12/11/06 | Filed order ( Alfred T. GOODWIN, M. M. McKEOWN, ): Aplt's mtn for bail penidng appeal is denied without prejudice to renewal, if necessary, following presentation of the mtn to the dist ct. [5978385-1] (CITE) Aplt's "mtn for a bill of particulars" is denied. [5979177-1] Aplt's "mtn to take judicial notice" is denied. [5994270-1] The court rptr's mtn to file the transcript late is granted.  The Clerk shall file the transcript rcvd on 11/21/06, and shall notify the court rptr of aplt's new address and instruct her to send aplt a copy of the transcript at his new address.  The brfing sched established prvsly shall remain in effect.  [06-50580] (gail) [06-50580] |
| 12/11/06 | Filed James Davis Bennett in 06-50580 notice of designation of reporter's transcript (prvsly rcvd; filed per 12/11/06 order) [06-50580] (gail) [06-50580] |
| 1/9/07   | Filed Appellant James Davis Bennett's motion to reconsideration of motion for bail pending appeal; served on 1/8/07. (MOATT) [06-50580] (ca) [06-50580] |
| 1/11/07  | Rec'd aplt James Davis Bennett in 06-50580 notice of designation of reporter's transcript. [06-50580] (af) [06-50580] |
| 1/23/07  | Filed (MOATT/PE) Order (Richard A. PAEZ, Jay S. BYBEE,) Aplt's mtn to recon the denial of his bail mtn is DENIED. Aplt's renewed mtn for bail pending appeal is DENIED w/out prejudice to renewal, if necessary, following presentation of the mtn to the DC. (cite) The briefing schedule established previously shall remain in effect.  [06-50580] (af) [06-50580] |
| 2/5/07   | Filed original and 7 copies Appellant James Davis Bennett in 06-50580 opening brief  ( Informal: no) 30 pages and 5 copies of excerpts; served on 1/31/07  [06-50580] (gail) [06-50580] |

Docket as of September 7, 2007 11:18 pm              Page 5

06-50580 USA v. Bennett, et al

|          |                                                                                                         |
|----------|---------------------------------------------------------------------------------------------------------|
| 2/26/07  | Filed Appellant's mtn for bail; recon of 9th Cir. order dated 1/23/07 [06-50580] served on 2/23/07 [6101453] MOATT [06-50580] (gail) [06-50580] |
| 2/26/07  | Copy DC motion received: Aplt's mtn for completed record to incudle all filings  [06-50580] (gail) [06-50580] |
| 3/2/07   | Filed order ( Alfred T. GOODWIN, A. W. TASHIMA, ): Appellant's motion for bail pending appeal is denied because aplt has not shown, by clear and convincing evidence, that aplt is not likely to flee or pose a danger |

to the safety of any other person or the community if
released. [6101453-1] (CITE)  The brfing sched established
prvsly shall remain in effect.  [06-50580] (gail)
[06-50580]

3/9/07        Filed Aple USA's mtn for determination as to whether
              deft-aplt will be given leave to proceed pro se [06-50580]
              served on 3/8/07 [6113429] MOATT (gail) [06-50580]

3/28/07       Received orig. and 1 copies James Davis Bennett in
              06-50580's reply brief  (  Informal: yes ) of 7 pages;
              served on 3/27/07 . (rcvd because no answ brf has yet been
              filed.) [06-50580] (gail) [06-50580]

3/30/07       Sent Appellee USA in 06-50580 31(c) letter for failure to
              file answ brf. response to 31(c) letter due 4/16/07;
              [06-50580] (sent in error mtn to proceed pro se
              pending/moatt) (gail) [06-50580]

3/30/07       Received 1 copy Appellant James Davis Bennett in 06-50580's
              addendum to reply brief (includes portion of transcripts) (
              [6131931-1] ,served on 3/30/07 [06-50580] (gail)
              [06-50580]

3/30/07       Filed Appellant's mtn to continue with current brfing sched
              and to accept the government's filing dated 3/8/07 as
              opposition brf [06-50580] served on 3/27/07 [6135883] MOATT
              [06-50580] (gail) [06-50580]

4/4/07        Received letter (undated) from pro se re: req for status of
              case (sent public docket to aplt in response) (gail)
              [06-50580]

4/16/07       Received Lawrence A. Kole for Appellee USA in 06-50580
              letter dated 4/12/07 re: ntc that no answ brf is yet due
              and govt will await new due date.  [06-50580] (gail)
              [06-50580]

4/20/07       Referred to MOATT re: status of aple's mtn filed 3/9/07.
              [6113429-1] [06-50580] (ea) [06-50580]

4/25/07       Received letter from pro se dated 4/25/07 re: req "to
              expeditiously to complete appeal"  (copy to MOATT) (gail)

Docket as of September 7, 2007 11:18 pm              Page 6

06-50580 USA v. Bennett, et al

              [06-50580]

