1  JOSEPH P. RUSSONIELLO (CSBN 9990)
   United States Attorney
2  JOANN M. SWANSON (CSBN 88143)
   Chief, Civil Division
3  Assistant United States Attorney

4       450 Golden Gate Avenue, 9th Floor
        San Francisco, California 94102-3495
5       Telephone:    (415) 436-7200
        Facsimile:    (415) 436-6927
6       Email:        joann.swanson@usdoj.gov

7  Attorneys for Federal Defendant Commissioner Peter L. Shaw

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11 JAMES DAVIS BENNETT,              )    No. C 07-05686 CRB (PR)
                                     )
12                    Plaintiff,     )
                                     )
13         v.                        )    **NOTICE OF MOTION AND MOTION
                                     )    TO DISMISS COMPLAINT PURSUANT
14 PETER L. SHAW, PHILLIP A. TREVINO,)    TO 28 U.S.C. § 1915A**
                                     )
15                                   )    Date: Not Applicable
                    Defendants.      )    Time: Not Applicable
16 _____  )

17                    **I.  INTRODUCTION**

18        Federal Defendant Peter L. Shaw, Appellate Commissioner for the Circuit Court of

19 Appeals for the Ninth Circuit, will and hereby does move this Court for an order dismissing this

20 the action with prejudice pursuant to the screening procedures set forth in 28 U.S.C. § 1915A.

21 Specifically, the Court lacks subject matter jurisdiction over any claim for money damages

22 against Commissioner Shaw because he is immune from suit.  Moreover, for the reasons set forth

23 in Co-defendant Phillip Trevino's Motion to Dismiss, plaintiff has not and cannot state a claim

24 against the Commissioner based on plaintiff's conviction, incarceration or appeal.

25        On November 16, 2007, the Court ordered that "[n]othing further will take place in this

26 matter until the prisoner complaint is screened pursuant to 28 U.S.C. § 1915A(a)."  To date, the

27 Court has not determined that the complaint may proceed.  Despite the Court's November 2007

28 order and despite the fact that it has not authorized this case to go forward, Plaintiff James Davis

Bennett (Bennett), a prisoner at the Federal Correctional Institution in Safford, Arizona, has continued to seek a default and or judgment against defendant.  For that reason, Commissioner Shaw is filing this motion.

This motion is based 28 U.S.C. § 1915A, and Co-defendant Phillip Trevino's December 31, 2007 Motion to Dismiss, Memorandum of Points and Authorities and Exhibits (Trevino Motion).

## II.  ISSUES TO BE DECIDED

Whether the complaint should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A because Commissioner Shaw is entitled to absolute immunity from suit.

Whether the complaint should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A because it is frivolous and plaintiff cannot state a claim against Commissioner Shaw.

## III.  RELIEF SOUGHT

Defendant asks that the Court dismiss the action with prejudice.

## IV.  STATEMENT OF FACTS

This lawsuit arises out of Bennett's criminal conviction and his pending appeal of that conviction.  *See United States v. Bennett*, CR 03-25 AHS (C.D. Cal.) and *United States v. Bennett*, CA 09-50580; *see also* Trevino Motion at 2 - 7 and Exhibits A - D, I.[1]  Plaintiff was convicted of multiple counts of bank and wire fraud in violation of 18 U.S.C. §§ 1343m 1344 and 2(b).  *See* Exhibit A (district court docket for criminal case) to Trevino Motion.  Plaintiff appealed.  Pursuant to the Ninth Circuit's General Order 6.3(e), Defendant Shaw, Appellate Commissioner for the U.S. Court of Appeals for the Ninth Circuit Court, was requested to evaluate whether plaintiff was judicially authorized to proceed pro se before the Circuit.  On April 27, 2007, Commissioner Shaw filed his Report and Recommendation.  *See* Exhibit B.  On June 8, 2007, the Ninth Circuit issued an order adopting Commissioner Shaw's Report and Recommendation.  *See* Exhibit C; see also Exhibit J (December 24, 2007 Order from the Ninth Circuit denying Bennett's request to have Commissioner Shaw removed from further

---

[1]  The exhibits are judicial documents and Commissioner Shaw requests that the Court take judicial notice of the documents pursuant to Fed. R. Evid. 201.

