IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES DAVID BENNETT,  )  )  Plaintiff(s),  )  )  vs.  )  )  PETER L. SHAW, et al.,  )  )  Defendant(s).  )  ) | No. C 07-5686 CRB (PR)  ORDER OF DISMISSAL  (Docs # 4, 10 & 15) |

    Plaintiff, a prisoner at the Federal Correctional Institution in Safford, Arizona, has filed a pro se civil rights complaint for damages under <u>Bivens v. Six Unknown Agents</u>, 403 U.S. 388 (1971), alleging violations of his constitutional rights at the hands of Ninth Circuit Appellate Commissioner Peter L. Shaw and Ninth Circuit-appointed appellate counsel Phillip A. Trevino. Specifically, plaintiff objects to Shaw's report and recommendations to the Ninth Circuit that it deny plaintiff's request to proceed pro se in his pending criminal appeal, and to Trevino's representation of plaintiff in the appeal.

I.

    Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under Bivens, and its progeny, plaintiff must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) (42 U.S.C. § 1983 and Bivens actions are identical save for replacement of state actor under § 1983 by federal actor under Bivens).

III.

Plaintiff's Bivens action against Shaw and Trevino must be dismissed under 28 U.S.C. § 1915A(b).

1.

It is well-established that a federal judge is absolutely immune from civil liability for acts performed in his judicial capacity and, unlike the judicial immunity available to state judges sued under 42 U.S.C. § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief. See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under Bivens). This is because if a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code. See id.

/

Pursuant to the Ninth Circuit's General Order 6.3(e), Shaw was requested to evaluate whether plaintiff was judicially authorized to proceed pro se in his criminal appeal before the Ninth Circuit. On April 27, 2007, Shaw filed his report and recommendation and, on June 8, 2007, the Ninth Circuit issued an order adopting Shaw's report and recommendation. Shaw is entitled to absolute immunity from suit under the rationale of Mullis. It matters not that he is not an Article III judge because the action at issue is functionally comparable to the type of decision made by a judge. See Miller v. Gammie, 335 F.3d 889, 895-97 (9th Cir. 2003) (judicial immunity extends to individuals performing functions necessary to judicial process; action must be one taken while performing duty functionally comparable to one for which officials were immune at common law).

2.

It is well-established that an attorney is not transformed into a federal actor for purposes of a Bivens action simply because he is appointed by a federal court to represent a criminal defendant. See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981) (holding that appointed counsel are not state actors for purposes of § 1983); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) (applying same analysis to both Bivens and § 1983 actions). Plaintiff cannot state a Bivens action against Trevino based on Trevino's court-appointed representation of plaintiff on plaintiff's criminal appeal. See id.

/
/
/
/

3

|   |   |
|---|---|
| 1 | IV. |
| 2 | For the foregoing reasons, the complaint is DISMISSED under the |
| 3 | authority of 28 U.S.C. § 1915A(b). |
| 4 | The clerk shall enter judgment in accordance with this order, terminate all |
| 5 | pending motions (docs # 4, 10 & 15) as moot, and close the file. |
| 6 | SO ORDERED. |
| 7 | DATED:  February 11, 2008 |
| 8 | CHARLES R. BREYER<br>United States District Judge |

G:\PRO-SE\CRB\CR.07\Bennett, J1.or2.wpd          4