1. James Davis Bennett, Pro Se
   FCI Safford
2. P.O. Box 9000
   Safford, AZ 85548
3.
4.
5.
6.
7.
8.

FILED

CO JUN 16 PM 1: 19

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

9.  JAMES DAVIS BENNETT,              )   Case No. 07-5686-CRB
                                      )
10.          Plaintiff,               )   Motion to Disqualify Judge
                                      )   Charles R. Breyer pursuant
11.          v.                       )   to 28 U.S.C. §§ 144 & 455(a)
                                      )
12. PETER L. SHAW, et al.,            )
                                      )
13.          Defendants.              )
                                      )
14. _____)

15.    November 8, 2007, the Plaintiff filed a Civil Right action
16. against Ninth Circuit Commissioner Peter L. Shaw alleging Gov-
17. ernment deprivation of rights. The case was assigned to the
18. Honorable Charles R. Breyer and was related to Chief Judge
19. Alicemarie H. Stotler's Central District of California Criminal
20. Case Number SA CR 03-0025(B)AHS. Plaintiff has filed a number
21. of Judicial Misconduct Complaints against the Honorable Alice-
22. marie H. Stotler to which Judge Breyer reviewed and voted on.
23. It is Judge Breyer's acquired knowledge related to the foundation
24. of the instant complaint, alone with other actions, that forms
25. the basis of the instant motion to disqualify.
26. //
27. //
28. //

-1-

1. **AFFIDAVIT OF PREJUDICE PURSUANT TO § 144**

2. This Affidavit is based on the Defendant's personal
3. knowledge related to Central District of California Criminal
4. Case Number SA CR 03-0025(B)AHS, Northern District of California
5. Civil Case Number 07-05686-CRB, and Judicial Complaints on file
6. against Central District of California Chief Judge Alicemarie H.
7. Stotler.

8. On November 8, 2005, the Plaintiff was tried on a <u>Second</u>
9. <u>Superseding Indictment</u> filed on September 7, 2005. In that trial
10. presiding Chief Judge, Alicemarie H. Stotler, orchestrated an
11. Indictment <u>Swapping</u> scheme used to increase and modify charges.
12. She, with the help and assistance of Assistant United States
13. Attorney Brett A. Sagel and court appointed attorney Michael S.
14. Meza, changed the initial charges and increased them from <u>12</u> to
15. <u>25</u>, presented them in a document they labeled the <u>Trial Indict-</u>
16. <u>ment</u>, then presented a verdict form returning verdicts in the
17. <u>Second Superseding Indictment</u>; the indictment never presented or
18. reviewed by the jury. After irrelevant verdicts were returned
19. in the indictment never presented to the jury, the Judge
20. sentences the Plaintiff to ten years in prison on those verdicts
21. in an indictment never submitted.

22. Throughout 2006 and 2007 the Plaintiff submitted Judicial
23. Complaint Numbers 06-89068, 06-89118, and 07-89013 outlining the
24. illegal convictions and the related indictment swapping scheme.
25. Each one of the complaints were dismissed by then Chief Judge
26. of the Ninth Circuit Mary M. Schroeder. Each dismissal was
27. appealed to the Ninth Circuit Judicial Council to which the
28. Honorable Charles R. Breyer was a member. Each of the referenced

1. appeals were denied and thus supporting Judge Stotler's illegal
2. conviction scheme and Judge Breyer was a part of the governing
3. body with access to the documented evidence. He had an opport-
4. unity to review what was the evidence forming the foundation of
5. the Judicial Complaints which was the same evidence forming the
6. foundation of the Civil Complaint to which he was assigned. See
7. exhibit A-Judicial Council Members and exhibit-B criminal trial
8. transcript excerpts.

9. **CERTIFICATE OF GOOD FAITH**

10. Being the Defendant is the Criminal Case(#SA CR 03-0025(B)),
11. the Plaintiff in the Civil Case(#07-05685), and the Complaintant
12. in all of the Judicial Misconduct Complaints(#s 06-89068, 06-
13. 89118, and 07-89013), I certify the veracity of all allegations
14. appearing above and further certify that each statement is not
15. only true and correct, but can be personally verified through
16. reference to each of the records of all cases presented above.
17. Therefore, I certify that the Affidavit is made in good faith.