4/27/07       Filed order (Appellate Commissioner) The Clerk shall serve
              copies of the Report and Recommendation filed
              contemporaneously with this order on all parties at the
              addresses of record.  Appellant James Davis Bennett may
              file a pro se objection to the Report and Recommendation
              within 21 days after this order is filed.  The Clerk shall

forward to the Appellate Commissioner any objection filed.
( Ap.Com.)  [06-50580] (dl) [06-50580]

4/27/07        Filed Report and Recommendation by Appellate Commissioner.
               [06-50580] (dl) [06-50580]

5/1/07         Filed Appellant's mtn for default jdgmnt of acquittal on
               counts 1-10; mtn for hearing to determine the legality of
               aplt's continued detention pursuant to 28 USC 2241; and mtn
               to refer Alicemaire Stotler, Lawrence E. Kole, and Brett A.
               Sagel to Congress for criminal investigation [06-50580]
               served on 4/19/07 [6171378] APP. COMM. [06-50580] (gail)
               [06-50580]

5/14/07        Received letter dated May 11, 2007, from appellant's spouse
               in support of appellant's request to proceed pro se.
               (Ap.Com.)  [06-50580] (dl) [06-50580]

5/15/07        Received notice of objection to App.Comm. recommendation
               from Appellant James Davis Bennett in 06-50580 (rcvd in
               court on 5/15/07; rcvd in docketing on 6/5/07) (copy to
               APP. COMM.) (gail) [06-50580]

5/29/07        Rec'd notice of change of address from Appellant James
               Davis Bennett in 06-50580  dated 5/23/07 (new address:
               #32589-112 FCI Stafford, P.O.Box 9000, Safford, AZ 85548)
               [06-50580] (gail) [06-50580]

5/29/07        Received letter dated 23 May 2007 from the wife of
               appellant re: request of appellant to represent himself.
               (Ap.Com.)  [06-50580] (dl) [06-50580]

Docket as of September 7, 2007 11:18 pm                    Page 7

06-50580 USA v. Bennett, et al

6/8/07         Filed order ( Edward LEAVY, Thomas G. NELSON):  ...On April
               27, 2007, the Appellate Commissioner filed a Report and
               Recommendation concluding that the court should deny
               appellant Bennett's self-representation and appoint new
               counsel to represent Bennett on appeal. Bennett was allowed
               21 days within which to file objections to the Report and
               Recommendation. During the objection period, Bennett filed
               a "Motion for Default Judgment of Acquittal, etc." and,
               with a cover letter from his wife, an "Ex Parte Motion to
               Relieve Counsel Supplement, etc." Bennett's submissions are
               construed as objections to the Appellate Commissioner's
               Report and Recommendation. So construed, Bennett's
               objections are overruled. The court adopts the Appellate
               Commissioner's Report and Recommendation in full. Appellant
               Bennett is denied permission to represent himself on
               appeal. New counsel will be appointed by separate order.
               The Clerk shall serve a copy of this order by facsimile
               transmission on Sean K. Kennedy, Federal Public Defender,
               321 East Second Street, Los Angeles, California 90012-4206
               (FAX: (213) 894-0081), who will locate appointed counsel.

The district court shall provide this court with the name
and address of appointed counsel by facsimile transmission
(FAX: (415) 355-8111) within 14 days of locating counsel.
The Clerk shall strike Bennett's pro se opening brief filed
February 5, 2007 and Bennett's pro se reply brief received
March 28, 2007. The Clerk shall provide copies of both
stricken briefs to Mr. Kennedy, who is requested to serve
the briefs on new counsel for such consideration as counsel
deems appropriate. New counsel shall order any additional
transcripts by July 30, 2007. The court reporters shall
file the transcripts in the district court by August 29,
2007. Appellant Bennett's opening brief and excerpts of
record are due October 8, 2007. Appellee's answering brief
is due November 7, 2007. Appellant Bennett's optional reply
brief is due 14 days after service of the answering brief.
[06-50580] (dl) [06-50580]

6/11/07        Rec'd aplt James Davis Bennett in 06-50580's request for
               criminal investigation; served on 6/2/07. (App. Comm)
               [06-50580] (af) [06-50580]

6/19/07        Filed Appellant James Davis Bennett in 06-50580's motion to
               disbar Lawrence E. Kole & Brett A. Sagel [06-50580] served
               on 6/18/07 [6211691] MOATT [06-50580] (gail)
               [06-50580]

6/22/07        Received letter dated 6/17/07 from pro se re: "aplt's
               formal proffer to the 9th Circuit" (APP.COMM.) (gail)
               [06-50580]

7/2/07         Filed Appellant James Davis Bennett in 06-50580's motion to
               reconsider 6/8/07 order [06-50580] served on 6/17/07
               [6221883] MOATT [06-50580] (gail) [06-50580]

Docket as of September 7, 2007 11:18 pm              Page 8

06-50580 USA v. Bennett, et al

7/2/07         Received Appellant in 06-50580 notice of designation of
               reporter's transcript.  CASEFILE [06-50580] (gail)
               [06-50580]

7/3/07         Received copy of District Court order filed on June 20,
               2007 appointing James M. Crawford, Esq., as CJA counsel of
               record for appellant. [06-50580] (dl) [06-50580]