1    participation in this matter and ordered plaintiff's various pro se submissions denied ).

2    ## V.  COMMISSIONER SHAW IS ENTITLED TO ABSOLUTE IMMUNITY.

3    **A.    The Legal Standard**

4    Federal judges are absolutely immune from suits seeking damages for acts performed in

5    their judicial capacities.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Ashelman v. Pope*, 793 F.2d

6    1072, 1074 (9th Cir. 1986) (en banc).  Judicial immunity is a complete immunity from suit, and

7    not simply a protection from ultimate assessment of damages but also extends to actions for

8    declaratory, injunctive, and other equitable relief.  *Moore v. Breasted*, 96 F.3d 1240, 1243-44

9    (9th Cir. 1996); *Mullis v. United States Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1388

10   (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*), *cert. denied*, 486 U.S. 1040

11   (1988); *Bolin v. Story*, 225 F.3d 1234, 1240-41 (11th Cir. 2000) (citing cases).

12   Further, judicial immunity applies regardless of how injurious the consequences of the act

13   may have been and irrespective of the judge's claimed motivation.  *Harvey v. Waldron*, 210 F.3d

14   1008, 1012 (9th Cir. 2000).  Neither do claims of conspiracy negate judicial immunity.  *Moore v.*

15   *Breasted*, 96 F.3d at 1243-44; *Ashelman v. Pope*, 793 F.2d at 1078.

16   Since the immunity is absolute, the focus of any case against a judge is whether he or she

17   was acting in a judicial capacity.[2]  Whether an act by a judge is a judicial one relates to (1) the

18   nature and function of the act and not the act itself, *i.e.*, whether it is a function normally done by

19   a judge, and to (2) the expectations of the parties, <u>i.e.</u>, whether they dealt with the judge in his

20   judicial capacity.  *Mireles v. Waco*, 502 U. S. 9, 11- 13 (1991) (judges' direction to court officers

21   to forcibly bring person before him is function normally performed by judge and taken in aid of

22   judge's jurisdiction over matter before him); *see also Atkinson-baker & Associates, Inc. v. Kolts*,

23   7 F.3d 1452 (9th Cir. 1993) (judge absolutely immune for decision to bar court reporter from

24   continuing to provide services in case over which judge served as special master since the

25   _____

26   [2]  There are some restrictions to this doctrine.  For example, a judge is not absolutely
     immune for acts performed in an administrative capacity, such as hiring and firing employees,
27   rather than in a judicial capacity.  *Forrester v. White*, 484 U.S. 219, 228 (1988). Neither is a
     judge immune from prosecution for criminal conduct.  *O'Shea v. Littleton*, 414 U.S. 488, 503
28   (1974).  None of those restrictions, however, are applicable here.

decision was a judicial act).  Other factors in determining whether a particular act is judicial include whether: (1) the events occurred in the judge's chambers, (2) the controversy centered on a case then pending before the judge, and (3) whether the events arose directly and immediately out of a confrontation with the judge in his or her official capacity.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001).  *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (immunity extends to at least persons performing functions of judges, prosecutors, trial witnesses, and jurors).

**B.    Commissioner Shaw Was Carrying out Judicial Functions and is therefore Entitled to Judicial or Quasi-judicial Immunity.**

Commissioner Shaw's activities are part of the judicial process itself and are clearly entitled to absolute immunity.  For example, Commissioner Shaw is employed by the Court of Appeals for the Ninth Circuit, which  referred the matter to him for recommendations pursuant to its General Order 6.3(e), which authorized him to confirm "that appellant's intention to proceed pro se and waiver of his right to counsel are knowing, intelligent, and unequivocal."  Exh. C at 1. Commissioner Shaw issued his report and recommendations.  Exh. B.  Bennett objected to those recommendations.  The Ninth Circuit considered Bennett's objections, which it rejected, and adopted defendant's report and recommendations.  Exh. C.  Every step in Commission Shaw's actions is integral to and part of the judicial process.  Accordingly, he is absolutely immune from suit by Bennett.[3]

**VI.  PLAINTIFF CANNOT STATE A CLAIM AGAINST COMMISSIONER SHAW**.

Aside from the fact that Commission Shaw is immune from suit by Bennett, it is also clear that he cannot state a constitutional claim against the Commissioner under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  First, as Co-defendant Trevino points out, Bennett does not have a constitutional right to proceed pro se on direct appeal.  *See* Trevino Motion at 11-12.  *See also Martinez v. Court of Appeal*, 528 U.S. 152, 163 (2000).