18. Signed: _____
James Davis Bennett
19.
Dated: 6·/0·08
20.

21. **MOTION TO DISQUALIFY PURSUANT TO SECTION 455**

22. Title 28, United States Codes, Section 455(a) states; "Any
23. justice, judge, or magistrate....of the United States shall dis-
24. qualify himself in any proceeding in which his impartiality might
25. reasonably be questioned."

26. As present above in the Affidavit, Judge Charles R. Breyer
27. has acquired information from sources external to the instant
28. civil complaint and in light of the declination of all of the

-3-

1. Judicial Complaint Appeals, which are based on the same evidence
2. as the Civil Complaint, one would have to assume that Judge
3. Breyer's decisions within the Civil action are somewhat tainted
4. by his participations in the Judicial Complaint Appeals.

5. **CONCLUSION**

6.     The prior exposure to the evidence presented in the Civil
7. action leaves the appearance that Judge Breyer could not make
8. unbais rulings in the Civil Complain . Therefore, he should
9. disqualify himself.

10.     Dated this 10th Day of June 2008,

11.     By:
      James Davis Bennett/Reg#32589-112
12.       FCI Safford
      Federal Correction Institution
13.       P.O. Box 9000
      Safford, AZ 85548

14. //

15. //

16. //

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.

## CERTIFICATE OF SERVICE

**CASE NUMBER:**  07-5686-CRB

**CASE NAME:**  James Davis Bennett vs. Peter L. Shaw, et al.

I certify that I have served the "Motion to Disqualify Judge Charles
R. Breyer..." on the parties below in a manner described:

| PARTY SERVED | METHOD OF SERVICE | DATE SERVED |
|---|---|---|
| Peter L. Shaw<br>95 Seventh Street<br>San Francisco, Ca.  94199 | in Default | N/A |
| Phillip A. Trevino<br>137 N. Larchmont #801<br>Los Angeles, Ca.  90004 | in Default | N/A |

_____
James Davis Bennett

6 · 10 · 08
_____
Date

**EXHIBIT A**

**OFFICE OF THE CIRCUIT EXECUTIVE**

## UNITED STATES COURTS FOR THE NINTH CIRCUIT

| | |
|---|---|
| 95 SEVENTH STREET | GREGORY B. WALTERS, CIRCUIT EXECUTIVE |
| POST OFFICE BOX 193939 | PHONE: (415) 355-8900 |
| SAN FRANCISCO, CA 94119-3939 | FAX: (415) 355-8901 |

TO:     Members of the Judicial Council of the Ninth Circuit:
        Circuit Judges Kozinski, Thompson, Graber, Wardlaw and Berzon,
        District Judges Breyer, Hatter, Molloy, Strand and Winmill

FROM:   Gregory B. Walters, *Circuit Executive*

DATE:   April 26, 2007

RE:     Petition for Review of Complaint of Judicial Misconduct
        No. 07-89013

        Pursuant to Chapter III of the Rules of the Judicial Council Governing
Complaints of Judicial Misconduct or Disability, enclosed is a petition for review
of Chief Judge Schroeder's order of dismissal in the above complaint.

        A copy of the file in this matter is also enclosed.  Please return your
completed ballot by May 17, 2007.  You may keep the file materials in your office
or destroy them.

GBW/gb
Encls.
cc: Complainant

## EXHIBIT B

DATE/PAGE                              DESCRIPTION

November 8, 2005-page 37.....US Attorney tells the jury he will pres-
                             ent 26 properties while the indictment
                             contained only 12.

December 15, 2005-page 30-31.The Courts appointed attorney and the court
                             court discuss uncharged counts and
                             charges.

December 15, 2005-page 59-60.The Court tells the parties that the
                             Trial Indictment she created to pre-
                             sent the uncharged counts did not
                             exist and there was no such thing.