7/10/07        Filed order (Appellate Commissioner) This court has
               received appellant James Davis Bennett's pro se request for
               a criminal investigation, motion to disbar the government
               attorneys, and petition for rehearing and proffer. Because
               appellant Bennett is represented by counsel, only counsel
               may file motions. The court therefore declines to entertain
               Bennett's submissions. With this order, the Clerk shall
               serve copies of the pro se submissions on appellant's newly
               appointed counsel of record, James M. Crawford, Esq., 528
               North Glassell, Orange, California 92867, for such

consideration as counsel deems appropriate. The Clerk shall
also serve this order on appellant individually, James
Davis Bennett, Reg. No. 32589-112, Federal Correctional
Institution, P.O. Box 9000, Safford, Arizona 85548. (
Ap.Com.)   [06-50580] (dl) [06-50580]

8/6/07          Filed James M. Crawford in 06-50580's motion to withdraw as
                counsel [06-50580] ; served on 8/2/07 MOATT (gail)
                [06-50580]

9/7/07          Filed order (Appellate Commissioner) The motion of James M.
                Crawford, Esq., 528 North Glassell Street, Orange,
                California 92867, (714) 288-0180, to be relieved as counsel
                for appellant is granted. New counsel will be appointed by
                separate order. The Clerk shall serve a copy of this order
                by facsimile transmission on Sean K. Kennedy, Federal
                Public Defender, 321 East Second Street, Los Angeles,
                California 90012-4206 (FAX: (213) 894-0081), who will
                locate appointed counsel. The district court shall provide
                this court with the name and address of appointed counsel
                by facsimile transmission (FAX: (415) 355-8111) within 14
                days of locating counsel. New counsel shall designate the
                reporter's transcript by October 15, 2007. The transcript
                is due December 17, 2007. Appellant's opening brief and
                excerpts of record are due January 28, 2008; appellee's
                answering brief is due February 27, 2008; and the optional
                reply brief is due within 14 days after service of the
                answering brief. ( MoAtt)   [06-50580] (dl) [06-50580]

Docket as of September 7, 2007 11:18 pm             Page 9

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 09/13/2007 08:26:29 | | |
| PACER Login: | sgl1989 | Client Code: | |
| Description: | dkt report | Case Number: | 06-50580 |
| Billable Pages: | 9 | Cost: | 0.72 |

   

If you view the full docket online, you will be charged for 10 Pages    $ 0.80

## US Court of Appeals for the Ninth Circuit
## Case Summary

```
Court of Appeals Docket #: 06-50580              Filed: 10/17/06
Nsuit:    0
USA v. Bennett, et al
Appeal from: Central District of California (Santa Ana)

Lower court information:
     District: 0973-8 : CR-03-00025-AHS
     presiding judge: Alicemarie H. Stotler, District Judge
```

| | |
|---|---|
| 9/21/07 | Received copy of District Court order filed on September 14, 2007 appointing Phillip A. Trevino, Esq., as CJA counsel of record for appellant. [06-50580] (dl) [06-50580] |
| 10/9/07 | Filed Appellant James Davis Bennett's motion to remove Aplt Commissioner "from further participation" [06-50580] served on 10/4/07 [6315304] (MOATT) [06-50580] (gail) [06-50580] |
| 10/15/07 | Received Appellant James Davis Bennett in 06-50580 notice of designation of reporter's transcript (multiple hearings from 1/31/03 to 1/26/07 are listed) [06-50580] (gail) [06-50580] |
| 10/29/07 | Received notice of petition under USC 2241 from Appellant James Davis Bennett in 06-50580  (MOATT) (gail) [06-50580] |
| 11/1/07 | Filed Appellant James Davis Bennett's mtn for grand jury authorized jurisdiction [06-50580] served on 10/29/07 [6339313] (MOATT) [06-50580] (gail) [06-50580] |
| 11/13/07 | Filed Phillip A. Trevino in 06-50580's motion for leave to expend funds under the Criminal Justice Act (APPELLATE COMMISSIONER). (tu) [06-50580] |
| 11/15/07 | Filed Appellant James Davis Bennett's mtn for smmry jdgmnt of "Petitioner under 28 USC $2241 for a writ of habeus corpus" [06-50580] served on 11/13/07 [6346374] (MOATT) [06-50580] (gail) [06-50580] |
| 11/26/07 | Filed Appellant's ntc of mtn and mtn for temporary retraining order [06-50580] served on 11/9/07 [6358271] (MOATT) [06-50580] (gail) [06-50580] |
| 11/26/07 | Filed Appellant James Davis Bennett in 06-50580's motion for immediate release [06-50580] served on 11/17/07 [6358278] (MOATT) [06-50580] (gail) [06-50580] |
| 11/29/07 | Filed order (Appellate Commissioner) Aplt's mtn for approval under the CJA to incur up to $700 to photcopy dist court records is granted. [6355666-1] Aplt is instructed to |

FILED
CLERK, U.S. DISTRICT COURT

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

OCT 16 2006

| | |
|---|---|
| **U.S. COURT OF APPEALS CASE NUMBER:** | CENTRAL DISTRICT OF CALIFOR. BY _____ DEPU |

UNITED STATES OF AMERICA,

Plaintiff(s)/Appellee(s)

v.