---

[3]  As noted in Trevino's Motion, plaintiff has repeatedly attempted to file *Bivens* actions against other judges and public officials.  Attached as Exhibit G to Trevino's Motion is an order from the District Court for the District of Columbia dismissing one such action.  The court's discussion of judicial immunity in that case is at pages 3-5.

1    Second, as Co-defendant Trevino also pointed out, Bennett's claims would be barred the

2  *Heck* rule, which bars damages claims in civil rights actions that would imply the invalidity of

3  the jury verdict.  In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in

4  order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other

5  harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42

6  U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

7  appeal, expunged by executive order, declared invalid by state tribunal authorized to make such

8  determination, or called into question by a federal court's issuance of a writ of habeas corpus."

9  *Heck*, 512 U.S. at 486-87.  *Heck* applies in cases brought under *Bivens v. Six Unknown Named

10  *Agents*, 403 U.S. 388 (1971), as well as cases under 42 U.S.C. § 1983.  *See Martin v. Sias*, 88

11  F.3d 774, 775 (9th Cir. 1996).  When a prisoner seeks damages in a civil rights action, the district

12  court must therefore consider whether a judgment in favor of the plaintiff would necessarily

13  imply the invalidity of his conviction or sentence; if it would, the claim must be dismissed unless

14  the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Heck*,

15  512 U.S. at 487.

16    As stated in his complaint, the subject of this Bivens action is "Plaintiff's appeal of his

17  sentence. . . ."  Complaint, at ¶ 2. Bennett's connection has not been reserved or expunged.  This

18  action is therefore barred by *Heck*, moreover, as noted in the Trevino Motion, courts have

19  previously rejected similar attempts by plaintiff.  See Exh. G at 5-7.

20  **VII.  THIS ACTION SHOULD BE DISMISSED UNDER 28 U.S.C. § 1915A**.

21  Section 1915A(b) states,

22    (b) Grounds for dismissal. – On review, the court shall identify cognizable claims
     or dismiss the complaint, or any portion of the complaint, if the complaint –
23
24    (1) is frivolous, malicious, or fails to state a claim upon which relief may be
     granted; or

25    (2) seeks monetary relief from a defendant who is immune from such relief.

26    Plaintiff's complaint is subject to dismissal on both grounds.  First, it frivolous, malicious

27  and fails to state a claim upon which relief can be granted.  As set out in the Trevino Motion,

28  plaintiff has repeatedly attempted to sue various public officials individually.  Those efforts have

been unsuccessful for reasons clearly outlined in by the District of Columbia's decision dismissing plaintiff's complaint against the Honorable Alice Marie Stotler. *See* Exh. G. Moreover, because plaintiff has no constitutional right to appear pro se in his appeal and because any judgment would be barred by *Heck*, plaintiff has not and cannot state a claim upon which relief can be granted against Commissioner Shaw.

Second, as set forth above, Commissioner Shaw is entitled to absolute judicial immunity.

### VIII.  CONCLUSION

Appellate Commissioner Shaw requests the Court to dismiss this action with prejudice pursuant to 28 U.S.C. § 1915A.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: February 4, 2008                          /S/
JOANN M. SWANSON
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers.  The undersigned further certifies that she is causing a copy of the following:

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

to be served this date upon the party in this action by placing a true copy thereof in a sealed envelope, and served as follows:

  X    FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____   CERTIFIED MAIL (# ) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

_____   PERSONAL SERVICE (BY MESSENGER)

_____   FEDERAL EXPRESS via Priority Overnight

_____   EMAIL

_____   FACSIMILE (FAX)

to the party(ies) addressed as follows:

James Davis Bennett, Pro Se
FCI Safford, Reg. #32589-112
P.O. Box 9000
San Francisco, CA 85548

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this February 4, 2008 at San Francisco, California.

_____/s/_____
LILY HO-VUONG
Legal Assistant