January 4, 2006-page 3.......The Court tels the jury that she was
                             submitting the Trial Indictment with
                             increased charges instead of the Se-
                             cond Superseding Indictment.

January 10, 2006-page 7......The Court reads the verdict in the in-
                             dictment never presented to the jury
                             and which the verdict forms were in-
                             tentionally created to deceive the
                             jury and the Defendant; the Second
                             Superseding Indictment.

October 6, 2006-page 16......The Defendant confronts the Judge with
                             her fraud by telling her he realized
                             which had switch charges and indictments.

October 6, 2006-page 9.......Defendant requests the Court produce all
                             verdict forms associated with the con-
                             cealed and fraudulent counts in the
                             Trial Indictment. The Court refuses.

DATE 11/8/05

1   DEFENDANT'S WRITING ON THEM.  THEY'RE ALL IN RED INK.  YOU
2   WILL HEAR THAT ONE PERSON WROTE EVERYTHING IN RED AND ALL
3   THE WRITING IN RED IS ONE PERSON, THE DEFENDANT.  THESE TURN
4   COST SHEETS ARE HANDWRITING THE PROFIT HE MADE ON THESE
5   TRANSACTIONS AND THE PROFITS SOMEONE ELSE DESERVES FOR
6   HELPING HIM WITH THESE.

7            AND FINALLY, YOU WILL SEE THE CHECKS.  YOU WILL
8   SEE THE CHECKS THAT ARE WRITTEN BY THE DEFENDANT, SIGNED BY
9   THE DEFENDANT AND GIVEN OUT BY THE DEFENDANT FROM HIS OWN
10  ACTS, PAYING PEOPLE OFF.  PAYING THE FIRST SELLERS OFF.
11  PAYING THE PEOPLE WHO HELPED HIM FLIP THE PROPERTIES AND
12  KEEPING MONEY HIMSELF AND BUYING HIS OWN STUFF FROM THOSE
13  ACTS.

14           THROUGHOUT THE TRIAL, YOU WILL SEE AND HEAR
15  EVIDENCE REGARDING AT LEAST 26 PROPERTIES THAT DEFENDANT WAS
16  RESPONSIBLE FOR FLIPPING.  ALL 26 OF THESE WILL BE MULTIUNIT
17  PROPERTIES IN THE LONG BEACH AND LOS ANGELES AREAS.  I'M
18  GOING TO GIVE YOU AN EXAMPLE OF ONE SUCH FLIP AND SHOW YOU
19  SOME OF THE DOCUMENTS THAT WERE USED IN ONE SUCH FLIP.
20  THAT'S THE SECOND ONE ON THE CHART:  760 EAST 43RD
21  ORIGINALLY OWNED BY ALFREDO AND SARA CHAVEZ TO JEANNETTE
22  BROWN, THE DEFENDANT'S MOTHER, FOR $177,000.  ON THAT EXACT
23  SAME DAY, IT WAS SOLD FOR $275,000 TO WILLIAM ROGERS WITH A
24  LOAN FROM MORTGAGE PORTFOLIO FOR $233,750 TO FUND THE
25  TRANSACTION.