JAMES DAVIS BENNETT,

Defendant(s)/Appellant

**U.S. DISTRICT COURT CASE NUMBER:**
SA CR 03-25-AHS

DISTRICT OF: CENTRAL CALIFORNIA

NOTICE OF APPEAL FILED: 10/06/06

☐ CJA OF F.P.
☐ APPOINTED COUNSEL
☐ RETAINED COUNSEL
☐ ON BAIL
☒ Pro-se

☐ PAID APPEAL
☐ FED. PUBLIC DEFENDER
☐ ADV. COUNSEL
☐ IN CUSTODY

## ORDER FOR TIME SCHEDULE

The parties, counsel and court personnel in the processing of this appeal, will comply with the following time schedule:

| | | |
|---|---|---|
| 1. | If not exempt, the docket fee will be transmitted to the Clerk of the District Court: | **IMMEDIATELY** |
| 2. | Date transcript(s) will be ordered from the court reporter:<br>If this case is under CJA, give the date that the order is to be given to the court reporter. | 11/6/06 |
| 3. | The court reporter's transcript(s) will be filed in the District Court:<br>Certificate of Record will be submitted to the Court of Appeals by the Clerk of the District Court immediately upon the filing of the transcript. The Certificate of Record indicates that the complete trial court record, including designated transcripts, is available for use of the parties. | 1/5/07 |
| 4. | Appellant's opening brief and excerpts of record will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: | 2/14/07 |
| 5. | The appellee's brief will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: | 3/16/07 |
| 6. | The appellant's [optional] reply brief will be served and filed pursuant to F.R.A.P. 32 and Circuit Rule 32-1: | 3/30/07 |

By direction of the Judicial Conference of the United States, this Court must expedite criminal appeals. This time schedule must be adhered to without exception. This appeal will be deemed ready for calendaring on the first available calendar after the appellee's brief is filed.

For the Court:
CATHY A. CATTERSON, Clerk
U.S. Court of Appeals

I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ALL COUNSEL (OR PARTIES) AT THEIR RESPECTIVE, MOST RECENT, ADDRESS OF RECORD, IN THIS ACTION, ON THIS DATE.

DATED: _____

DEPUTY CLERK _____

By: _____ C. REYES
Deputy Clerk,
United States District Court
Central District of California

DOCKETED ON CM

Circuit Rule 42-1 requires that this appeal may be dismissed if appellee's brief is not timely.

**ORDER FOR TIME SCHEDULE - U.S.C.C.A. 9TH CIRCUIT**

A-7 (04/99)

OCT 16 2006

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

March 30, 2007

**FILED**

MAR 3 0 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JAMES DAVIS BENNETT,<br><br>Defendant - Appellant. | No.  06-50580<br>D.C. No.  CR-03-00025-AHS<br><br><br>**DEFAULT NOTICE** |

Court records do not reflect receipt of the answering brief or a letter stating that no brief will be filed.  Within 14 days from the date of this notice, appellee shall submit the brief and a motion for relief from default or inform the court in writing that no answering brief will be filed.  In the absence of a timely response to this order, the case will be calendared on the basis of the opening brief alone and appellee will be barred from participating in any scheduled oral argument. Fed. R. App. P. 31(c); 9th Cir. R. 31-2.3.

FOR THE COURT:

Cathy A. Catterson
Clerk of Court

*Gail Nelson-Hom*

By: Gail Nelson-Hom
Deputy Clerk

## EXHIBIT H

Contents:

-Internet print out from California agencies responsible for
overseeing lending activities within that state. They
clearly show that if Flagstar was making Real Estate Loans
there they did it illegally.

## Multiple Department License Lookup

This lookup will search licensing information for the Department of Corporations, Department of Financial Institutions, Department of Real Estate and the Office of Real Estate Appraisers.

Please indicate the type of search desired, either by person name or company name and then enter the desired name. For persons, specify the name as Last Name, First Name.

Name Search Help

◌ Person Name ( Last Name, First Name)

◉ Company Name

Name: Flagstar Bancorp, Inc.

Find    No matches were found for this lookup.

To locate specific details about the various licensees of the California Real Estate and Financial Service Departments
Click Here

## Multiple Department License Lookup

This lookup will search licensing information for the Department of Corporations, Department of Financial Institutions, Department of Real Estate and the Office of Real Estate Appraisers.

Please indicate the type of search desired, either by person name or company name and then enter the desired name. For persons, specify the name as Last Name, First Name.

Name Search Help

◯ Person Name ( Last Name, First Name)

◉ Company Name

Name: Flagstar Bank

Find    No matches were found for this lookup.

To locate specific details about the various licensees of the
California Real Estate and Financial Service Departments
Click Here

## EXHIBIT I

Contents:

- -Letter from Mr. Kennedy's counsel Gail Ivens confirming that "the administration of the [CJA] panel was assigned to the Federal Public Defender" and that "Attorneys are assigned to cases randomly".
- -Docket entry showing that Mr. Kennedy's office informed Judge Stotler that they have a conflict with Plaintiff Bennett therefore they could not participate in his representation.