DATE 12/15/05                                          30

1       SO I THINK THAT THE JURY HAS TO BE INSTRUCTED ON

2   THE DISTINCTION BETWEEN WHAT WIRE FRAUD MEANS AS IT RELATES

3   TO THE FIRST TEN COUNTS -- ACTUALLY, COUNTS ONE THROUGH

4   FOUR -- HOW IT IS MODIFIED IN COUNT TWELVE.

5       SO, I WOULD SUGGEST THAT, JUST BY WAY OF AN

6   ALTERNATIVE, IS THAT ON PROPOSED INSTRUCTION 37, THAT THE

7   JURY SHOULD BE INSTRUCTED THAT THEY CAN CONSIDER THAT

8   INSTRUCTION ONLY AS IT RELATES TO COUNTS ONE THROUGH TEN.

9       THE COURT:  IN OTHER WORDS, A PERSON MAY BE FOUND

10  GUILTY OF WIRE FRAUD OR BANK FRAUD AS CHARGED IN COUNTS ONE

11  THROUGH TEN EVEN IF DEFENDANT DID NOT PERSONALLY COMMIT THE

12  ACT, ET CETERA.

13      MR. MEZA:  YES.  OF COURSE, WHERE IT GETS

14  CONFUSING -- WELL, MAYBE, IT'S NOT SO CONFUSING.

15      NOW, AS IT RELATES TO COUNT -- AS IT RELATES TO

16  INSTRUCTION -- PROPOSED INSTRUCTIONS 40 AND 41, THE ANALYSIS

17  SHIFTS.  FIRST, THE ANALYSIS REALLY DEPENDS ON WHAT THE

18  GOVERNMENT'S INTENT IS IN PROVING COUNT TWELVE.  YESTERDAY,

19  THE GOVERNMENT INDICATED THAT IN THE INTEREST OF MAKING

20  THINGS EASIER THAT THEY WERE GOING TO RELY ON ALL -- ON THE

21  MAIL FRAUD THEORY OF LIABILITY FOR ALL 25 COUNTS.

22      THE COURT:  I SAID IT THAT WAY BUT IT'S RATHER 15,

23  I THINK.

24      MR. MEZA:  OKAY.  ALL RIGHT.  I THINK THE

25  GOVERNMENT ACTUALLY SAID THAT BUT, HOWEVER --

APPOINTED
ATTORNEY

DATE 12/15/05                                                    31

1           THE COURT:  THAT MAY BE TRUE.  I THINK THE POINT

2    IS IS THAT THE 15 NONCHARGED PROPERTY TRANSACTIONS ARE

3    SUPPOSED TO BE WRAPPED INTO COUNT TWELVE ON THE MAIL FRAUD

4    THEORY.

5           MR. MEZA:  YES.  AND I UNDERSTOOD THE GOVERNMENT

6    TO SAY THAT THEY WERE GOING TO RELY ON MAIL FRAUD FOR ALL 25

7    PROPERTIES, BUT I COULD BE MISTAKEN ON THAT.  AND THEY HAVE

8    CHANGED THEIR MIND SINCE THIS THEN.

9           THE COURT:  ACTUALLY, THAT'S HOW I SAID IT,

10   BECAUSE I THINK THAT'S WHAT I THOUGHT I HEARD THEM SAY AS

11   WELL, BUT THAT'S NOT NEITHER HERE OR THERE.  WHAT ARE YOUR

12   OBSERVATIONS?

13          MR. MEZA:  MY OBSERVATIONS ARE THAT, AS IT RELATES

14   TO COUNTS ONE THROUGH -- WELL, BACK UP.  AS IT RELATES TO

15   THE BANK FRAUD COUNTS, I THINK TO THE EXTENT THAT THOSE

16   PROPERTIES ARE COVERED IN COUNT TWELVE, I THINK THE 1344

17   BANK FRAUD REQUIREMENT OF 225 IS OTHERWISE MET.  SO, FOR

18   EXAMPLE, IF THE JURY WERE TO RETURN A VERDICT OF GUILTY ON

19   ANY OF THE BANK FRAUD COUNTS, THE SUBSTANTIVE COUNTS, THEN I

20   THINK THAT WE COULD CLEARLY RELY ON THAT VERDICT AND COUNT

21   THAT PROPERTY IN COUNT TWELVE.  BUT THE SAME ANALYSIS

22   DOESN'T HOLD FOR THE FIRST FOUR COUNTS IN -- BECAUSE, AGAIN,

23   THE JURY COULD FIND THE DEFENDANT GUILTY OF WIRE FRAUD ON