**FEDERAL PUBLIC DEFENDER**
CENTRAL DISTRICT OF CALIFORNIA
321 EAST 2nd STREET
LOS ANGELES, CALIFORNIA 90012-4202
213-894-2854
213-894-0081 FAX

**SEAN K. KENNEDY**
*Federal Public Defender*
**DEAN R. GITS**
*Chief Deputy*

**CRAIG WILKE**
*Directing Attorney*
*Santa Ana Office*
**JESUS G. BERNAL**
*Directing Attorney*
*Riverside Office*

Direct Dial: (213) 894-5022

June 22, 2007

James Davis Bennett
Reg. No. 32589-112
F.C.I. Safford
P.O. Box 9000
Safford, AZ 85548

Re:    United States v. Bennett, CA No. 06-50580

Dear Mr. Bennett:

I am in receipt of your letter to Mr. Kennedy which sets forth your concerns about the process by which the Federal Public Defender selects the counsel to handle your appeal. I am the Administrator of the Appellate Panel for the Central District, and Mr. Kennedy referred your letter to me for response.

I was a member of the Central District appellate panel from 1990 until I returned to this office as a Deputy in January of 2006, and am very familiar with the history and process of appointments for appeal in this district. From 1990 to 1996, the panel was administered by a Magistrate Judge. Beginning in 1996, the administration of the panel was assigned to the Federal Public Defender by delegation from the Chief Judge of the Ninth Circuit. Currently, the panel consists of approximately 40 attorneys. These attorneys must have significant appellate or other transferable experience prior to joining the panel, their qualifications and membership are reviewed every three years, and they attend a mandatory training on appellate practice each Spring. Attorneys are assigned to cases randomly, by rotation, unless a case requires specialized handling or qualifications (for example, a death penalty appeal). Their representation in cases assigned to them is totally independent of our office. Although we provide training and resources to the panel attorneys, their litigations decisions, made in consultation with their clients, are their own and are not supervised by our office.

Your case had already been assigned to panel attorney James Crawford prior to the time I received your letter. I cannot undo the appointment, nor would it be proper for me to do so. Your remedy at this point is to address your concerns to the Appellate

June 22, 2007
Page 2


Commissioner, Peter Shaw, who rules on issues regarding counsel for the Ninth Circuit.

The Ninth Circuit does not maintain a separate list of panel attorneys for appointments; that job is delegated to either the FPD or a Magistrate Judge in each of the districts of the Ninth Circuit. You could request that counsel from a different district be appointed to represent you. I would not recommend that, however. Mr. Crawford is an experienced attorney, and you are unlikely to find someone more qualified to handle your appeal in a different district. Mr. Crawford has the additional advantage that he is already familiar with the Central District judges and attorneys. You must do, however, what you think best.

I hope this addresses your concerns. Best of luck on your appeal.

Sincerely


Gail Ivens
Deputy Federal Public Defender


cc:    Sean K. Kennedy, Federal Public Defender
       James Crawford, esq.
       528 N. Glassell Ave.
       Orange, CA 92867
       (714) 288-0180

| 02/09/2004 | 66 | FURTHER STATUS CONFERENCE RE: REPRESENTATION held before Judge Alicemarie H. Stotler as to James Davis Bennett: Defendant informs the Court that he has not yet retained counsel. Court advised defendant that he may represent himslef, or have counsel appointed for him with defendant contributing towards his attorney's fees. Defendant wishes to continue to seek retained counsel. Further Status Conference is scheduled for 2:30 p.m. on 02/23/04. Defendant is ordered back at that time. New counsel shall file appearance before the Court, and appear with defendant. C/R: Leslie King (tso) (Entered: 02/11/2004) |
|---|---|---|
| 02/23/2004 | 67 | MINUTES OF FURTHER STATUS CONFERENCE RE: REPRESENTATION held before Judge Alicemarie H. Stotler as to James Davis Bennett: Defendant informs the Court he has not yet retained counsel. Court appoints Federal Public Defender to represent defendant. In the event the Federal Public Defender has a conflict, the Court shall be notified and CJA counsel shall be appointed. Defendant is advised that reasonable contribution might be necessary to his defendant. Retained counsel is not precluded. Trial will commence as scheduled on 04/27/04. Defendant ordered back at that time. Defendant remains on bond under the same terms and conditions as previously order pending trial. Defendant ordered to the Federal Public Defender's Office forthwith. C/R: Theresa A. Lanza (tso) (Entered: 02/27/2004) |
| 02/23/2004 | 68 | NOTICE OF DISCREPANCY AND ORDER by Judge Alicemarie H. Stotler as to James Davis Bennett: Striking Motion; Stipulation and Order to modify Pretrial Supervision. (tso) (Entered: 03/01/2004) |
| 03/01/2004 | 69 | (IN CHAMBERS) APPOINTMENT OF CJA COUNSEL by Judge Alicemarie H. Stotler as to James Davis Bennett: Court has been informed by the Federal Public Defender of a conflict regarding the appointed representation of defendant on 02/23/04. Accordingly, Court appoints CJA Counsel Michael S Meza as attorney of record for defendant. Mr Meza accepts the apointment and acknowledges this matter has a complex case designation with a three-week treial estimate, trial to commence 04/27/04 at 9:00 a.m. C/R: None (tso) (Entered: 03/02/2004) |
| 03/10/2004 | 70 | MAIL RETURNED UNDELIVERABLE as to James Davis Bennett Item: Notice of Document Discrpancies (document |

(10)

**EXHIBIT J**

Contents:

-Organization chart showing Kennedy's Department(Defender Services
come under the supervision of the "Administrative Office of the
United States Courts.

## ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS



# EXHIBIT K

**Contents:**

   -Docket entries from the District demonstrating the Kennedy
   conflict of interest with Plaintiff Bennett.

| 02/09/2004 | 66 | FURTHER STATUS CONFERENCE RE: REPRESENTATION held before Judge Alicemarie H. Stotler as to James Davis Bennett: Defendant informs the Court that he has not yet retained counsel. Court advised defendant that he may represent himslef, or have counsel appointed for him with defendant contributing towards his attorney's fees. Defendant wishes to continue to seek retained counsel. Further Status Conference is scheduled for 2:30 p.m. on 02/23/04. Defendant is ordered back at that time. New counsel shall file appearance before the Court, and appear with defendant. C/R: Leslie King (tso) (Entered: 02/11/2004) |
|---|---|---|
| 02/23/2004 | 67 | MINUTES OF FURTHER STATUS CONFERENCE RE: REPRESENTATION held before Judge Alicemarie H. Stotler as to James Davis Bennett: Defendant informs the Court he has not yet retained counsel. Court appoints Federal Public Defender to represent defendant. In the event the Federal Public Defender has a conflict, the Court shall be notified and CJA counsel shall be appointed. Defendant is advised that reasonable contribution might be necessary to his defendant. Retained counsel is not precluded. Trial will commence as scheduled on 04/27/04. Defendant ordered back at that time. Defendant remains on bond under the same terms and conditions as previously order pending trial. Defendant ordered to the Federal Public Defender's Office forthwith. C/R: Theresa A. Lanza (tso) (Entered: 02/27/2004) |
| 02/23/2004 | 68 | NOTICE OF DISCREPANCY AND ORDER by Judge Alicemarie H. Stotler as to James Davis Bennett: Striking Motion; Stipulation and Order to modify Pretrial Supervision. (tso) (Entered: 03/01/2004) |
| 03/01/2004 | 69 | (IN CHAMBERS) APPOINTMENT OF CJA COUNSEL by Judge Alicemarie H. Stotler as to James Davis Bennett: Court has been informed by the Federal Public Defender of a conflict regarding the appointed representation of defendant on 02/23/04. Accordingly, Court appoints CJA Counsel Michael S Meza as attorney of record for defendant. Mr Meza accepts the apointment and acknowledges this matter has a complex case designation with a three-week treial estimate, trial to commence 04/27/04 at 9:00 a.m. C/R: None (tso) (Entered: 03/02/2004) |
| 03/10/2004 | 70 | MAIL RETURNED UNDELIVERABLE as to James Davis Bennett Item: Notice of Document Discrpancies (document |

(10)

**EXHIBIT L**

Contents:

    -Docket entries at the District showing that there has never
    been an order filed authorizing James M. Crawford or Phillip
    A. Trevino to represent the Plaintiff.

APPEAL, CLOSED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CRIMINAL DOCKET FOR CASE #: 8:03-cr-00025-AHS All Defendants