24   THE FIRST FOUR COUNTS AND NOT BE ABLE TO INCLUDE THOSE FOUR

25   COUNTS IN COUNT TWELVE IN THE COUNT TWELVE PROPERTIES,

DATE 12/15/05                                              59

```
 1   GOVERNMENT'S ARGUMENT REGARDING COUNT TWELVE, THE THEORIES
 2   WE SHOULD BE PERMITTED TO ARGUE.
 3             THE COURT:  ALL RIGHT.  LET'S TAKE A LOOK AT THIS
 4   VERDICT FORM THAT CAME BACK TO US THAT HAS THE COUNTS
 5   GROUPED ONE TO FOUR, FIVE TO TEN AND THEN COUNT TWELVE, THE
 6   GENERAL VERDICT, WHICH I KNOW DEFENDANT'S OBJECTION IS
 7   PRESERVED, TOO.
 8             ANYTHING ELSE THAT THE PARTIES WANT TO ADD ABOUT
 9   THIS VERDICT?
10             I'M ABOUT TO PART WITH IT AND GIVE IT TO THE
11   CLERK.
12        (PAUSE.)
13             THE COURT:  THE CLERK SIMPLY POINTS OUT THAT YOU
14   ARE REFERENCING A SECOND SUPERSEDING INDICTMENT THAT IS NOT
15   GOING TO BE BEFORE THE JURY.  I HAVE MODIFIED THE JURY
16   INSTRUCTIONS TO MAKE IT CLEAR THAT WHEN WE REFERENCE THE
17   SECOND -- WHEN WE SAY "INDICTMENT," WE ARE REFERENCING THE
18   SECOND SUPERSEDING INDICTMENT, BUT THAT IS NOT WHAT IS
19   ACTUALLY GOING TO BE IN FRONT OF THE JURY.  I DON'T KNOW IF
20   THAT'S A PROBLEM OR NOT.  BUT OTHER THAN THAT, HOW ABOUT THE
21   VERDICT FORM WITH DEFENDANT'S SIDE?
22             ANYTHING ELSE TO BE ADDED BY WAY OF OBJECTION TO
23   THIS CURRENT VERSION?
24             MR. MEZA:  NO, YOUR HONOR.
25             THE COURT:  ALL RIGHT.  THANK YOU.
```

*DEBORAH D. PARKER, U.S. COURT REPORTER*

DATE 12/15/05

60

UNITED STATES
ATTORNEY

1        → MR. SAGEL, WAS THERE ANYTHING YOU WANTED TO ADD?

2         MR. SAGEL:  NO.  ACTUALLY, YOUR COURTROOM DEPUTY

3 MAKES A GOOD POINT.  I WOULD PROPOSE EVERYWHERE WHERE I HAD

4 IT AS "SECOND SUPERSEDING INDICTMENT," I ADDED THE WORD

5 "TRIAL."

6         THE COURT:  NO, YOU ARE NOT GOING TO DO THAT.  I'M

7 NOT GOING TO HAVE A JURY RETURNING VERDICTS ON SOME

8 NONEXISTENT DOCUMENT.  THERE IS NO SUCH THING AS A TRIAL

9 INDICTMENT.  SO YOU CAN EITHER HAVE YOUR DEMONSTRATIVE TRIAL

10 INDICTMENT.  I'LL CALL IT A TRIAL EXHIBIT OF THE SECOND

11 SUPERSEDING INDICTMENT.  I DON'T CARE WHAT YOU WANT TO DO.

12         MR. SAGEL:  THEN, I'M A LITTLE CONFUSED.  ARE YOU

13 IN YOUR INSTRUCTIONS -- AND I JUST SAW IT IN YOUR TENTATIVE.

14         ARE YOU USING THE WORD "SECOND SUPERSEDING

15 INDICTMENT"?

16         THE COURT:  ONLY ONCE.

17         MR. SAGEL:  OKAY.  I THOUGHT IT WAS SAYING YOU

18 WERE REPLACING THAT ONE.  IF THAT'S THE CASE, THEN I'M FINE

19 WITH IT.

20         THE COURT:  NO.  IN THE FIFTH INSTRUCTION PROPOSED

21 BY THE GOVERNMENT, I'M JUST MAKING IT CLEAR THAT THE SECOND

22 SUPERSEDING INDICTMENT REFERRED TO AS "INDICTMENT IN THESE

23 INSTRUCTIONS" -- AND THEN I DON'T HAVE TO GO THROUGH SECOND

24 SUPERSEDING INDICTMENT EVERY TIME I SAY THE WORD

25 "INDICTMENT" IN THE JURY INSTRUCTIONS.