Case title: USA v. Bennett, et al
Other court case number: 3:03-mj-00238 INTERIN

Date Filed: 01/29/2003
Date Terminated: 01/26/2007

| Date Filed | # | Docket Text |
|---|---|---|
| 09/07/2007 | 400 | ORDER of USCA filed as to James Davis Bennett re Notice of Appeal to USCA - Final Judgment, 319, CCA #06-50580. The motion of James M. Crawford, to be relieved as counsel for appellant is granted. New counsel will be appointed by separate order. The Clerk shall serve a copy of this order by facsimile transmission on Sean K. Kennedy, Federal Public Defender (FAX: (213) 894-0081), who will locate appointed counsel. The district court shall provide this court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 355-8111) within 14 days of locating counsel. New counsel shall designate the reporter's transcript by 10/15/07. The transcript is due 12/17/07. The briefing schedule has been set. Order received in this district on 9/10/07. (car) (Entered: 09/11/2007) |
| 08/17/2007 | 401 | TRANSCRIPT filed as to James Davis Bennett for dates of 12/06/05 before Judge Alicemarie H Stotler, Court Reporter: ECRO. (ln) (Entered: 09/13/2007) |
| 07/20/2007 | 398 | TRANSCRIPT filed as to James Davis Bennett for dates of 2/9/04 before Judge Alicemarie H. Stotler, Court Reporter: Leslie A. King. (ml) (Entered: 07/23/2007) |
| 07/19/2007 | 399 | TRANSCRIPT filed as to James Davis Bennett for dates of 10/06/06 before Judge Alicemarie H Stotler, Court Reporter: Sharon A Seffens. (ln) (Entered: 07/24/2007) |
| 06/28/2007 | 397 | AMENDED TRANSCRIPT DESIGNATION AND ORDERING FORM as to James Davis Bennett, for Dates: 12/15/03, 1/12/04. 1/26/04, 2/9/04, 2/23/04, 10/4/04, 10/25/04, 7/25/05, 9/7/05, 11/8/05, 11/10/05, 11/15/05, 11/16/05, 11/17/05, 11/22/05, 11/23/05, 11/29/05, 11/30/05, 12/1/05, 12/6/05, 12/14/05, 12/15/05, 1/3/06, 1/4/06, 1/10/06, 3/24/06, 4/12/06, 5/19/06, 10/6/06; Court Reporter: Debbie Gale, Theresa Lanza, Leslie King, Deborah Parker, Lisa Gonzalez, Pat Ciep, Nancy Smith-Wells, Jennifer Lewis, Sharon Seffens; Court of Appeals Case Number: 06-50580; Re: Notice of Appeal to USCA - Final Judgment, 319 (Attachments: # 1)(Crawford, James) (Entered: 06/28/2007) |
| 06/08/2007 | 396 | ORDER of USCA filed as to James Davis Bennett re Notice of Appeal to USCA - Final Judgment 319 CCA #06-50580. The governments request for a determination whether appellant James Davis Bennett may represent himself on appeal was referred to the Appellant Commissioner. On 4/27/2007, the Appellate Comissioner filed a Report and Recommendation concluding that the court should deny appellant Bennetts self-representation and appoint new counsel to represent Bennett on appeal. Bennett was allowed 21 days within which to file objections to the Repoort and Recommendation. The Court adopts the Appellate Commissioners Report and Recommendation infull. Appellant Bennett is denied permission to represent himself on appeal. New counsel will |

APPEAL, CLOSE

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CRIMINAL DOCKET FOR CASE #: 8:03-cr-00025-AHS All Defendants

Case title: USA v. Bennett, et al                          Date Filed: 01/29/2003
Other court case number: 3:03-mj-00238 INTERIN          Date Terminated: 01/26/2007

| Date Filed | # | Docket Text |
|---|---|---|
| 11/20/2007 | 404 | TRANSCRIPT filed as to James Davis Bennett for dates of 05/13/05 before Judge Alicemarie H Stotler, Court Reporter: Debbie Gale. (ln) (Entered: 11/20/2007) |
| 10/24/2007 | 403 | TRANSCRIPT filed as to Steven Brian Rogers for dates of 01/26/07 before Judge Alicemarie H Stotler, Court Reporter: Deborah D Parter. (ln) (Entered: 11/02/2007) |
| 10/15/2007 | 402 | TRANSCRIPT DESIGNATION AND ORDERING FORM as to James Davis Bennett, for Dates: Date format: YY-MM-DD: 03-01-31; 03-02-03; 03-02-10; 03-02-18; 03-03-17; 03-06-09; 03-08-27; 03-12-15; 04-01-12; 04-01-26; 04- 02-09; 04-02-23; 04-10-04; 04-10-25; 04-11-08; 04-12-13; 05-05- 13; 05-07-25; 05-09-07; 05-09-26; 05-10-03; 05-10-31; 05-11-08; 05-11-10; 05-11-15; 05-11-16; 05-11-17; 05-11-22; 05-11-23; 05- 11-29; 05-11-30; 05-12-01; 05-12-06; 05-12-12; 05-12-14; 05-12- 15; 06-01-04; 06-01-10; 06-03-24; 06-04-21; 06-05-19; 06-10-06; 06-10-16; 07-01-26.; Court Reporter: Tape Services, Kathleen Haaland, Walter Ledge, Debbie Gale, Theresa Lanza, Leslie King, Deborah Parker, Lisa Gonzalez, Pat Ciep, Nancy Smith-Wells, Jennifer Lewis, Sharon Seffens.; Court of Appeals Case Number: CA 06-50580; Re: Notice of Appeal to USCA - Final Judgment, 319 (Trevino, Phillip) (Entered: 10/15/2007) |
| 09/07/2007 | 400 | ORDER of USCA filed as to James Davis Bennett re Notice of Appeal to USCA - Final Judgment, 319, CCA #06-50580. The motion of James M. Crawford, to be relieved as counsel for appellant is granted. New counsel will be appointed by separate order. The Clerk shall serve a copy of this order by facsimile transmission on Sean K. Kennedy, Federal Public Defender (FAX: (213) 894-0081), who will locate appointed counsel. The district court shall provide this court with the name and address of appointed counsel by facsimile transmission (FAX: (415) 355-8111) within 14 days of locating counsel. New counsel shall designate the reporter's transcript by 10/15/07. The transcript is due 12/17/07. The briefing schedule has been set. Order received in this district on 9/10/07. (car) (Entered: 09/11/2007) |
| 08/17/2007 | 401 | TRANSCRIPT filed as to James Davis Bennett for dates of 12/06/05 before Judge Alicemarie H Stotler, Court Reporter: ECRO. (ln) (Entered: 09/13/2007) |
| 07/20/2007 | 398 | TRANSCRIPT filed as to James Davis Bennett for dates of 2/9/04 before Judge Alicemarie H. Stotler, Court Reporter: Leslie A. King. (ml) (Entered: 07/23/2007) |
| 07/19/2007 | 399 | TRANSCRIPT filed as to James Davis Bennett for dates of 10/06/06 before Judge Alicemarie H Stotler, Court Reporter: Sharon A Seffens. (ln) (Entered: 07/24/2007) |
|  |  |  |