DATE 1/4/06                                                 3

1    SANTA ANA, CALIFORNIA; WEDNESDAY, JANUARY 4, 2006; 9:00 A.M.

2                            -OOO-

3              THE COURT:  WE ARE RESUMING IN THE MATTER *UNITED*

4    *STATES VERSUS BENNETT.*

5              WE HAVE ALL JURORS, DEFENDANT, COUNSEL.  AND WE

6    RESUME THE INSTRUCTION OF THE JURY.

7              AND MEMBERS OF THE JURY, I DO ASSURE YOU THAT A

8    COPY OF MY INSTRUCTIONS WILL BE SUPPLIED TO YOU IN THE JURY

9    ROOM, WHAT WE COVERED YESTERDAY AND WHAT WE COVER TODAY.

10             THE SECOND SUPERSEDING INDICTMENT REFERRED --

11   EXCUSE ME, SUBMITTED TO YOU AS THE TRIAL INDICTMENT AND

12   REFERRED TO IN MY INSTRUCTIONS AS THE INDICTMENT CHARGES

13   THAT THE OFFENSES ALLEGED WERE COMMITTED ON OR ABOUT A

14   CERTAIN DATE.  ALTHOUGH IT IS NECESSARY FOR THE GOVERNMENT

15   TO PROVE BEYOND A REASONABLE DOUBT THAT THE OFFENSES WERE

16   COMMITTED ON A DATE REASONABLY NEAR THE DATE ALLEGED IN THE

17   INDICTMENT, IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE

18   THAT THE OFFENSE WAS COMMITTED PRECISELY ON THE DATE

19   CHARGED.

20             THE EVIDENCE IN WHICH YOU ARE TO DECIDE WHAT THE

21   FACTS ARE CONSISTS OF THE SWORN TESTIMONY OF ANY WITNESS,

22   THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE AND ANY

23   FACTS AS TO WHICH ALL THE LAWYERS MAY HAVE STIPULATED.

24             SOME EVIDENCE DURING TRIAL MAY HAVE BEEN ADMITTED

25   FOR A LIMITED PURPOSE ONLY.  IF I INSTRUCTED YOU THAT AN

*DEBORAH D. PARKER, U.S. COURT REPORTER*

DATE 1/10/06

7

```
 1              THE CLERK:  MS. BULLINGER?

 2              JUROR BULLINGER:  YES.

 3              THE CLERK:  MS. JANKOWSKI?

 4              JUROR JANKOWSKI-SOLIG:  YES.

 5              THE CLERK:  MS. ROLLER?

 6              JUROR ROLLER:  YES.

 7              THE COURT:  THE VERDICT IS UNANIMOUS, AND THE

 8   CLERK WILL ENTER THE VERDICT AS PRESENTED AND READ AS TO THE

 9   COUNTS OF THE SECOND SUPERSEDING INDICTMENT.

10              AT THIS TIME, THEN, MEMBERS OF THE JURY, IT

11   BECOMES MY PLEASURE AND PRIVILEGE TO THANK YOU FOR YOUR

12   SERVICE IN THIS CASE.  IT IS A CASE THAT'S TAKEN A

13   CONSIDERABLE AMOUNT OF YOUR TIME.  IT HAS BEEN AN

14   INTERESTING AND SOMEWHAT COMPLEX CASE.

15              AND I WANT TO THANK YOU FOR YOUR DEDICATION TO AND

16   SERVICE TO THE CENTRAL DISTRICT OF CALIFORNIA.  I THANK YOU,

17   ON BEHALF OF ALL THE JUDGES.  WE CANNOT HAVE A JURY SYSTEM

18   WITHOUT WILLING PARTICIPANTS, SUCH AS YOURSELVES, SO I THANK

19   YOU FOR YOUR TIME, YOUR DEVOTION AND DOING YOUR CIVIC DUTY.

20              WHEN I DISCHARGE YOU FROM SERVICE IN THIS CASE, IT

21   MEANS THAT YOU ARE RELEASED FROM THE COURT'S ADMONITION.

22   AND WHAT THAT MEANS IS IS THAT YOU MAY DISCUSS THIS CASE, IF

23   YOU WOULD LIKE TO, WITH ANY MEMBER OF YOUR FAMILY, YOUR

24   FRIENDS, OR ANYONE YOU CHOOSE.  BY THE SAME TOKEN, YOU ARE

25   NOT REQUIRED TO DISCUSS ANYTHING ABOUT THE CASE, IF YOU
```