## EXHIBIT M

**Contents:**

> -Defendant Trevino's letter admitting he "possess no order"
> specifically appointing him or identifying the scope of
> his representation.

telephone: (213) 949-8000
facsimile: (978) 383-7775

# **Phillip A. Treviño**

*Attorney at Law*

137 N. Larchmont Blvd., #801
Los Angeles, California 90004
January 9, 2008

Mr. James Davis Bennett
Reg. No. 32589-112
FCI Safford
Federal Correctional Institution
P.O. Box 9000
Safford, AZ   85548
**Attorney-Client Mail**

In re: *Your most recent letter*

Dear Mr. Bennett:

I write in response to your most recent letter dated January 2, 2008, in which you request anew that I forward a copy "of the District Court Order" appointing me as your counsel.   Please see my letter dated November 9, 2007, by which I transmitted to you the Ninth Circuit docket wherein the fact of my appointment is noted.   As previously indicated, I possess no order of the sort you seem to believe exists.

You also inquire in your current letter concerning the scope of my appointment.   Please see my two letters dated September 26, 2007, in which I clearly indicate the scope of my appointment is only for your direct appeal.

You should have recently received a copy of the motion I filed asking the district court to dismiss your lawsuit as to me.   It appears the Court has already granted the relief I requested, and I enclose a copy of that order for your review.   You should have received this previously from the court, but since you served me with a summons despite the issuance of this order perhaps you did not.

As always, I look forward to hearing from you.

Sincerely,

Phillip A. Treviño

Enclosure: A/S
PT:op

## EXHIBIT N

**Contents:**

-Defendant Shaw's Default Judgment

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA DEC 20 PM 1:09

| | |
|---|---|
| James Davis Bennett, | Case No.: 3:07-cv-05686-CRB |
| Plaintiff, | Hon. Charles R. Breyer |
| vs | Submission to the Clerk of the Court for filing of Default, Default Judgment and Affidavit in support thereof as Mandated by Federal Rules of Civil Procedures Rule 55(a) & 55(b)(1); Filing requested under 28 USC 951- Clerks Sworn Duties. |
| Peter L. Shaw, | |
| Defendant, | |

### AFFIDAVIT IN SUPPORT OF DEFAULT

1. I James Davis Bennett do hereby declare that I have

effected service upon Defendant Peter L. Shaw in a manner

prescribed pursuant to Federal Rules of Civil Procedures Rule

4 and California Code of Civil Procedures Section 415.20 and

that the Defendant herein named has failed to served an answer

to the Pleadings within the time mandated by Federal Rules of

Civil Procedures Rule 12(a) therefore I submit to the Clerk of

the above Court for filing of this Affidavit in Support of Default,

the Default, and the Default Judgment. Judgment Amount is One

Hundred Twenty Five Million Dollars.

I hereby certify that the annexed
instrument is a true and correct copy
of the original issued in my office.
ATTEST:
    RICHARD W. WIEKING
Clerk, U.S. District Court
Northern District of California
By _____
Date ____/____/____  Deputy Clerk

Verified this 3rd Day of December 2007,

Signed: _____
              James Davis Bennett

-1-

## DEFAULT

2. Federal Rules of Civil Procedures Rule 55(a) mandates that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."

3. As supported by the Affidavit appearing in paragraph one the Defendant has failed to plead or defend therefore the Plaintiff submits this default for filing to indicate that the Defendant has failed to plead or defend to Plaintiff's Complaint and therefore stands in default this 3rd Day of December 2007.

4. Federal Rules of Civil Procedures Rule 55(b)(1) mandates that a Judgment by default may be entered "By the Clerk". "When the Plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the Plaintiff and upon affidavit of the amount due shall enter judgment for that amount and cost against the defendant, if the defendant has been defaulted for failure to

appear and is not an infant or incompetent person.

5. The Defendant is not an infant or an incompetent person

therefore Plaintiff James Davis Bennett requests the Clerk of the

Court file this Default Judgment in the amount of One Hundred Twenty

Five Million Dollars in favor of the Plaintiff as is supported by the

Affidavit presented in paragraph one above.


                              Dated this 3rd Day of December 2007,


                              By:
                                 James Davis Bennett/Reg#32589-112
                                 PCI Safford
                                 P.O. Box 9000
                                 Safford, AZ 85548