DATE 10/6/06                                    16

1          THE COURT:  All right, anything else?

2          MR. BENNETT:  No.  If you could provide that

3  and -- that would be fine.

4          THE COURT:  Those are the issues that you may wish

5  to take up on the appeal.

6          Are you sure that you have told me any legal cause

7  why the sentence should not be pronounced or other

8  allocution?

9          MR. BENNETT:  To be totally honest with you, the

10 legal cause why the sentence should not be pronounced is for

11 all the foregoing reasons I have said, but, basically, I was

12 tried on violations that weren't returned by the Grand Jury.

13 The government brought in 25 counts, alleged at least three

14 violations of law per each count, which wasn't on the

15 Indictment.  You allowed it to happen.

16         You in turn instructed the jury to convict me on

17 counts that weren't in the Indictment, so, therefore, it's

18 in violation of the Fifth Amendment.  I have a right to be

19 tried on a Grand Jury indictment only.  You changed it with

20 Jury Instructions Nos. 5, 7, and 24, and in addition added

21 25 counts to Jury Instruction No. 26, so, therefore, there

22 is a clear absence of jurisdiction for any sentencing today.

23         THE COURT:  Does that conclude your statement?

24         MR. BENNETT:  Yes.

25         THE COURT:  All right.

1     that you allowed the government to bring in during trial --

2     if that never occurred, I don't think we would have a

3     problem either, but you did. You allowed 25 counts to come

4     in to this court, 25 counts. We only started off with 12

5     counts in the Indictment. Count 11 was dismissed. That

6     left us with Counts 1 through 10 and Count 12. I don't know

7     where the 25 counts came from.

8            I also do not know -- Jury Instruction or Court

9     Instruction No. 26, what are the properties and lenders that

10     Court instruction applies to.

11            So if you can answer those questions for me, and I

12     realize that you decline to provide me the verdict form on

13     all the charges. I would once again request the verdict

14     form just so we know exactly what we are doing here and just

15     so that I know exactly what happened.

16            THE COURT: Is there anything else?

17            MR. BENNETT: If you could tell me exactly what

18     the convictions were? The Court instructions were not --

19     did not match the Indictment, so I am trying to find out if

20     -- I just read your tentative on the sentencing. I am

21     trying to find out what are the charges you plan to sentence

22     me on? Is it going to be the indicted charges, or is it

23     going to be the charges that you told -- you gave

24     instructions to the jury on?

25            THE COURT: Let me advise you that you are

June 10, 2008

Attention: Richard W. Wieking
Clerk, U.S. District Court
Northern District of Calif.
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, Ca  94102

Ref: Case Number CV 07-5686-CRB

Dear Mr. Wieking:

    enclosed you will find a motion to disqualify Judge Charles
R. Breyer. Please make certain it is filed and processed through
your normal channels for such pleadings.

Thanks in Advance,

James Davis Bennett/Reg#32589-112
FCI Safford
Federal Correction Institution
P.O. Box 9000
Safford, AZ 85548




James Davis
FCI Safford
Federal Correction Institution
P.O. Box 9000
Safford, AZ 85548





7001 1940 0007 9507 4778

Attention: Richard W. Wieking
U.S. District Court
Northern District of California
450 Golden Gate Avenue
P.O. Box 36060
San Francisco, Ca.  94102